No. _____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/3/2025 4:01:27 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
for the Fifteenth District of Texas

*In re* **Synergy Global Outsourcing, LLC,**

*Relator.*

Original proceeding arising from the
First Business Court Division, Dallas County No. 24-BC01B-0007
*Hon. Bill Whitehill, Presiding*

**Record in Support of Petition for Writ of Mandamus**

David S. Coale
  State Bar No. 00787255
  dcoale@lynnllp.com
Michael K. Hurst
  State Bar No. 10316310
  mhurst@lynnllp.com
Gregory A. Brassfield
  State Bar No. 240799900
  gbrassfield@lynnllp.com

**Lynn Pinker Hurst &
Schwegmann, LLP**
2100 Ross Avenue
Suite 2700
Dallas, TX 75201

*Attorneys for Relator*

DATE: January 3, 2025

Respectfully submitted,

*/s/ David S. Coale*

David S. Coale
  State Bar No. 00787255
  dcoale@lynnllp.com
Michael K. Hurst
  State Bar No. 10316310
  mhurst@lynnllp.com
Gregory A. Brassfield
  State Bar No. 240799900
  gbrassfield@lynnllp.com
**Lynn Pinker Hurst & Schwegmann, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

*Attorneys for Relator*

## Certificate of Service

I hereby certify that on January 3, 2025, a true and correct copy of this Petition for Writ of Mandamus was forwarded to all counsel of record via the Electronic Service Provider pursuant to the Texas Rules of Appellate Procedure as follows:

Barry Barnett
**Susman Godfrey L.L.P.**
5956 Sherry Lane, Suite 2000
Dallas, Texas 75225
bbarnett@susmangodfrey.com

Ophelia Camiña
**Susman Godfrey L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
ocamina@susmangodfrey.com

Ravi Bhalla
**Susman Godfrey L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
rbhalla@susmangodfrey.com

Hon. Bill Whitehill
First Business Court Division
BCDivision1B@txcourts.gov

*/s/ David S. Coale*
David S. Coale

# DECLARATION OF DAVID COALE

1.      My name is David Coale.  My date of birth is June 24, 1968. My business address is 2100 Ross Ave, Suite 2700, Dallas, TX 75201. I am of sound mind and am capable of making this declaration. The  following facts are within my personal knowledge and are true and correct. My personal knowledge is based on my role as counsel for Appellant in this case at the relevant times.

2.      I have reviewed the record submitted in support of Realtor's petition for mandamus filed January 3, 2025. The court filings included in that record are true and correct copies of the originals filed with the 191st District Court as well as filings in the Business Court of Texas, 1st Division.

3.      Specifically, Documents 2, 3, 5 and 6 are filings by the parties before the business court, Document 1 is HGS Parties' Seventh Amended Answer and Counterclaims filed with the 191st District Court, and included in the removal record filed with the business court.  Documents 4 and 7 are orders issued by Judge Whitehill of the business court.

4.      I declare under the penalty of perjury that the foregoing is true and correct.
Executed in Dallas County, State of Texas, on January 3, 2025.


*/s/ David Coale*
David Coale

# Index

| Item | Pages | Date | Description |
|---|---|---|---|
| 1 | 1-37 | 04/26/23 | HGS Parties′ Seventh Amended Answer and Counterclaims |
| 2 | 38-129 | 10/01/24 | Notice of Removal to Business Court |
| 3 | 130-142 | 10/15/24 | Plaintiff's Briefing Regarding H.B. 19, Section 8 |
| 4 | 143-144 | 10/16/24 | Additional Briefing Notice |
| 5 | 145-152 | 10/23/24 | Plaintiff's Response to Court's October 16, 2024 Order Regarding H.B. 19, Section 8 |
| 6 | 153-164 | 10/23/24 | HGS Parties' Response to Synergy's Briefing Regarding H.B. 19, Section 8 |
| 7 | 165-175 | 10/31/24 | Opinion and Order |

No. DC-19-20539

| | | |
|---|---|---|
| SYNERGY GLOBAL OUTSOURCING, LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | DALLAS COUNTY, T E X A S |
| HINDUJA GLOBAL SOLUTIONS, INC., and HGS HEALTHCARE, LLC, | § § § § | |
| Defendants/Counter-Plaintiffs, v. | § § § | |
| ALI GANJAEI, | § § | |
| Counter-Defendant. | § | 191ST JUDICIAL DISTRICT |

## HGS PARTIES' SEVENTH
## AMENDED ANSWER AND COUNTERCLAIMS

Under Rules 92 and 97 of the Texas Rules of Civil Procedure, Defendants and Counter-Plaintiffs Hinduja Global Solutions, Inc. ("HGSI") and HGS Healthcare, LLC ("HGS Healthcare" and, together with HGSI, the "HGS Parties") answer Plaintiff's Second Amended Petition (the "Petition") and assert their counterclaims against Plaintiff and Counter-Defendant Synergy Global Outsourcing, LLC ("Synergy") and third-party Counter-Defendant Ali Ganjaei ("Ganjaei" and, together with Synergy, "Counter-Defendants") as follows:

## AMENDED ANSWER

### General Denial

1. Under Rule 92, the HGS Parties generally deny all material allegations in the Petition and demand strict proof of each of them.

## Affirmative Defenses

2.     Synergy's unclean hands bar its claims in whole or in part, including its quantum meruit claim and any other request for equitable relief or remedy.

3.     Synergy's claims are barred in whole or in part by the doctrines of fraud, fraudulent inducement, illegality, indefiniteness, mistake, unconscionability, undue influence, duress, overpayment, impossibility, impracticality, frustration of purpose, waiver, and substantial performance.

4.     Synergy's claims are barred in whole or in part by its knowing participation and active complicity in breaches of fiduciary duties and conspiracy to breach fiduciary duties, including breaches of fiduciary duties before, during, and after execution of the Broker Agreement, by Ganjaei and others.

5.     Synergy lacks capacity and standing to assert claims for breach of contract relating to any oral contract and quantum meruit.

6.     Synergy failed to satisfy at least one condition precedent to recovery on its claims, the condition precedent has not otherwise occurred, and its non-satisfaction and non-occurrence bar Synergy's claims in whole or in part. Under Section 3 of the Broker Agreement, for instance, any right to compensation depends on whether HGSI entered into agreements to provide services *after* it signed the Broker Agreement. Section 3 provides that Synergy "shall be entitled to a 'Brokerage Fee'" only "[i]n the event that[,] as a result of" Synergy's "contacts" with "the potential Customer," HGSI and "the CUSTOMER enter into a written agreement for the providing of Services." The Exhibits to the Broker Agreement also state that the Customer's "Brokerage Fee period . . . begins" at a future time when HGSI "enter[s] into an agreement" with the potential Customer. To the extent Synergy bases its claims on agreements that preexisted the Broker

Agreement, its express terms preclude Synergy from recovering any Brokerage Fees or other compensation with respect to any agreements HGSI entered into before it signed the Broker Agreement.

7. Synergy's claims are barred in whole or in part by the doctrine of payment. The HGS Parties paid Synergy millions of dollars before and after HGSI signed the Broker Agreement. Those payments exceed any amount the HGS Parties might owe Synergy under the Broker Agreement or otherwise.

8. Synergy's claims are barred in whole or in part by the lack or failure of consideration, including to the extent the claims are based on consideration or agreements that preexisted HGSI's signing of the Broker Agreement.

9. Synergy's claims are barred in whole or in part by Synergy's failure to perform.

10. Synergy's claims relating to any oral agreement to pay brokerage fees is barred by Section 26.01(b)(6) of the Texas Business and Commerce Code.

11. The HGS Parties are entitled to a set off or recoupment of any amount owing to Synergy with the amounts owing to the HGS Parties as a result of Synergy's wrongful conduct and wrongful receipt of payments, including as alleged in the counterclaims below, and with the excessive amounts Synergy received and amounts it received despite having no right to them.

12. Synergy's claims relating to any broker agreement whose terms differ from or conflict with the unambiguous language of the Broker Agreement are barred by the parol evidence rule. Synergy is also barred from presenting extrinsic evidence regarding the meaning of the Broker Agreement or to support any claim relating to any oral broker agreement.

13. Synergy's claims for damages, if they are entitled any at all, are limited to commissions for the 36 months from the date of breach, if any, in accordance with Section 4 of the Broker Agreement.

**14.** The HGS Parties reserve the right to plead additional matters in defense.

## AMENDED COUNTERCLAIMS

### The Parties

1. HGSI is a Delaware corporation with its principal place of business in Lisle, Illinois.

2. HGS Healthcare (now doing business as Sagility) is an Illinois limited liability company.

3. Synergy is a Nevada limited liability company with its headquarters in Dallas, Texas. It was formed in 2004.

4. Ali Ganjaei is a citizen of the State of New Jersey.

### Jurisdiction

5. The subject matter in controversy is within the jurisdictional limits of this Court. The HGS Parties seek monetary relief over $1,000,000 and all other relief to which they are entitled.

6. The Court has personal jurisdiction over Synergy because it has submitted to the Court's jurisdiction by filing this cause and appearing before the Court.

7. The Court has personal jurisdiction over Ganjaei under Section 17.042 of the Texas Civil Practice and Remedies Code because, as more specifically alleged below, Ganjaei established minimum contacts with Texas by purposefully conducting activities in and directed to Texas, including those described below, for Ganjaei's benefit, thereby obtaining the benefits and

protections of the laws of Texas and doing business in Texas, and because the respective counterclaims HGSI and HGS Healthcare bring against Ganjaei relate to and arise out of Ganjaei's contacts with Texas. The exercise of personal jurisdiction over Ganjaei in this case comports with the requirements of due process under the Fourteenth Amendment to the United States Constitution.

## Venue

8.     Venue in Dallas County is proper because it is the venue in which Synergy initially brought this action.

## Factual Background

### The Hinduja Group and the "Family Ownership" Principle

9.     In 1914, Paramanand Deepchan Hinduja ("P.D. Hinduja") founded the enterprises that became the Hinduja Group in Shikarpur, India. Firm believers in traditional family values, P.D. Hinduja and his four sons Srichand, Gopichand, Prakash, and Ashok built the Hinduja Group into one of the largest conglomerates in the world. All along, they have striven to inculcate the family concept in their business enterprises. Today, the diverse companies making up the Hinduja Group employ over 200,000 people worldwide and have offices in many key cities, including Austin and El Paso, Texas.

10.     P.D. Hinduja died in 1971, but the family concept he laid down to his sons has endured. A core element of the family concept was the "Family Ownership" principle. Family Ownership meant that, regardless of which family members might manage, operate, or own title to a particular Hinduja Group company or asset, "everything belongs to everyone and nothing

belongs to anyone."[1] As a result of the principle, family members could not treat any part of the Hinduja Group as their own and instead had an overriding obligation to share the benefits of owning or operating a Hinduja Group company with all members of the family.

11.     The sons took their father's directive so seriously that they formalized the Family Ownership principle by entering into a July 2, 2014 agreement reflecting it.

### Hinduja Global Solutions

12.     In 1973, the Hinduja brothers added a business-process management ("BPM") organization, with headquarters in Bangalore, India, to the Hinduja Group. BPM consists of providing call-center, back-office, and other support services for clients. In 1995, Hinduja Global Solutions Ltd. ("HGSL") became the holding company for the BPM business worldwide. The stock of HGSL trades on Indian stock exchanges, but Hinduja Group entities hold the majority of HGSL's shares for the benefit of Hinduja family members.

13.     In 2000, HGSI became an HGSL subsidiary responsible for providing BPM services in the United States, Canada, and the Caribbean. HGSI's primary predecessor had its headquarters in a New Jersey suburb of New York City but now maintains its principal office in Lisle, Illinois, near Chicago. HGS International owns HGSI, and HGSL owns HGS International.

14.     HGS Healthcare, a former subsidiary of HGSI, provided BPM services for one or more HGSI clients until January 2022, when affiliates of Betaine B.V. acquired all of the equity interests in HGS Healthcare. HGS Healthcare now operates as "Sagility."

---

[1]     "United for global growth," *Panorama*, Mar. 2019 (available athttps://www.hindujagroup.com/newsletter/mar19/interview-g-p-hinduja.html) (quoting Gopichand P. Hinduja).

**Partnership Between Remi Hinduja and Ali Ganjaei**

15.     Ramkrishan Hinduja ("Remi"), a grandson of P.D. Hinduja, grew up in Switzerland, graduated from the Wharton School of Business at the University of Pennsylvania in Philadelphia, and worked as an auditor before moving to the United States. He currently resides in New York City. By 2007, he already held top positions within the Hinduja Group. Since then, he has served in the following powerful roles:

(a)     Chairman of HGSL's Board of Directors from January 28, 2008 until September 4, 2019;

(b)     Director and later Chairman of HGSI's Board of Directors from at least 2007 until September 4, 2019;

(c)     Director and later Chairman of HGS Healthcare from at least May 2018 and until September 4, 2019.

By accepting these positions, Remi became a fiduciary to HGSL, HGSI, and HGS Healthcare and throughout his tenure owed HGSI and HGS Healthcare fiduciary duties of loyalty, care, and good faith.

16.     A native of Iran, Ali Ganjaei received a law degree in 1986 and practiced law in Colorado before moving to New York. There he met Remi and soon started working for him as a consultant with HBI Incorporated N.V. ("HBI N.V."). Thus began a long, close, and mutually beneficial partnership.

17.     Before long, Remi promoted Ganjaei to positions of significant authority and trust within the Hinduja Group. In the years that followed, Remi placed Ganjaei in the following positions, among others:

(a)     sole Manager and Chief Executive Officer of HBI N.V. and successor entities since 1997, including HBI Group, Inc. ("HBI");[2]

(b)     Managing Member of Synergy due to HBI's ownership of a controlling interest in Synergy since 2011;

(c)     sole manager and attorney for Hinduja Group International, LLC ("HGIL"),[3] which since its formation in 2018 has owned 100 percent of HBI;

(d)     attorney for HGSI and member of its Board of Directors from 1997 until October 2019;

(e)     attorney for HGS Healthcare, a member of its Board of Directors from at least July 2018 to October 2019, and a member of its Board of Managers from at least June 2019 until October 2019; and

(f)     sole manager of Mesilla Office Solutions, LLC ("Mesilla"), an HBI subsidiary.

By accepting these positions, Ganjaei became a fiduciary to each of the companies, and throughout his tenure he owed each of them fiduciary duties of loyalty, care, and good faith.

### HGSI, Humana, and Synergy

18.     In the two decades after its formation, HGSI, with its subsidiary HGS Healthcare, provided BPM services from facilities in the United States, Canada, Jamaica, and Colombia. Its operations principally involved furnishing other companies with back office, contact call center, and human resource services.

19.     HGSI, through its subsidiary HGS Healthcare, operated call centers in various locations, including two in El Paso.

20.     On or about December 19, 2003, the health insurance company Humana Inc. ("Humana") signed a Master Services Agreement ("Humana MSA") with HTMT Limited India

---

[2] HBI was formed in New York on December 24, 2015. HBI N.V. and NV Transition, Inc. were its predecessors.

[3] HBI N.V. was HGIL's predecessor.

("HTMT") – a predecessor of HGSI – to provide insurance claims processing and other BPM services to segments of Humana. In his capacity as legal counsel to HTMT, Ganjaei communicated frequently with individuals located in Texas to negotiate, draft and execute the Humana MSA.

21. Innovative Outsourcing ("Innovative"), a Dallas-based entity, helped introduce HTMT to Humana. However, no written agreement between HTMT and Innovative has been identified. Innovative was an entity owned by three Dallas residents: Walter Frank ("Frank") and Ludwell Denny ("Denny") each owned 45 percent of Innovative, and Wilkes McCain ("McCain") owned the remaining 10 percent.

22. On or about February 11, 2004, HTMT appointed Universal Vision Corporation ("UVC") to serve as its "billing agent" in connection with the Humana MSA. As billing agent, UVC sent invoices to Humana and collected payments from Humana for those services. UVC then transmitted 95 percent of Humana's payments to HTMT and kept 5 percent as a "service fee."

23. On or about September 2, 2004, Synergy was formed. At the time Synergy was formed, HTMT had been providing services to Humana for many months. At its formation, the owners of Synergy were Media Commerce Partners, LLC (42.5 percent), Frank (42.5 percent), McCain (10 percent), and Lori Sanchez (10 percent). Sanchez was Frank's long-time bookkeeper, and Media Commerce Partners was owned by Denny. Synergy claims that it was formed for the purpose of collecting the 5 percent service fee held back by UVC. However, no written agreement between UVC and Synergy has been identified.

24. On October 6, 2009, HGSI made a loan to Synergy under a Credit Agreement ("HGSI Loan"). In connection with the HGSI Loan, Synergy signed a Promissory Note and Security Agreement under which Synergy pledged any commissions from the Humana relationship as security for the HGSI Loan.

25. By late 2009, HGSI (HTMT's successor), replaced UVC as its billing agent. The delay in getting paid coupled with UVC's usurious five-percent "service fee" made it unfeasible for HGSI to continue to use UVC.

26. Effective November 1, 2009, UVC transferred its rights as billing agent to HGSI.

27. In December 2009, Synergy defaulted on the HGSI Loan.

**Remi's Purchase of Control over Synergy Through HBI N.V.**

28. Initially, HBI N.V. was formed as a Hinduja Group entity, and its assets were held collectively for the benefit of the entire Hinduja family in accord with the Family Ownership principle. But, upon information and belief, with the assistance of Ganjaei, HBI N.V.'s assets were surreptitiously transferred to a trust or other holding entity for the benefit of only three members of the Hinduja family – Remi Hinduja and his two cousins, Vinoo Hinduja and Shanu Hinduja. HBI N.V.'s revenues have been usurped and misappropriated for the benefit of those three family members together with Ganjaei and others who aided in this scheme.

29. Effective January 1, 2010, HBI N.V. became the majority owner of Synergy. In late 2009, HBI N.V. acquired a 51 percent interest in Synergy. At around the same time, Telcomco also became an owner of Synergy by acquiring 39 percent. Telcomco, however, was not actually formed until almost a year later, on February 17, 2011, with ownership listed as 50/50 by John Flood and Denny's daughters. Synergy however did not prepare a new Operating Agreement until March 9, 2011. That Operating Agreement reflects ownership of Synergy as: HBI N.V. (51 percent), Telcomco (39 percent), and McCain (10 percent).

30. In 2010, Synergy prepared and signed the Broker Agreement at issue in this case. At HGSI's request, Ganjaei reviewed and approved it but directed HGSI's president not to sign it

right away. The delay allowed Remi and Ganjaei to arrange and carry out the purchase of a controlling interest in Synergy through HBI N.V. before the Broker Agreement took effect.

31.     At the time that the Broker Agreement was presented to HGSI, Remi was Chairman of the Board of HGSI, and Ganjaei was a Director of HGSI and its acting General Counsel. Remi and Ganjaei used their fiduciary positions to cause and direct HGSI to sign the Broker Agreement.

32.     At same time Remi and Ganjaei were using their fiduciary positions to direct HGSI to sign the Broker Agreement, Remi also controlled HBI N.V. and its ultimate owners, and Ganjaei was the Managing Member of Synergy and the CEO of its majority owner HBI N.V. Remi and Ganjaei knew that their positions created a major conflict of interest because they stood on both the payor side (HGSI) and the payee side (Synergy and HBI N.V.). Ganjaei stood to gain personally from the Broker Agreement due to, among other things, HBI N.V.'s profit-sharing plan, which entitled him to 20 percent of the company's profits in addition to his salary and bonus. The purpose of this money-laundering scheme was to establish a stream of large monthly payments, from HGSI to Synergy, that would continue to flow indefinitely despite the fact that Synergy provided nothing HGSI did not already have.

33.     At the direction of Remi and Ganjaei, HGSI's president signed the Broker Agreement on April 25, 2011.

### The Colombian Call Centers

34.     In 2011, Remi and Ganjaei met with Frank in Dallas to negotiate the purchase of call centers in Columbia. Ganjaei was involved in the negotiation and purchase of the call centers and also in the formation of the entity to hold the call centers, AIB Cayman.[4] HBI (HBI N.V.'s

---

[4] AIB stands for Atlantic International BPO.

successor) owns 62% of AIB Cayman making it the majority owner and Coltelco owns 38 percent. Coltelco is owned by Flood, Denny's daughters, and McCain. AIB Cayman owns 100 percent of AIB Columbia. AIB Columbia owns and operates the call centers in Columbia. Caytel Contracting, a US-based entity, handles the contracting and billing for AIB Columbia.

35. On February 3, 2016, Synergy prepared a Second Amended Operating Agreement. This agreement increased HBI's ownership in Synergy from 51 percent to 53 percent and decreased McCain's ownership in Synergy from 10 percent to 8 percent. In exchange for this decrease, McCain received his 3 percent ownership in Coltelco.

### Synergy's Misuse of the Hinduja Group Name

36. After Remi and Ganjaei through HBI N.V. acquired a controlling interest in Synergy, Synergy began holding itself out publicly as a "member" of the "Hinduja Group" when in fact it knew it was not a member of the Hinduja Group. Synergy also made representations that it had licenses or certifications that it did not have (but that HGSI does have). It also appears to have asserted that it had one or more of the same offices and officers as HGSI. Synergy did these things in interstate commerce, on the internet and otherwise, for the purpose of holding itself out and deceiving its audience into making purchasing decisions.

### HGS Healthcare Replaces HGSI

37. In 2017, HGS Healthcare, then a subsidiary of HGSI, replaced HGSI as Humana's counterparty in the Humana MSA. HGS Healthcare then began providing services to Humana under the Humana MSA and the lines of business subject to that agreement. Commencing at this time, HGSI stopped providing any services to Humana and no longer received any revenues from Humana.

38.    The Broker Agreement was never assigned to HGS Healthcare. But under the direction of Remi and Ganjaei, HGS Healthcare nonetheless sent monies to Synergy, ultimately benefitting Remi and Ganjaei.

**Nondisclosure of Personal Benefits to Fiduciaries of HGSI and HGS Healthcare**

39.    Ganjaei, Remi, and other fiduciaries of HGSI ("HGSI Fiduciaries") and HGS Healthcare ("HGS Healthcare Fiduciaries") never disclosed to the HGS Parties or to the Hinduja family—and continue to this day to conceal—the payments and benefits they derived from HBI's control of and majority ownership in Synergy. Nor did they disclose the money-laundering scheme they had created. This information was material to the HGS Parties' respective officers and directors, to HGSL (the HGS Parties' parent), and to members of the Hinduja family. The nondisclosure and concealment of the money-laundering scheme aimed to and did prevent effective action to halt the HGSI Fiduciaries and HGS Healthcare Fiduciaries from diverting monies and benefits to themselves.

40.    Ganjaei, Remi, and the other HGSI Fiduciaries and HGS Healthcare Fiduciaries never disclosed to the HGS Parties and the Hinduja family—and continue to this day to conceal—their actions in causing the HGS Parties to pay monies to Synergy. Nor did they disclose how these payments were part of a money-laundering scheme created to benefit them to the exclusion of many members of the Hinduja family. Absent their control by Ganjaei and Remi, the HGS Parties (as well as members of the Hinduja family) would have strenuously objected to any such payments by the HGS Parties to Synergy.

**Unfairness of the Broker Agreement**

41.    Among the many reasons that the HGS Parties and members of the Hinduja family would have objected is that the Broker Agreement was unfair and unconscionable. In the first

place, it called for commission payments to Synergy for introducing HGSI to a client (Humana) when in fact Humana had been an existing HGSI client for the previous eight years. *See* Humana MSA entered in December 2003. Second, it called for commissions payments to Synergy even though Synergy was required to do nothing. *See* Broker Agreement ¶ 2 ("[Synergy] shall not be obligated to participate with or assist [HGSI] in the process of selling its Services to a potential Customer, or to coordinate or attend meetings between [HGSI] and the potential Customer."). Third, it called for commission payments to Synergy "for the life of the relationship with [Humana] or in perpetuity." Broker Agreement ¶ 3. Fourth, Remi, Ganjaei, and other HGSI Fiduciaries caused HGSI to sign the Broker Agreement as part of a money-laundering scheme intended to circumvent and deprive many members of the Hinduja family and instead line the pockets of Remi, Ganjaei, and other HGSI Fiduciaries. Finally, to the extent that the Broker Agreement was intended to compensate Synergy for its role in introducing Humana to HGSI, HGSI had already paid this fee to Innovative through UVC.

42.     In truth and in fact, the Broker Agreement was a vehicle for Remi, Ganjaei, and other HGSI Fiduciaries to siphon money from HGSI and, later, from HGS Healthcare for their own personal benefit. Even if the Broker Agreement were nominally approved by HGSI's board of directors, such approval was improper and ineffective because, among other things, Remi and Ganjaei were financially interested in the Broker Agreement and did not disclose this fact to the Board. The Board was unaware of the financial interest in the Broker Agreement by Remi, Ganjaei and other HGSI Fiduciaries. The Board was also unaware that HBI was the majority owner in Synergy, that Ganjaei functioned as the Managing Member of Synergy, and that Remi, Ganjaei, and other HGSI Fiduciaries would be profiting from the arrangement. Remi and Ganjaei also used their positions with HGSI to influence and direct the remaining board members who were so

beholden to Remi and Ganjaei that they could not (and did not) exercise independent judgment regarding the Broker Agreement.

43. HGSI and its subsidiaries entered into several other broker agreements under which HGSI or its subsidiaries sent funds to Synergy. For example, in November 2014, TeamHGS Limited and Synergy executed a broker agreement concerning TeamHGS Limited's provision of services to Humana. HGSI and Synergy also entered into a broker agreement on August 7, 2018, regarding HGSI's business relationship with Manhattan Life Insurance Company. At no point did Remi or Ganjaei disclose that they stood to financially benefit from payments to Synergy under these or any other broker agreements with Synergy.

44. Payments to Synergy ceased in September 2019, and the Broker Agreement terminated.

### Ganjaei's Texas Contacts

45. Ganjaei and Remi traveled to Texas on behalf of Synergy in 2011 to negotiate, with Walter J. Frank Jr., a citizen and resident of Texas, the purchase of call centers covering an entire city block in Barranquilla, Colombia, for millions of dollars. Frank was negotiating on behalf of Media Commerce Partners, LLC, a company that was registered and authorized to do business in Texas and had its principal place of business in the same location as Synergy, 17250 Dallas Parkway, Suite 200, Dallas, Texas 75248. Although the opportunity to acquire the call centers properly belonged to HGSI, Ganjaei and Remi arranged the purchase to benefit themselves. As part owners of the purchasing entity, they expected to and did benefit from the purchaser's receipt of payments from HGSI for the call centers' services and from Synergy's receipt of sham Brokerage Fees for those services. The purchase of the call centers from a Texas citizen thus facilitated the diversion of funds from HGSI (and, later, HGS Healthcare) for the benefit of

Ganjaei, Remi, and others. Ganjaei also breached his fiduciary duties by engaging in and benefiting from the usurpation of this corporate opportunity.

46. Ganjaei's breaches of fiduciary duties to HGSI also arise in substantial part from legal services Ganjaei provided to Synergy in Texas. Ganjaei's legal services to Synergy include Ganjaei's selection of Texas counsel to represent Synergy in this action and in a related Texas action ("*Mesilla* action"); his disclosure of HGSI's confidential information to Texas counsel to aid them in prosecuting this action and the *Mesilla* action; and his active supervision and direction of Texas counsel, McCain, and other Texas residents in connection with this action and the *Mesilla* action. Ganjaei was compensated for his legal services with payments that he knew originated from a Texas bank and from Synergy's Texas-based offices. Ganjaei also acted as Synergy's legal counsel in making demands on HGSI and HGSI's parent company, HGSL, for payments under the Broker Agreement to Synergy's Texas-based bank account.

47. Ganjaei provided HGSI with legal services that he performed partly in Texas to benefit HGSI's call-center operations in El Paso. During and after an HGSI board meeting he personally attended in El Paso, Ganjaei assisted HGSI in forming a strategy for the settlement and defense of employment disputes arising from its call-center operations there. Ganjaei also hired El Paso legal counsel to represent HGSI in the employment disputes and supervised their Texas-based work.

48. In 2014, Ganjaei prepared and filed with the Texas Secretary of State's office on behalf of HGSI an application for registration as a foreign for-profit corporation in Texas. The application listed Ganjaei as a member of HGSI's board of directors. As Ganjaei intended, his filing authorized HGSI to do business in Texas with Synergy.

49.     In 2015, Ganjaei attended an HGSI board meeting held in El Paso and toured HGSI's El Paso-based call centers. At the time, HGSI's El Paso call centers provided services to Humana, and payments to HGSI for those services resulted in payments to Synergy, distributions to HBI, and profit-sharing payments to Ganjaei.

50.     Ganjaei has long been HBI's point of contact and representative for Synergy and spoke over the telephone with Dallas-based McCain regarding Synergy matters regularly and several times a year. Ganjaei also called and attended Synergy's board meetings in which McCain participated from Texas.

51.     Ganjaei also orchestrated this Texas litigation knowing the unscrupulous origins and fraudulent basis of the Broker Agreement. At Ganjaei's direction, Synergy brought this action in Texas on December 30, 2019, and on the same day it obtained a temporary restraining order ("TRO") that purported to require HGSI to make the "contractual" payments now under review. Synergy's application and the TRO itself suffered from glaring defects, including a complete absence of admissible evidence supporting it (both declarations submitted by Synergy lacked a jurat), the unavailability of a mandatory injunction or one granting an award of monetary damages under these circumstances, and the absence of an expiration date in the TRO. Also glaringly missing was disclosure of the Broker Agreement's origins, its fraudulent basis, and the plain language of the Broker Agreement that was in conflict with the requested relief.

52.     Despite a motion by HGSI to dissolve the TRO on these and other grounds, and again at the knowing direction of Ganjaei, Synergy pursued a motion to enforce the TRO and induced an Associate Judge to grant the motion on January 8, 2020, forcing HGSI to pay Synergy more than $650,000 pursuant to the TRO and enforcement order. Synergy's conduct was wrongful,

and as a result of the TRO's manifest defects Synergy abandoned its application for a temporary injunction and agreed that the TRO should be dissolved.

53. In March 2020, Ganjaei participated in this action by submitting a declaration in support of Synergy's motion for protection. Ganjaei also communicated by email and telephone with McCain and Synergy's counsel in Texas regarding Synergy's strategy in pursuing this case and his legal work for Synergy on, among other things, the Broker Agreement and the relationships between Synergy, the HGS Parties, and the HGSI Fiduciaries and HGS Healthcare Fiduciaries, including Ganjaei himself. Counsel for Synergy and Ganjaei have communicated while in Texas about efforts to thwart discovery concerning HBI's ownership structure and the connections between Ganjaei and HGSI Fiduciaries and between Ganjaei and the HGS Healthcare Fiduciaries.

54. Ganjaei has in Texas committed multiple violations of his professional obligations. At various times, Ganjaei delivered to Synergy's lawyers located in Texas confidential and privileged documents belonging to the HGS Parties. These disclosures were not authorized by the HGS Parties and violated Ganjaei's professional obligations to the HGS Parties. The unauthorized disclosures include documents Synergy submitted in support of the motion for summary judgment it filed on February 7, 2021.

55. Ganjaei also engaged the same Texas counsel to represent him in this matter. Through his counsel, Ganjaei directed demands to Texas that HGSI indemnify and advance Ganjaei's legal fees as incurred in Texas.

56. Ganjaei is also the Manager of Mesilla, a Texas LLC. HBI is the sole managing member of Mesilla. On July 30, 2017, HGSI's board of directors approved a lease agreement between Mesilla and HGS Healthcare ("Lease Agreement"). Under this Lease Agreement, Mesilla agreed to lease used office furniture and equipment to HGS Healthcare on an as-is basis for HGS

Healthcare's operations in El Paso, Texas. At the time the Lease Agreement was approved and signed, Ganjaei was a member of HGSI's board of directors as well as legal counsel to HGSI and its various subsidiaries, including HGS Healthcare. The Lease Agreement was executed between Mesilla and HGS Healthcare on November 27, 2018.

57.     A few months after the Lease Agreement was signed, Ganjaei became a manager of HGS Healthcare.

58.     An independent valuation of the equipment in May 2017 concluded that the fair value of Mesilla's equipment was only $113,500. The Lease Agreement however required HGS Healthcare to pay Mesilla a whopping $360,000 over the course of just one year—roughly three times the fair market value of the equipment.

59.     Remi, Ganjaei, and the HGS Fiduciaries of the HGS Parties who stood to gain from the Lease Agreement exerted their significant influence over the leadership of the HGS Parties to force HGSI to approve the Lease Agreement and HGS Healthcare to sign the Lease Agreement. Each director of HGSI and the President of HGS Healthcare understood and believed that anyone who refused to approve the Lease Agreement would be demoted or fired.

60.     By forcing HGS Healthcare to pay an inflated, unreasonable fee for used office equipment provided on an as-is basis, Ganjaei successfully diverted hundreds of thousands of dollars in payments under the Lease Agreement to Remi, himself, and HGS Healthcare Fiduciaries.

61.     In October 2019, Remi, Ganjaei, and other HGSI Fiduciaries and HGS Healthcare Fiduciaries affiliated with HBI resigned from HGSI's board of directors after information came to light suggesting that HBI's ownership structure and funds had been abused for the benefit of Remi, his cousins, Ganjaei, and other HGSI Fiduciaries and HGS Healthcare Fiduciaries.

## Count I
### (Breach of Contract—HGSI v. Synergy)

62.     HGSI realleges each of the preceding allegations.

63.     Synergy billed and collected monies from the HGS Parties related to services being provided by the HGS Parties under the Humana MSA. Synergy's conduct in billing and collecting these monies was wrongful and in breach of the Broker Agreement.

64.     The Broker Agreement states that Synergy is entitled to claim compensation only for *future* customers secured for HGSI *after* the Broker Agreement was executed. Section 3 of the Broker Agreement provides that Synergy is entitled to claim a brokerage fee only "[i]n the event that[,] as a result of" Synergy's "contacts" with "the *potential* Customer," and only if the potential customer and HGSI "enter into a written agreement for the providing of Services," something that can be done only if the customer had not already entered into a contract. The Exhibits to the Broker Agreement similarly require that the potential customer's "Brokerage Fee period . . . begins" at a future time when HGSI "enter[s] into an agreement" with the potential customer.

65.     At the time the Broker Agreement was executed, Humana had been a pre-existing customer of HGSI for over seven (7) years. Because Humana was a pre-existing customer (and not a potential customer), the Broker Agreement did not entitle Synergy to claim any right to compensation. And, because Humana had entered into the MSA with HGSI in 2003, over seven years before the Broker Agreement, Synergy was not entitled to claim any right to compensation for services provided to Humana under the MSA.

66.     Synergy breached the Broker Agreement by billing the HGS Parties for compensation related to the services provided to Humana under the Humana MSA. Synergy also breached the Broker Agreement by collecting monies as compensation related to services provided to Humana under the Humana MSA.

67.     As a result of these breaches, HGSI has suffered substantial damages totaling millions of dollars.

## Count II
### (Money Had and Received—HGS Healthcare v. Synergy)

68.     The HGS Parties reallege each of the preceding allegations.

69.     Synergy wrongfully collected millions of dollars in monies from HGS Healthcare ("wrongfully collected monies").

70.     Synergy holds the wrongfully collected monies.

71.     The wrongfully collected monies belong to HGS Healthcare in equity and good conscience.

72.     The wrongfully collected monies must be returned to HGS Healthcare.

## Count III
### (Breaches of Fiduciary Duties—HGSI v. Ganjaei)

73.     HGSI realleges each of the preceding allegations.

74.     Fiduciary relationships existed at all relevant times between HGSI and Ganjaei, who as legal counsel to HGSI and a member of its board from 2010 through 2019 had ongoing duties and obligations to HGSI. These fiduciary duties included duties of care, good faith, and loyalty.

75.     From 2011 through the present, Ganjaei, Remi, and other HGSI Fiduciaries breached their fiduciary duties of care, good faith, and loyalty to HGSI. They did so by, among other ways:

- failing to disclose to HGSI that HBI acquired a controlling interest in Synergy before HGSI's president signed the Broker Agreement in April 2011;

- failing to disclose to HGSI that HBI acquired the controlling interest in Synergy for the purpose of personally benefitting Ganjaei, Remi, and a subgroup of the Hinduja family;

- failing to disclose to HGSI that Ganjaei, Remi, and other HGSI Fiduciaries set up and operated HBI to belong to and benefit a subgroup of the Hinduja family;

- approving the Broker Agreement and advising and directing HGSI's president to sign it;

- usurping HGSI's opportunity to acquire HBI or an interest in HBI;

- usurping HGSI's opportunity to acquire Synergy or an interest in Synergy;

- usurping HGSI's opportunity to acquire the Colombian call centers from Media Commerce Partners;

- directing and allowing HGSI from 2011 through 2017 to pay sham "Brokerage Fees" to Synergy;

- directing and allowing HGSI to pay sham "Brokerage Fees" to Synergy; and

- personally benefitting from the sham "Brokerage Fees" HGSI paid to Synergy without authorization.

76.     Ganjaei also breached his fiduciary duties by supervising and controlling Synergy's business activities through his role as HBI's representative to Synergy from 2010 through the present. HGSI was injured each time Synergy was involved in their acquisition of new lines of business covered by the Broker Agreement as it purportedly required HGSI to make further payments to Synergy under the guise of the Broker Agreement which were then diverted to Remi, Ganjaei, and other HGSI Fiduciaries through HBI. As Ganjaei knew and intended, hundreds of thousands of dollars in the ill-gotten gains benefitted and were paid to Synergy and McCain in Texas.

77.     Ganjaei further breached his fiduciary duties to HGSI in his capacity as HGSI's legal counsel and/or as a member of its board of directors by advising and causing HGSI and its subsidiaries or affiliates to enter into subsequent broker agreements with Synergy, thus allowing Remi, Ganjaei, and other HGSI Fiduciaries to divert to themselves the benefit of payments by HGSI under those agreements. Ganjaei also breached his fiduciary duties by directing Synergy to seek unfair commission rates when negotiating these broker agreements.

78.     Ganjaei further breached his fiduciary duties to HGSI in his capacity as HGSI's legal counsel and/or as a member of its board of directors by, among other things, advising and causing HGSI and its subsidiaries to enter into subcontracting agreements with call centers that Ganjaei and Remi controlled through HBI in Colombia and diverting to himself, Remi, and other HGSI Fiduciaries the benefits of payments by HGSI and its subsidiaries under those agreements.

79.     Ganjaei committed, and continues to commit, breaches of his ongoing duty of disclosure to HGSI by failing to provide full disclosure of all material facts regarding the nature of his own interests and the interests of Remi and other HGSI Fiduciaries in HBI, HGIL, the Broker Agreement, subsequent broker agreements, and the Colombian call centers.

80.     Between 2019 and the present, Ganjaei committed new breaches of his fiduciary duties and ethical obligations to HGSI as its former legal counsel by, among other ways:

- representing Synergy in its efforts to collect payments under the Broker Agreement from HGSI;

- disclosing and using information he obtained from HGSI while serving as their legal counsel to the detriment of HGSI and for his own benefit and the benefit of others;

- engaging Texas counsel for Synergy to bring and prosecute this lawsuit against HGSI in this Court and developing and executing with Synergy and Texas counsel a strategy

of disclosing to counsel and encouraging counsel to use in this lawsuit HGSI's privileged and confidential documents and information against HSGI in this litigation; and

- refusing to return to HGSI the files relating to legal work Ganjaei supervised or performed on behalf of HGSI as its legal counsel.

81. These breaches of fiduciary duty injured HGSI, and ongoing and future breaches will continue to injure HGSI unless the Court restrains them. These breaches of fiduciary duty benefited, and will continue to benefit, Remi, Ganjaei, and the other HGSI Fiduciaries.

82. HGSI is entitled to recover from Ganjaei the damages proximately caused by the various breaches of fiduciary duties and to require Ganjaei to disgorge any benefits he received as a result of the breaches, including payments under the Broker Agreement and any subsequent broker agreements and to take other corrective measures, including production to counsel for HGSI, and a full accounting for, all files relating to HGSI in Ganjaei's possession, custody, or control.

## Count IV
### (Breaches of Fiduciary Duties—HGS Healthcare v. Ganjaei)

83. HGS Healthcare realleges each of the preceding allegations.

84. Fiduciary relationships existed at all relevant times between HGS Healthcare and Ganjaei, who as legal counsel to HGS Healthcare, a member of its Board of Directors from at least July 2018 to October 2019, and a member of its Board of Managers from at least June 2019 until October 2019. These fiduciary duties included duties of care, good faith, and loyalty.

85. From 2017 through the present, Ganjaei, Remi, and other HGS Healthcare Fiduciaries breached their fiduciary duties of care, good faith, and loyalty to HGS Healthcare. They did so by, among other ways:

- failing to disclose to HGS Healthcare that HBI acquired a controlling interest in Synergy before HGSI's president signed the Broker Agreement in April 2011;

- failing to disclose to HGS Healthcare that HBI acquired the controlling interest in Synergy for the purpose of personally benefitting Ganjaei, Remi, and a subgroup of the Hinduja family;

- failing to disclose to HGS Healthcare that Ganjaei, Remi, and other HGS Healthcare Fiduciaries set up and operated HBI to belong to and benefit a subgroup of the Hinduja family, including Remi;

- directing and allowing HGS Healthcare from 2017 through 2019 to pay sham "Brokerage Fees" to Synergy; and

- personally benefitting from the sham "Brokerage Fees" HGSI paid to Synergy without authorization.

86. Ganjaei also breached his fiduciary duties by supervising and controlling Synergy's business activities through his role as HBI's representative to Synergy from 2010 through the present. HGS Healthcare was injured each time Synergy was involved in their acquisition of new lines of business covered by the Broker Agreement as it purportedly required HGS Healthcare to make further payments to Synergy under the guise of the Broker Agreement which were then diverted to Remi, Ganjaei, and other HGS Healthcare Fiduciaries through HBI. As Ganjaei knew and intended, hundreds of thousands of dollars in the ill-gotten gains benefitted and were paid to Synergy and McCain in Texas.

87. Ganjaei further breached his fiduciary duties to HGS Healthcare in his capacity as HGS Healthcare legal counsel and/or as a member of its Board of Directors and Board of Managers by advising and causing HGS Healthcare and its subsidiaries or affiliates to enter into subsequent

broker agreements with Synergy, thus allowing Remi, Ganjaei, and other HGS Healthcare Fiduciaries to divert to themselves the benefit of payments by HGS Healthcare under those agreements. Ganjaei also breached his fiduciary duties by directing Synergy to seek unfair commission rates when negotiating these broker agreements.

88. Ganjaei further breached his fiduciary duties to HGS Healthcare in his capacity as HGS Healthcare's legal counsel and/or as a member of its Board of Directors and Board of Managers by, among other things, advising and causing HGS Healthcare and its subsidiaries to enter into subcontracting agreements with call centers that Ganjaei and Remi controlled through HBI in Colombia and diverting to himself, Remi, and other HGS Healthcare Fiduciaries the benefits of payments by HGSI and its subsidiaries under those agreements.

89. Ganjaei committed, and continues to commit, breaches of his ongoing duty of disclosure to HGS Healthcare by failing to provide full disclosure of all material facts regarding the nature of his own interests and the interests of Remi and other HGS Healthcare Fiduciaries in HBI, HGIL, the Broker Agreement, subsequent broker agreements, and the Colombian call centers.

90. Between 2019 and the present, Ganjaei committed new breaches of his fiduciary duties and ethical obligations to HGS Healthcare as its former legal counsel by, among other ways:

- representing Synergy in its efforts to collect payments under the Broker Agreement;

- disclosing and using information he obtained from HGS Healthcare while serving as their legal counsel to the detriment of HGS Healthcare and for his own benefit and the benefit of others;

- engaging Texas counsel for Synergy to bring and prosecute this lawsuit in this Court and developing and executing with Synergy and Texas counsel a strategy of disclosing

to them and encouraging them to use in this lawsuit privileged and confidential documents and information that belong to HGS Healthcare against them in this litigation; and

- refusing to return to HGS Healthcare the files relating to legal work Ganjaei supervised or performed on behalf of HGS Healthcare as its legal counsel.

91. These breaches of fiduciary duty injured HGS Healthcare, and ongoing and future breaches will continue to injure HGS Healthcare unless the Court restrains them. These breaches of fiduciary duty benefited, and will continue to benefit, Remi, Ganjaei, and the other HGS Healthcare Fiduciaries.

92. HGS Healthcare is entitled to recover from Ganjaei the damages proximately caused by the various breaches of fiduciary duties and to require Ganjaei to disgorge any benefits he received as a result of the breaches, including payments under the Broker Agreement and any subsequent broker agreements and to take other corrective measures, including production to counsel for HGS Healthcare, and a full accounting for, all files relating to HGS Healthcare in Ganjaei's possession, custody, or control.

### Count V
**(Knowing Participation in Breaches of Fiduciary Duties—HGSI v. Synergy)**

93. HGSI realleges each of the preceding allegations.

94. Fiduciary relationships existed at all relevant times between HGSI and Ganjaei, who as legal counsel to HGSI and a member of its board from 2010 through 2019 had ongoing duties and obligations to HGSI. These fiduciary duties included duties of care, good faith, and loyalty.

95. From 2011 through the present, Ganjaei, Remi, and other HGSI Fiduciaries breached their fiduciary duties of care, good faith, and loyalty to HGSI.

96.     Synergy participated in the various breaches of fiduciary duties by Remi, Ganjaei and other HGSI Fiduciaries because, among other things, it executed the sham Broker Agreement and subsequent broker agreements with HGSI and transferred the funds it received from HGSI to HBI for the benefit of Remi, Ganjaei, and other HGSI Fiduciaries.

97.     Synergy knowingly participated in the breaches of fiduciary duties committed by Remi, Ganjaei, and other HGSI Fiduciaries because it was controlled and owned by Remi, Ganjaei, and these same HGSI Fiduciaries.

98.     The breaches of fiduciary duty injured HGSI and benefited Synergy, Remi, Ganjaei, and the HGSI Fiduciaries.

99.     HGSI is entitled to recover from Synergy the damages proximately caused by the breaches of fiduciary duty, including funds paid by HGSI to Synergy that ultimately benefitted the HGSI Fiduciaries, and to require Synergy to disgorge any benefits it received as a result of the breaches, including payments under the Broker Agreement, and to take other corrective measures.

**Count VI**
**(Knowing Participation in Breaches of Fiduciary Duties—HGS Healthcare v. Ganjaei)**

100.     HGS Healthcare realleges each of the preceding allegations.

101.     Fiduciary relationships existed at all relevant times between HGS Healthcare and Ganjaei, who as legal counsel to HGS Healthcare, a member of its Board of Directors from at least July 2018 to October 2019, and a member of its Board of Managers from at least June 2019 until October 2019, had ongoing duties and obligations to HGS Healthcare. These fiduciary duties included duties of care, good faith, and loyalty.

102.     From 2017 through the present, Ganjaei, Remi, and other HGS Healthcare Fiduciaries breached their fiduciary duties of care, good faith, and loyalty to HGS Healthcare.

103.     Synergy participated in the various breaches of fiduciary duties by Remi, Ganjaei and other HGS Healthcare Fiduciaries because, among other things, it distributed funds it received from HGS Healthcare to HBI for the benefit of Remi, Ganjaei, and other HGS Healthcare Fiduciaries.

104.     Synergy knowingly participated in the breaches of fiduciary duties committed by Remi, Ganjaei, and other HGS Healthcare Fiduciaries because it was controlled and owned by Remi, Ganjaei, and these same HGS Healthcare Fiduciaries.

105.     The breaches of fiduciary duty injured HGS Healthcare and benefited Synergy, Remi, Ganjaei, and the HGS Healthcare Fiduciaries.

106.     HGS Healthcare is entitled to recover from Synergy the damages proximately caused by the breaches of fiduciary duty, including funds paid by HGS Healthcare to Synergy that ultimately benefitted the HGS Healthcare Fiduciaries, and to require Synergy to disgorge any benefits it received as a result of the breaches, including payments under the Broker Agreement, and to take other corrective measures.

### Count VII
### (Civil Conspiracy to Cause Breaches of Fiduciary Duties—HGSI v. All Counter-Defendants)

107.     HGSI realleges each of the preceding allegations.

108.     Fiduciary relationships existed at all relevant times between HGSI and Ganjaei, who as legal counsel to HGSI and a member of its board from 2010 through 2019 had ongoing duties and obligations to HGSI. These fiduciary duties included duties of care, good faith, and loyalty.

109. From 2011 through the present, Ganjaei, Remi, and other HGSI Fiduciaries breached their fiduciary duties of care, good faith, and loyalty to HGSI. The breaches of fiduciary duty injured HGSI and benefited Synergy, Remi, Ganjaei, and the other HGSI Fiduciaries.

110. HGSI is entitled to recover from Synergy and Ganjaei the damages proximately caused by the breaches of fiduciary duties, including funds paid by HGSI to Synergy that ultimately benefitted Remi, Ganjaei and other HGSI Fiduciaries, and to require Synergy and Ganjaei to disgorge any benefits either of them received as a result of the breaches, including payments under the Broker Agreement, and to take other corrective measures.

**Count VIII**
**(Civil Conspiracy to Cause Breaches of Fiduciary Duties—HGS Healthcare v. All Counter-Defendants)**

111. HGS Healthcare realleges each of the preceding allegations.

112. Fiduciary relationships existed at all relevant times between HGS Healthcare and Ganjaei, who as legal counsel to HGS Healthcare, a member of its Board of Directors from at least July 2018 to October 2019, and a member of its Board of Managers from at least June 2019 until October 2019, had ongoing duties and obligations to HGS Healthcare. These fiduciary duties included duties of care, good faith, and loyalty.

113. From 2011 through the present, Ganjaei, Remi, and other HGS Healthcare Fiduciaries breached their fiduciary duties of care, good faith, and loyalty to HGS Healthcare.

114. The breaches of fiduciary duty injured HGS Healthcare and benefited Synergy, Remi, Ganjaei, and the other HGS Healthcare Fiduciaries.

115. HGS Healthcare is entitled to recover from Synergy and Ganjaei the damages proximately caused by the breaches of fiduciary duties, including funds paid by HGS Healthcare to Synergy that ultimately benefitted Remi, Ganjaei and other HGS Healthcare Fiduciaries, and to

require Synergy and Ganjaei to disgorge any benefits either of them received as a result of the breaches, including payments under the Broker Agreement, and to take other corrective measures.

## Count IX
### (False Advertising—HGS Parties v. Synergy)

116. The HGS Parties reallege each of the preceding allegations.

117. Synergy made false statements of fact about its services and commercial services in commercial advertisements, in violation of 15 U.S.C. § 1125(a).

118. The statements actually deceived or have a tendency to deceive a substantial segment of their audience.

119. The deception is likely to influence a purchasing decision.

120. Synergy caused the false statements to enter interstate commerce.

121. The HGS Parties were injured as a result.

122. The HGS Parties are entitled to recover, under 15 U.S.C. § 1117(a), Synergy's profits as well as the damages incurred by the HGS Parties, and the costs of this action.

## Count X
### (Injunctive Relief—HGS Parties v. All Counter-Defendants)

123. The HGS Parties reallege each of the preceding allegations.

124. Synergy and Ganjaei's wrongful conduct has caused and, unless the Court restrains them, will continue to cause irreparable injury to the HGS Parties, including through loss of goodwill and reputation. The HGS Parties accordingly request the Court to enter temporary and permanent injunctions (a) prohibiting Synergy and Ganjaei from continuing to engage in wrongful conduct alleged above and (b) correcting effects of the wrongful conduct.

## Count XI
### (Wrongful Injunction and Enforcement Order—HGSI v. All Counter-Defendants)

125. HGSI realleges each of the preceding allegations.

126. Synergy and Ganjaei wrongfully obtained the TRO and the order enforcing it. Synergy's and Ganjaei's wrongful conduct injured HGSI. HGSI seeks return of its payment resulting from the wrongful injunction and enforcement order and all other available damages and relief.

<u>Count XII</u>
<b>(Declaratory Judgment—HGS Parties v. All Counter-Defendants)</b>

127. The HGS Parties reallege each of the preceding allegations.

128. The Broker Agreement provides that Synergy is entitled to claim a brokerage fee only "[i]n the event that[,] as a result of" Synergy's "contacts" with "the *potential* Customer," and only if the potential customer and HGSI "enter into a written agreement for the providing of Services," something that can only be done if the customer had not already entered into a contract. The exhibits to the Broker Agreement similarly require that the potential customer's "Brokerage Fee period . . . begins" only in the future when HGSI "enter[s] into an agreement" with the potential customer.

129. At the time the Broker Agreement was executed, Humana had been a pre-existing customer of HGSI and HGSI had been providing services to Humana under the Humana MSA for over seven years.

130. The HGS Parties thus seek a declaration that the Broker Agreement did not entitle Synergy to any monies related to the services provided by the HGS Parties' to Humana under the Humana MSA.

15. The Broker Agreement states that Synergy is entitled to claim compensation only for *future* customers secured for HGSI *after* the Broker Agreement was executed. *See* e.g., Broker Agreement, Section 3, which provides that Synergy is entitled to claim a brokerage fee only "[i]n the event that[,] as a result of" Synergy's "contacts" with "the *potential* Customer," and only if the

potential customer and HGSI "enter into a written agreement for the providing of Services," something that can only be done if the customer had not already entered into a contract. The Exhibits to the Broker Agreement similarly require that the potential customer's "Brokerage Fee period . . . begins" at a future time when HGSI "enter[s] into an agreement" with the potential customer.

131.    At the time the Broker Agreement was executed, Humana had been a pre-existing customer of HGSI for over seven (7) years. Because Humana was a pre-existing customer (and not a potential customer), the Broker Agreement did not entitle Synergy to claim any right to compensation. And, because Humana had entered into the MSA with HGSI in 2003, over seven years before the Broker Agreement, Synergy was not entitled to claim any right to compensation for services provided to Humana under the MSA.

132.    Synergy breached the Broker Agreement by billing the HGS Parties for compensation related to the services provided to Humana under the Humana MSA. Synergy also breached the Broker Agreement by collecting monies as compensation related to services provided to Humana under the Humana MSA.

133.    The involvement of the HGSI Fiduciaries and HGS Healthcare Fiduciaries in ownership, control, and legal representation of Synergy and its affiliates, in direct or indirect receipt of payments and other benefits in connection with the sham Broker Agreement, other broker agreements and otherwise, and in their connections to HBI, HBI affiliates, and HGSI's publicly-traded parent, raises substantial questions regarding the legality of the payments under the sham Broker Agreement and other broker agreements and otherwise in light of applicable law.

134.    Synergy and Ganjaei deny that the involvement of HGSI Fiduciaries and HGS Healthcare Fiduciaries presents any issues of legality or enforceability, and a substantial and actual

controversy exists between the parties regarding those questions. The subject matter of the Office of Foreign Asset Control investigation raises additional legality concerns. The HGS Parties seek a judgment declaring whether the circumstances alleged above render the sham Broker Agreement or payments under it are unenforceable or illegal under applicable law. The HGS Parties seek an award of its reasonable and necessary attorney's fees as well as all other appropriate relief under Chapter 37 of the Texas Civil Practice and Remedies Code.

## **Statement Concerning Statute of Limitations**

135. The counterclaims of the HGS Parties did not accrue until at the earliest September 2019. The injury suffered by the HGS Parties by virtue of the various breaches of fiduciary duty was inherently undiscoverable and was objectively unverifiable before September 2019 at the earliest, and the HGS Parties neither knew nor in the exercise of reasonable diligence should have known of the injury any earlier.

136. Additionally, Ganjaei and Synergy had actual knowledge of the wrongs alleged herein with respect to the various breaches of fiduciary duties and the wrongs were purposefully concealed by Ganjaei and Synergy by making a misrepresentation and/or remaining silent when they had a duty to speak. The HGS Parties reasonably relied on those misrepresentations and silence by not pursuing its claim for breaches of fiduciary duty at an earlier date.

137. Additionally, Ganjaei and other wrongdoers were in control of the HGS Parties until September 2019.

138. Further, breaches of fiduciary duty and civil conspiracy to engage in breaches of fiduciary duty occurred within the two years preceding the filing of this lawsuit and within two years of joining Ganjaei as a counter-defendant and will occur in the future.

139.     HGS Healthcare's counterclaims were filed prior to the 30th day after its answer was required. Thus, HGS Healthcare's counterclaims are not subject to any statute-of-limitations defense. *See* Tex. Civ. Prac. & Rem. § 16.069.

## Attorney's Fees

140.     Pursuant to Chapter 37.009, Texas Civil Practice & Remedies Code, the HGS Parties seek their costs and reasonable and necessary attorney's fees.

141.     Pursuant to Chapter 38.001, Texas Civil Practice & Remedies Code, the HGS Parties seek their reasonable attorney's fees.

## Exemplary Damages

142.     Because Synergy and Ganjaei acted with fraud, malice and gross negligence, the HGS Parties are also entitled to recover exemplary damages in an amount to be determined by the trier of fact under Chapter 41 of the Texas Civil Practice and Remedies Code.

## Prayer

143.     The HGS Parties request that the Court enter judgment dismissing Synergy's claims with prejudice; directing that Synergy take nothing by its claims; and awarding the HGS Parties all appropriate relief, including actual and exemplary damages, disgorgement, profits, temporary and permanent injunctions, declaratory relief, reasonable and necessary attorney's fees, and costs.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

  */s/ Barry Barnett*
Barry Barnett
State Bar No. 01778700
5956 Sherry Lane, Suite 2000
Dallas, Texas 75225
Phone: 866-754-1900
Fax:    713-654-6666

bbarnett@susmangodfrey.com

Ophelia Camina
State Bar No. 03681500
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Phone: 713-653-7803
Fax:     713-654-6666
ocamina@susmangodfrey.com

*Counsel for Hinduja Global Solutions, Inc.
and HGS Healthcare, LLC*

## VERIFICATION

1. My name is Tanner Laiche, my date of birth is February 28, 1992, and my business address is 401 Union Street, Suite 3000, Seattle, WA 98101, in the United States of America. I declare under penalty of perjury that the foregoing is true and correct. This declaration is made in accordance with Texas Civil Practice & Remedies Code Ann. § 132.001.

2. I am an attorney licensed to practice law in the States of California and Washington. I am admitted *pro hac vice* to practice law in the State of Texas on this matter.

3. I am an Attorney with the firm of Susman Godfrey, L.L.P.

4. In the deposition of Synergy Global Outsourcing, LLC, on March 30, 2022, Wilkes McCain testified that an alleged oral contract was made with Innovative Outsourcing, LLC, that Synergy is a distinct entity from Innovative Outsourcing, LLC, that the alleged oral contract began before Synergy came into existence, and that Synergy did not exist when the Master Services Agreement between Humana and HGSI's predecessor was executed.

5. Based on my personal review of the aforementioned sworn deposition testimony, I verify that the affirmative defenses in paragraph 5 above are true and correct.

Tanner Laiche

## CERTIFICATE OF SERVICE

This certifies that on the 26th day of April, 2023, my office properly forwarded a true and correct copy of HGS Parties' Seventh Amended Answer and Counterclaims to counsel of record in accordance with Rule 21 of the Texas Rules of Civil Procedure via electronic filing.

*/s/ Barry Barnett*
Barry Barnett

E-filed in the Office of the Clerk
for the Business Court of Texas
10/1/2024 9:56 PM
Accepted by: Beverly Cruml
Case Number: 24-BC01B-0007

CAUSE NO. 24-BC01B-0007 _____

| | | |
|---|---|---|
| **SYNERGY GLOBAL OUTSOURCING, LLC,** | § § § § § § | **IN THE BUSINESS COURT** |
| *Plaintiff*, | § § | |
| **v.** | § § | |
| **HINDUJA GLOBAL SOLUTIONS, INC. AND HGS HEALTHCARE, LLC** | § § § § | **FIRST BUSINESS COURT DIVISION** |
| *Defendants.* | § § § § § § § § § | |
| | § | **DALLAS COUNTY, TEXAS** |

## NOTICE OF REMOVAL TO BUSINESS COURT

Pursuant to Texas Rule of Civil Procedure 355, Plaintiff Synergy Global Outsourcing, LLC, hereby remove this action to the First Business Court Division of the Business Court of Texas, and show as follows:

### I.  SUBJECT MATTER JURISDICTION

The business court has authority and jurisdiction over this action. Tex. R. Civ. P. 355(b)(2). The business court has jurisdiction over Defendants' breach of fiduciary duty counterclaims against Ali Ganjaei and Synergy (April 27, 2023 HGS Parties' 7th Am. Answer and Counterclaims, Counts IV, V, VI, VII, VIII) because the amount in controversy exceeds $5 million and Defendants assert claims against Ali Ganjaei for his role as Defendants' board member and legal counsel and conspiracy and knowing participation claims regarding the same breaches. *See* Tex. Gov't Code Ann. § 25A.004(b)(4) ("an action by an organization, or an owner of an organization, if the action: **(A)** is brought against an owner, controlling person, or managerial

official of the organization; and **(B)** alleges an act or omission by the person in the person's capacity as an owner, controlling person, or managerial official of the organization). *See also* TEX. GOV'T CODE ANN. § 25A.004(b)(5) ("an action alleging that an owner, controlling person, or managerial official breached a duty owed to an organization or an owner of an organization by reason of the person's status as an owner, controlling person, or managerial official, including the breach of a duty of loyalty or good faith".)

The business court also has jurisdiction over Defendants' claim for injunctive relief (HGS Parties' 7th Am. Answer and Counterclaims, Count X) regarding the alleged breaches also within the Court's jurisdiction under TEX. GOV'T CODE ANN. § 25A.004(b). *See* TEX. GOV'T CODE ANN. § 25A.004(e).

The business court therefore has subject matter jurisdiction over this action pursuant to Texas Government Code Sections 25A.004(b) and 25A.004(e).

## II. PERSONAL JURISDICTION

This Notice is being filed subject to Counter-Defendant Ali Ganjaei's Special Appearances filed in the 191st District Court of Dallas County, Texas.

## III. VENUE

Venue is proper in the First Business Court Division. TEX. R. CIV. P. 355(b)(2)(B); TEX. GOV'T CODE ANN. § 25A.003(c). Because the 191st District Court of Dallas County, Texas, previously had jurisdiction over this case, the First Business Court Division, with jurisdiction over Dallas County, is the proper venue for this removal. *Compare* Pl.'s 2d Amend. Pet. ¶ 6 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.002) (alleging that venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county), *with* TEX. GOV'T CODE ANN. § 25A.006(a) (providing that "[t]he party filing the action

must plead facts to establish venue in a county in a division of the business court, and the business court shall assign the action to that division.").

## IV. TIMELINESS

All parties do not agree to this removal. TEX. R. CIV. P. 355(b)(1). This removal is nevertheless timely filed because it is filed within thirty days of the day that Plaintiff discovered "facts establishing the business court's authority to hear the action." TEX. R. CIV. P. 355(c)(2)(A). Those facts are: (1) the business court gained authority to hear this case on September 1, 2024, Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8; and (2) the business court has jurisdiction and venue over this case for the foregoing reasons.

## V. APPENDIX

Appended to this notice of removal is a true and correct copy of the docket sheet for Cause No. DC-19-20539 pending in the 191st District Court of Dallas County, Texas attached hereto as **Exhibit A**. *See* TEX. R. CIV. P. 355(b)(3). The Original Petition in this lawsuit was first filed on December 30, 2019 and copies of "all process, pleadings, and orders in the action" are extremely voluminous; the docket sheet alone is 86 pages. Plaintiff will supplement with copies as soon as practicable.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff hereby removes this case from the191st District Court of Dallas County, Texas to the First Business Court Division and notifies all parties of the same.

DATED: October 1, 2024

Respectfully submitted,

*/s/ Michael Hurst*
Michael K. Hurst
State Bar No. 10316310
mhurst@lynnllp.com

Gregory A. Brassfield
State Bar No. 240799900
gbrassfield@lynnllp.com
Daniela Vera Holmes
State Bar No. 24124113
dholmes@lynnllp.com
Leo Park
State Bar No. 24122983
lpark@lynnllp.com

**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**ATTORNEYS FOR PLAINTIFF SYNERGY GLOBAL OUTSOURCING**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served upon all counsel of record *via Texas E*-file and Email on October 1, 2024.

*/s/ Michael Hurst*
Michael K. Hurst

## CERTIFICATE OF CONFERENCE

On October 1, 2024, counsel for Plaintiff attempted to confer with counsel for Defendants regarding this Notice of Removal by phone and by email, but no response was received. Plaintiff presumes Defendants do not consent to removal.

*/s/ Michael Hurst*
Michael K. Hurst

# EXHIBIT A

## Case Information

DC-19-20539 | SYNERGY GLOBAL OUTSOURCING, LLC vs. HINDUJA GLOBAL SOLUTIONS, INC.

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-19-20539 | 191st District Court | SLAUGHTER, GENA |
| File Date | Case Type | Case Status |
| 12/30/2019 | CNTR CNSMR COM DEBT | OPEN |

## Party

PLAINTIFF
SYNERGY GLOBAL OUTSOURCING, LLC

Active Attorneys ▾

Attorney
PARK, LEO DAESU
Retained

Attorney
HURST, MICHAEL K
Retained

Lead Attorney
BRASSFIELD, GREGORY A
Retained

DEFENDANT
HINDUJA GLOBAL SOLUTIONS, INC.

Active Attorneys ▾

Lead Attorney
BARNETT, BARRY C
Retained

DEFENDANT
HGS HEALTHCARE, LLC

Active Attorneys ▾

Lead Attorney

043

BARNETT, BARRY C
Retained

DEFENDANT
Ganjaei, Ali

Active Attorneys ▾
Lead Attorney
MCKAY, BRANDI JO
Retained

DEFENDANT
Ganjaei, Ali

Active Attorneys ▾
Lead Attorney
MCKAY, BRANDI JO
Retained

## Bond

| Bond Type | Bond Number | Bond Amount | Current Bond Status |
|---|---|---|---|
| TRO CASH BOND | | $1,000.00 | POSTED |

## Events and Hearings

12/30/2019 NEW CASE FILED (OCA) - CIVIL

12/30/2019 ORIGINAL PETITION ▾

ORIGINAL PETITION

044

12/30/2019 ORDER - TEMPORARY RESTRAINING ORDER ▼

ORDER - TEMPORARY RESTRAINING ORDER

12/30/2019 BOND FILED

12/30/2019 TRUST RECEIPT ▼

TRUST RECEIPT

12/31/2019 REQUEST FOR SERVICE ▼

REQUEST FOR SERVICE

12/31/2019 ISSUE CITATION ▼

ISSUE CITATION

01/02/2020 RETURN OF SERVICE ▼

EXECUTED CITATION - HINDUJA GLOBAL SOLUTIONS, INC.

Comment
EXECUTED CITATION - HINDUJA GLOBAL SOLUTIONS, INC.

01/06/2020 MOTION - COMPEL ▼

PLAINTIFF'S EMERGENCY MOTION TO COMPEL AND MOTION FOR SHOW CAUSE ORDER

Comment
PLAINTIFF'S EMERGENCY - AND MOTION FOR SHOW CAUSE ORDER

01/06/2020 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING - EMER M/COMPEL AND SHOW CAUSE

Comment
EMER M/COMPEL AND SHOW CAUSE

01/06/2020 RETURN OF SERVICE ▼

EXECUTED CITATION - HINDUJA GLOBAL SOLUTIONS, INC.

Comment
EXECUTED CITATION - HINDUJA GLOBAL SOLUATIONS, INC.

01/06/2020 CITATION ▼

Served
01/06/2020

Anticipated Server
ESERVE

045

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
01/07/2020

Comment
HINDUJA GLOBAL SOLUTIONS INC.

---

01/07/2020 NOTE - CLERKS ▾

Comment
COURT. COPY RECD - TAKEN TO JUDGE PURDY

---

01/07/2020 RETURN OF SERVICE ▾

EXECUTED CITATION - HINDUJA GLOBAL SOLUTIONS, INC

Comment
EXECUTED CITATION - HINDUJA GLOBAL SOLUTIONS, INC

---

01/08/2020 Motion - Compel ▾

Judicial Officer
PURDY, MONICA

Hearing Time
09:15 AM

Comment
if court reporter needed to bring own.

---

01/08/2020 MOTION - DISSOLVE ▾

MOTION DISSOLVE TRO

Comment
TRO

---

01/08/2020 MISCELLANEOUS EVENT ▾

OPPOSITION TO EMERG M/COMPEL

Comment
OPPOSITION TO PLTF'S EMERGENCY MOTION COMPEL AND FOR SHOW CAUSE ORDER

---

01/08/2020 ORDER - COMPEL ▾

ORDER - COMPEL

Comment
AND SHOW CAUSE

---

01/08/2020 NOTICE SENT VIA EMAIL/FAX ▾

NOTICE SENT VIA EMAIL/FAX

046

Comment
AJ DECISIOI AND FAX TRANSMITTAL

01/09/2020 NOTICE OF HEARING / FIAT ▾

NOH -

Comment
MOTION TO DISSOLVE TRO

01/10/2020 MISCELLANEOUS EVENT ▾

REQUEST/DE NOVOH HRNG--DEF

Comment
REQUEST/DE NOVO HRNG

01/13/2020 MOTION - MISCELLANEOUS ▾

AGREED MOTION DISSOLVE TRO

Comment
AGREED MOTION DISSOLVE TRO

01/13/2020 PROPOSED ORDER/JUDGMENT ▾

AGREED ORDER DISSOLVE TRO

Comment
AGREED ORDER DISSOLVE TRO

01/13/2020 RULE 11 ▾

RULE 11 AGREEMENT

Comment
RULE 11 AGREEMENT

01/14/2020 MISCELLANEOUS EVENT ▾

Notice of Synergy Deposition 1-14-20.pdf

Comment
DEFENDANT HINDUJA GLOBAL SOLUTIONS, INC.'S NOTICE OF DEPOSITION OF SYNERGY
GLOBAL OUTSOURCING, LLC

01/14/2020 CORRESPONDENCE - LETTER TO FILE ▾

LETTER TO DEFT FILING REQ FOR PRODUCTION

Comment
LETTER TO DEFT FILING 1ST SET REQ FOR PRODUCTION OF DOCUMENTS

01/17/2020 RESPONSE ▾

047

RESPONSE TO NOTICE OF DEPOSITION

Comment
TO PLAINTIFF'S NOTICE OF CORPORATE REPRESENTATIVE DEPOSITION

01/17/2020 CORRESPONDENCE - LETTER TO FILE ▾

LETTER DEFT FILING RESP TO PLTF 1ST SET REQ PRODUCTION

Comment
LETTER DEFT'S RESP TO PLTF 1ST SET OF REQ FOR PRODUCTION

01/24/2020 MOTION HEARING ▾

MOTION DISSOLVE TRO

Judicial Officer
SLAUGHTER, GENA

Hearing Time
02:00 PM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

Comment
(also m/dissolve) TEMP INJ WAS TAKEN OFF BY TONYA IN MICHAEL HURST OFFICE

01/27/2020 ORDER - DISSOLVE ▾

ORDER - DISSOLVE

Comment
TEMORARY RESTRAINING ORDER

01/29/2020 CERTIFICATE OF DEPOSITION ▾

DEF(HGSI) /NOTICE OF DEPOSITIONS

Comment
HGSI'S NOTICE OF DEPOSITIONS UPON ORAL EXAMINATION AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HBI GROUP INC. AND ALI GANJAEI

01/29/2020 CERTIFICATE OF DEPOSITION ▾

HGSI AMENDED NOTICE OF DEPOSITION

Comment
HGSI'S AMENDED NOTICE OF DEPOSITIONS UPON ORAL EXAMINATION AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO HBI GROUP INC. AND ALI GANJAEI

01/30/2020 MOTION - QUASH ▾

MOTION - QUASH

02/10/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

048

DEF/ORIGINAL ANSWER

02/26/2020 DISCOVERY ▾

DISCOVERY

03/05/2020 COUNTER CLAIM ▾

COUNTER CLAIM AND AMENDED ANSWER

  Comment
  AND 1ST AMENDED ANSWER

03/11/2020 CERTIFICATE OF DEPOSITION ▾

COD

  Comment
  NARASIMHA MURTHY

03/13/2020 MOTION - DISMISS ▾

MOTION TO DISMISS

  Comment
  91A

03/13/2020 MOTION - PROTECT ▾

PROTECT--ADMIN

03/27/2020 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING ON MOTION FOR PROTECTION/DISMISS

  Comment
  ON MOTION FOR PROTECTION/DISMISS

04/07/2020 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING RE: MOTION PROTECT AND DISMISS (VIA ZOOM)

  Comment
  AMENDED NOTICE OF HEARING RE: MOTION PROTECT & DISMISS (VIA ZOOM)

04/15/2020 OBJECTION ▾

HGSI'S OPPOSITION TO MOTION TO DISMISS

  Comment
  HGSI'S OPPOSITION TO MOTION TO DISMISS

04/15/2020 OBJECTION ▾

049

OBJECTION

Comment

TO SYNERGY'S MOTION FOR PROTECTION

04/17/2020 MOTION - LEAVE ▾

DEFENDANT'S MOTION FOR LEAVE / ZACHARY SAVAGE TO APPEAR PRO HAC VICE

Comment

FOR ZACHARY SAVAGE TO APPEAR PRO HAC VICE

04/20/2020 RESPONSE ▾

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Comment

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

04/20/2020 RESPONSE ▾

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Comment

REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

04/22/2020 Motion - Protect ▾

AMENDED NOTICE OF HEARING RE: MOTION PROTECT AND DISMISS (VIA ZOOM)

OBJECTION

Judicial Officer

PURDY, MONICA

Hearing Time

9:00 AM

Comment

ZOOM 1 HR * APRIL SANDEFUR 214 981 3800

04/24/2020 ORDER - DISMISSAL ▾

ORDER - DISMISSAL

Comment

91A, AS TO DEFENDANT CLAIM FOR KNOWING PARTICIPATION IN A BREACH OF FIDUCIARY
DUTY

04/28/2020 ORDER - PRETRIAL ▾

ORDER - PRETRIAL

Comment

NON JURY

04/29/2020 MISCELLANEOUS EVENT ▾

050

DE NOVO HEARING

Comment

DE NOVO HEARING

04/30/2020 NOTICE OF HEARING / FIAT ▾

NOTICE HEARING REQUEST DE NOVO

Comment

REQUEST DE NOVO

05/18/2020 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

DEF(HGSI) AMENDED ANSWER AND AMENDED COUNTER CLAIM

Comment

AND AMENDED COUNTER CLAIM

05/18/2020 AMENDED CROSS-CLAIM - AMENDED COUNTER-PETITION ▾

AMENDED CROSS-CLAIM - AMENDED COUNTER-PETITION

Comment

AMENDED COUNTER CLAIM

05/22/2020 MOTION HEARING ▾

DE NOVO HEARING

NOTICE HEARING REQUEST DE NOVO

Judicial Officer

SLAUGHTER, GENA

Hearing Time

02:30 PM

Comment

***ZOOM*** (SET UP BY ATTY) DE NOVO SET BY ZACK SAVAGE 201-615-3944

05/22/2020 MOTION - LEAVE ▾

DEFENDANT'S MOTION FOR LEAVE

05/22/2020 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER - GRANTING DEFENDANT'S MOTION FOR LEAVE

Comment

GRANTING DEFENDANT'S MOTION FOR LEAVE

05/22/2020 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON HGSI MOTION TO DISMISS

051

Comment
ON HGSI MOTION TO DISMISS

05/26/2020 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON DE NOVO REVIEW

Comment
PROPOSED ORDER ON DE NOVO REVIEW

06/08/2020 ORDER - MISC. ▾

ORDER ON DE NOVO REVIEW

Comment
ORDER ON DE NOVO REVIEW

06/10/2020 ORDER - LEAVE ▾

ORDER - LEAVE

Comment
TO AMEND COUNTER-CLAIMS TO JOIN ALI GANJAEI AS COUNTER-DEFENDANT

06/17/2020 PROPOSED ORDER/JUDGMENT ▾

PROPOSED SCHEDULING ORDER

Comment
PROPOSED SCHEDULING ORDER - PLAINTIFF

06/24/2020 ORDER - MISC. ▾

ORDER - MISC.

Comment
MOTION TO DISMISS DENIED/ MOTION FOR PROTECTION GRANTED

07/01/2020 NOTICE OF HEARING / FIAT ▾

MOTION HEARING NOTICE

Comment
MOTION HEARING

07/02/2020 NOTE - CLERKS ▾

Comment
COURT COPY RECD - BLACK BINDER IN ADMIN TRAY

07/02/2020 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

SECOND AMENDED ANSWER

052

Comment
SECOND AMENDED ANSWER AND SECOND AMENDED COUNTER CLAIM

07/02/2020 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING 07/08/2020 10:00 RE: SCHEDULING ORDER

Comment
AMENDED 07/08/2020 10:00 RE: SCHEDULING ORDER

07/02/2020 MOTION - ENTER ORDER ▾

DEF/ENTRY OF AMENDED SCHEDULING ORDER

Comment
HGSI'S MOTION FOR ENTRY OF AMENDED SCHEDULING ORDER

07/06/2020 NOTICE OF HEARING / FIAT ▾

NOTICE O HEARING - SCHEDULING ORDER

Comment
TO ENTER SCHEDULING ORDER

07/08/2020 MOTION HEARING ▾

MOTION HEARING NOTICE

AMENDED NOTICE OF HEARING 07/08/2020 10:00 RE: SCHEDULING ORDER

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

Comment
15 MINS SET BY TONYA 972-854-9479 *SCHEDULING ORDER* INFORMED TONYA ASHWORTH TO INCLUDE EMAIL ADDRESSES IN NOH

07/08/2020 MOTION - PRO HAC VICE ▾

MOTION PRO HAC VICE - ELIZA FINLEY

Comment
ELIZA FINLEY

07/17/2020 MOTION - EXTEND ▾

MOTION FOR EXTENSION OF TIME

Comment
FOR EXTENSION OF TIME

053

07/17/2020 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING - MOTION TO EXTEND

  Comment
  ON MOTION TO EXTEND

07/20/2020 MOTION - EXTEND ▾

DEFENDANT'S MOTION FOR EXTENSION OF TIME

  Comment
  - EXTENTION OF TIME FOR DEADLINES

07/20/2020 CERTIFICATE OF CONFERENCE ▾

AMENDED CERTIFICATE CONFERENCE/EXTENSION OF TIME-DEFENDANT

  Comment
  AMENDED CERTIFICATE CONFERENCE/EXTENSION OF TIME-DEFENDANT

07/23/2020 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING

  Comment
  AMENDED NOTICE

07/28/2020 WAIVER ▾

NOTICE OF WAIVER OF CITATION

  Comment
  NOTICE OF WAIVER OF CITATION

08/12/2020 RESPONSE ▾

PLAINTIFF'S RESPONSE TO HGSI'S MOTION FOR ENTRY OF AMENDED SCHEDULING ORDER

  Comment
  - PLAINTIFF'S RESPONSE TO HGSI'S MOTION FOR ENTRY OF AMENDED SCHEDULING ORDER

08/13/2020 RESPONSE ▾

RESPONSE TO MOTION EXTENSION OF TIME

  Comment
  TO MOTION EXTENSION OF TIME

08/14/2020 MOTION HEARING ▾

PROPOSED SCHEDULING ORDER

DEF/ENTRY OF AMENDED SCHEDULING ORDER

MOTION FOR EXTENSION OF TIME

054

AMENDED CERTIFICATE CONFERENCE/EXTENSION OF TIME-DEFENDANT

AMENDED NOTICE OF HEARING

PLAINTIFF'S RESPONSE TO HGSI'S MOTION FOR ENTRY OF AMENDED SCHEDULING ORDER

RESPONSE TO MOTION EXTENSION OF TIME

Judicial Officer
SLAUGHTER, GENA

Hearing Time
03:00 PM

Comment
MOTION TO ENTER SCHEDULING ORDER, SET BY TYSON GARCIA 832-341-7188, ZOOM ** ALSO, DEF'S EXTEND TIME - ELIZA FINLEY STATED TYSON GARCIA WORKS WITH MS FINLEY @ 310 789 3137 - WAS INFORMED TO INCLUDE PARTICIPANTS EMAIL ADDRESS IN NOH

08/17/2020 SPECIAL APPEARANCE ▼

SPECIAL APPEARANCE AND ORIGINAL ANSWER SUBJECT TO SPECIAL APPEARANCE

Comment
AND ORIGINAL ANSWER SUBJECT TO SPECIAL APPEARANCE

08/18/2020 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING ON SPECIAL APPEARANCE

Comment
NOTICE OF HEARING ON SPECIAL APPEARANCE

08/21/2020 CORRESPONDENCE - LETTER TO FILE ▼

LETTER TO JUDGE SLAUGHTER

Comment
LETTER TO JUDGE SLAUGHTER

08/21/2020 MOTION - ENTER ORDER ▼

MOTION - ENTRY FOR SCHEDULING ORDER

Comment
FOR SCHEDULING ORDER

08/26/2020 MOTION - PARTIAL SUMMARY JUDGMENT ▼

PLAINTIFF-MOTION FOR PARTIAL SUMMARY JUDGMENT

Comment
TRADITIONAL & NO-EVIDENCE

08/31/2020 AFFIDAVIT ▼

AFFIDAVIT/SUPPORT/AWARD ATTORNEY FEES-OPHELIA CAMINA

055

Comment

SUPPORT/AWARD ATTORNEY FEES-OPHELIA CAMINA

---

09/03/2020 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING ON PLAINTIFFS' TRADITIONAL AND NO-EVIDENCE MOTION FOR PARTIAL
SUMMARY JUDGMENT

Comment

ON PLAINTIFFS' TRADITIONAL AND NO-EVIDENCE MOTION FOR PARTIAL SUMMARY
JUDGMENT

---

09/11/2020 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING ON TRADITIONAL AND NO-EVIDENCE MOTION FOR PARTIAL
SUMMARY JUDGMETN

Comment

AMENDED NOTICE OF HEARING ON PALINTIFF'S TRADITIONAL AND NO-EVIDENCE MOTION
FOR PARTIAL SUMMARY JUDGMETN

---

09/14/2020 MOTION - COMPEL ▾

DEF/MOTION TO COMPEL

---

09/15/2020 MOTION - CONTINUANCE ▾

MOTION - CONTINUANCE

---

09/16/2020 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING - MOTION TO COMPEL

Comment

MOTION TO COMPEL

---

09/16/2020 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING - MOTION FOR SUMMARY JUDGMENT

Comment

MOTION FOR SUMMARY JUDGMENT

---

09/16/2020 MOTION - QUASH ▾

MOTION TO QUASH - JOHN H. FLOOD III

Comment

DEPOSITION OF JOHN H. FLOOD III

---

09/16/2020 MOTION - QUASH ▾

MOTION TO QUASH - MCCAIN

056

Comment
DEPOSITION OF WILKES MCCAIN

09/16/2020 MOTION - QUASH ▾

MOTION TO QUASH - SYNERGY GLOBAL

09/22/2020 MISCELLANEOUS EVENT ▾

Comment
DECLARATION GREGORY BRASSFIELD/IN SUPPORT OF AWARD ATTORNEY FEES

10/07/2020 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

SECOND AMENDED ANSWER AND THIRD AMENDED COUNTERCLAIM

Comment
SECOND AND THIRD AMENDED COUNTERCLAIM

10/07/2020 RESPONSE ▾

DEFENDANT OPPOSITION TO PLAINTIFF'S TRADITIONAL & NO-EVIDENCE MOTION SUMMARY
JUDGMENT

Comment
- DEFENDANT OPPOSITION TO PLAINTIFF'S TRADITIONAL & NO-EVIDENCE MOTION FOR
SUMMARY JUDGMENT

10/12/2020 RESPONSE ▾

RESPONSE TO MOTION TO COMPEL

Comment
TO MOTION TO COMPEL

10/14/2020 Motion - Summary Judgment ▾

PLAINTIFF-MOTION FOR PARTIAL SUMMARY JUDGMENT

NOTICE OF HEARING ON PLAINTIFFS' TRADITIONAL AND NO-EVIDENCE MOTION FOR PARTIAL
SUMMARY JUDGMENT

NOTICE OF HEARING - MOTION FOR SUMMARY JUDGMENT

DEFENDANT OPPOSITION TO PLAINTIFF'S TRADITIONAL & NO-EVIDENCE MOTION SUMMARY
JUDGMENT

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:30 AM

Comment
GREG 214-981-3827/ ADDED MOTION TO CONTINUE SYNERGY'S MSJ SET BY KYSE GARCIA 832-341-
7188

057

10/14/2020 Motion - Compel ▼

NOTICE OF HEARING - MOTION TO COMPEL

RESPONSE TO MOTION TO COMPEL

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:00 AM

Comment
15 MINS SET BY TYSON 832-341-7188

10/14/2020 RESPONSE ▼

PLAINTIFFS RESPONSE TO MOTION TO CONTINUE

Comment
PLAINTIFFS RESPONSE TO MOTION TO CONTINUE

10/16/2020 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER ON OCTOBER 14, 2020 HEARING

Comment
ON AUGUST 14, 2020 HEARING

10/27/2020 ORDER - MISC. ▼

ORDER - MISC.

Comment
TO CONTINUE MSJ HEARING

10/29/2020 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER REGARDING HEARING HELD ON 8/14/20

Comment
PROPOSED ORDER REGARDING HEARING HELD ON 8/14/20

11/02/2020 MOTION - COMPEL ▼

MOTION TO COMPEL

11/03/2020 ORIGINAL ANSWER TO CROSS CLAIM - COUNTER PETITION ▼

ORIGINAL ANSWER TO COUNTER-CLAIM - SYNERGY

Comment
PLAINTIFF'S ORIGINAL ANSWER TO DEFENDANT'S SECOND AMENDED COUNTERCLAIMS

11/03/2020 ORIGINAL ANSWER TO CROSS CLAIM - COUNTER PETITION ▼

058

ORIGINAL ANSWER TO COUNTER-CLAIM - GANJAEI

Comment

COUNTER-DEFENDANT ALI GANJAEI'S ANSWER TO DEFENDANT'S SECOND AMENDED
COUNTERCLAIMS SUBJECT TO SPECIAL APPEARANCE

11/05/2020 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING ON DOCKET CONTROL ORDER AND DEFENDANTS MOTION TO COMPEL

Comment

ON DOCKET CONTROL ORDER AND DEFENDANTS MOTION TO COMPEL

11/09/2020 NOTICE OF HEARING / FIAT ▼

AMENDED NOTICE OF HEARING ON DEFENDANT'S MOTION TO COMPEL AND DOCKET CONTROL
ORDER

Comment

AMENDED / ON DEFENDANT'S MOTION TO COMPEL AND DOCKET CONTROL ORDER

11/09/2020 NOTICE OF HEARING / FIAT ▼

AMENDED NOTICE OF HEARING ON DEFENDANTS SPECIAL APPEARANCE

Comment

AMENDED / ON SPECIAL APPEARANCE

11/10/2020 ORDER - MISC. ▼

ORDER - MISC.

Comment

FOR EXTENSION OF TIME

11/23/2020 VACATION LETTER ▼

VACATION LETTER - GREGORY BRASSFIELD

Comment

VACATION LETTER - GREGORY BRASSFIELD

11/25/2020 AMENDED ANSWER - AMENDED GENERAL DENIAL ▼

3RD AMENDED ANSWER/4TH AMENDED COUNTERCLAIMS-DEFENDANT

Comment

3RD AMENDED ANSWER/4TH AMENDED COUNTERCLAIMS

12/01/2020 RESPONSE ▼

RESPONSE TO MOTION TO COMPEL DOCUMENTS

Comment

RESPONSE TO MOTION TO COMPEL DOCUMENTS

059

12/04/2020 Motion - Compel ▾

Judicial Officer
SLAUGHTER, GENA

Hearing Time
02:00 PM

Comment
& docket control order

12/09/2020 PROPOSED ORDER/JUDGMENT ▾

NON-SIGNED PROPOSED ORDER/JUDGMENT

Comment
PROPOSED ORDER ON DEPOSITION OF JOHN FLOOD

12/09/2020 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER LEVEL III SCHEDULING ORDER

Comment
PROPOSED LEVEL III SCHEDULING ORDER

01/07/2021 SCHEDULING ORDER ▾

SCHEDULING ORDER

Comment
LEVEL 3

02/08/2021 MISCELLANEOUS EVENT ▾

PLAINTIFF MOTION TO EXCEED APPENDIX PAGE LIMIT

Comment
MOTION TO EXCEED APPENDIX PAGE LIMIT

02/08/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO EXCEED APPENDIX PAGE LIMIT

Comment
PROPOSED ORDER TO EXCEED APPENDIX PAGE LIMIT

02/08/2021 MOTION - SUMMARY JUDGMENT ▾

PLAINTIFF STATUTE OF LIMITATIONS MSJ

Comment
STATUE OF LIMITATIONS

02/08/2021 MISCELLANEOUS EVENT ▾

060

PLAINTIFF APPENDIX RE: MOTION SUMMARY JUDGMENT

Comment
APPENDIX TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

02/08/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING RE: PLAINITFF MSJ ON STATUTE OF LIMITATIONS

Comment
RE: PLAINITFF MSJ ON STATUTE OF LIMITATIONS

02/11/2021 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

4TH AMENDED ANSWER AND 5TH AMENDED COUNTER CLAIMS

Comment
AND FIFTH AMENDED COUNTERCLAIMS

02/11/2021 MISCELLANEOUS EVENT ▾

BUSINESS RECORDS OPPOSITION TO SPEC APPEAR

Comment
BUSINESS RECORDS DECLARATION SUBMITTED BY NARASIMHA MURTHY IN OPPOSITION TO
ALI GANJAEI' SSPECIAL APPEARANCE

02/11/2021 AFFIDAVIT ▾

DECLARATION OF GENJAEI

Comment
DECLARATION OF GANJAEI

02/12/2021 NOTICE OF HEARING / FIAT ▾

PLAINITFF AMENDED NOTICE OF HEARING RE: PLAINTIFF MSJ ON STATUTE OF LIMITATIONS

Comment
RE: PLAINTIFF MSJ ON STATUTE OF LIMITATIONS

02/15/2021 Non Jury Trial ▾

1 9 1 Cover Sheet

1 9 1 Cover Sheet

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:30 AM

Cancel Reason
HEARING RESCHEDULED

02/17/2021 MOTION - STRIKE ▾

061

MOTION TO PARTIALLY STRIKE COUNTER AFFIDAVIT ALI GANJAEI'S SPECIAL APPEARANCE AND DECLARATION

Comment

PARTIALLY STRIKE COUNTER DEFENDANT ALI GANJAEI'S SPECIAL APPEARANCE AND DECLARATION

02/22/2021 MISCELLANEOUS EVENT ▾

DECALRATION TO (MURTHY) INOPPOSITION TO (GANJAEI) SPECIAL APPREAANCE

Comment

DECLARATION OF NARASIMHA MURTHY IN OPPOSITION TO ALI GANJAEI'S SPECIAL APPEARANCE

03/01/2021 Special Appearance ▾

NOTICE OF HEARING ON SPECIAL APPEARANCE

Judicial Officer

SLAUGHTER, GENA

Hearing Time

10:00 AM

Comment

7 HOUR TYSON GARCIA 713/655-5646 BY ZOOM

03/12/2021 Motion - Summary Judgment ▾

PLAINTIFF STATUTE OF LIMITATIONS MSJ

PLAINTIFF APPENDIX RE: MOTION SUMMARY JUDGMENT

NOTICE OF HEARING RE: PLAINITFF MSJ ON STATUTE OF LIMITATIONS

Judicial Officer

SLAUGHTER, GENA

Hearing Time

10:00 AM

Cancel Reason

REQUESTED BY ATTORNEY/PRO SE

03/12/2021 PROPOSED ORDER/JUDGMENT ▾

FINDING OF FACTS AND CONCLUSIONS OF LAW

Comment

FINDING OF FACTS AND CONCLUSIONS OF LAW

03/12/2021 PROPOSED ORDER/JUDGMENT ▾

FINDING OF FACT AND CONCLUSIONS OF LAW

Comment

FINDINGS OF FACT AND CONCLUSIONS OF LAW

03/17/2021 RETURN OF SERVICE ▾

EXECUTED ATTORNEY ISSUED SUBPOENA - PRICEWATERHOUSECOOPERS, LLP

Comment

EXECUTED ATTORNEY ISSUED SUBPOENA - PRICEWATERHOUSECOOPERS, LLP

03/23/2021 RESPONSE ▾

RESPONSE TO SYNERGY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Comment

TO SYNERGY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

03/25/2021 MOTION - QUASH ▾

MOTION TO QUASH

03/29/2021 AMENDED PETITION ▾

FIRST AMENDED PETITION

Comment

FIRST AMENDED

03/29/2021 ISSUE CITATION ▾

ISSUE CITATION - HGS HEALTHCARE, LLC

Comment

PLAINTIFF'S FIRST AMENDED PETITION

03/30/2021 Motion - Summary Judgment ▾

PLAINTIFF MOTION TO EXCEED APPENDIX PAGE LIMIT

PROPOSED ORDER TO EXCEED APPENDIX PAGE LIMIT

PLAINTIFF STATUTE OF LIMITATIONS MSJ

RESPONSE TO SYNERGY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Judicial Officer

SLAUGHTER, GENA

Hearing Time

9:30 AM

Comment

SET BY TONYa 972-854-9479

03/30/2021 PROPOSED ORDER/JUDGMENT ▾

063

PROPOSED ORDER DENYING MOTION SUMMARY JUDGMENT

Comment
PROPOSED ORDER DENYING MOTION SUMMARY JUDGMENT

03/30/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER - GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (STATUTE-OF-LIMITATIONS)

Comment
- GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ITS STATUTE-OF-LIMITATIONS AFFIRMATIVE DEFENSE

03/31/2021 CORRESPONDENCE - LETTER TO FILE ▾

ADDRESSED TO JUDGE REGARDING PLAINTIFF'S PRESENTATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comment
- ADDRESSED TO JUDGE REGARDING PLAINTIFF'S PRESENTATION IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

04/02/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO DENY PARTIALLY COUNTER-DEFENDANT ALI GANJAIE/SPECIAL APPEARANCE/DECLARATION-DEF

Comment
PROPOSED PARTIALLY STRIKE COUNTER DEFENDANT ALI GANJAEI/SPECIAL APPEARANCE/DECLARATION-DEFENDANT

04/05/2021 CITATION ▾

Served
06/16/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
06/21/2021
Comment
HGS HEALTHCARE, LLC

06/07/2021 VACATION LETTER

06/11/2021 MOTION - LEAVE ▾

MOTION FOR LEAVE

064

Comment

TO FILE ADDITIONAL EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS STATUTE OF LIMITATIONS DEFENSE

06/11/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL EVIDENCE

Comment

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL EVIDENCE

06/11/2021 AMENDED PETITION ▾

SECOND AMENDED PETITION

Comment

SECOND AMENDED

06/15/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING RE: MOTION FOR LEAVE

Comment

RE: MOTION FOR LEAVE

06/15/2021 NOTICE OF APPEARANCE ▾

NOTICE OF APPEARANCE

06/21/2021 RETURN OF SERVICE ▾

EXECUTED CITATION - HGS HEALTHCARE, LLC

Comment

EXECUTED CITATION - HGS HEALTHCARE, LLC

06/22/2021 REQUEST FOR SERVICE ▾

REQUEST FOR CITATION VIA EMAIL

06/22/2021 ISSUE CITATION ▾

ISSUE CITATION - HGS HEALTHCARE, LLC

06/23/2021 VACATION LETTER

06/29/2021 CITATION ▾

Served

07/22/2021

Anticipated Server

ESERVE

065

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
07/22/2021

Comment
HGS HEALTHCARE, LLC

---

07/08/2021 Motion - Leave ▾

MOTION FOR LEAVE

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL EVIDENCE

NOTICE OF HEARING RE: MOTION FOR LEAVE

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:30 AM

Comment
PL/MTN LVE FILED 06/11/21 30M TONIA 214-292-3634

---

07/08/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON SPECIAL APPEARANCE

Comment
PROPOSED ORDER ON SPECIAL APPEARANCE

---

07/08/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON SPECIAL APPEARANCE

Comment
PROPOSED ORDER ON SPECIAL APPEARANCE

---

07/19/2021 MOTION - STRIKE ▾

DEFS MTN TO STRIKE

---

07/19/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO STRIKE

Comment
PROPOSED ORDER TO STRIKE

---

07/22/2021 CERTIFICATE OF DEPOSITION ▾

CERT DEPO

Comment
SIBY JOY

066

07/22/2021 RETURN OF SERVICE ▼

EXECUTED CITATION - HGS HEALTHCARE, LLC

Comment

EXECUTED CITATION - HGS HEALTHCARE, LLC

07/29/2021 CERTIFICATE OF DEPOSITION ▼

CERT DEPO

Comment

MARK POPALY

08/16/2021 AMENDED ANSWER - AMENDED GENERAL DENIAL ▼

FIFTH AMENDED ANSWER AND AMD CTR-CL

Comment

FIFTH / AND 5TH AMENDED COUNTERCLAIMS

09/02/2021 MOTION - COMPEL ▼

MOTION TO COMPEL

09/02/2021 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER TO COMPEL

Comment

PROPOSED ORDER TO COMPEL

09/02/2021 CERTIFICATE OF CONFERENCE ▼

CERT OF CONF

Comment

ON MTN TO STRIKE

09/10/2021 CERTIFICATE OF DEPOSITION ▼

REPORTERS CERTIFICATE OF DEPOSITION - NARASIMBA MURTHY - JULY 12, 2021

Comment

REPORTERS CERTIFICATE OF DEPOSITION - NARASIMBA MURTHY - JULY 12, 2021

09/13/2021 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING

Comment

ON MTN TO STRIKE

09/15/2021 AMENDED ANSWER - AMENDED GENERAL DENIAL ▼

067

FIFTH AMENDED ANSWER AND SIXTH AMENDED COUNTERCLAIMS

Comment

FIFTH AMENDED ANSWER AND SIXTH AMENDED COUNTERCLAIMS

09/16/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment

ON MTN TO COMPEL

09/23/2021 Motion - Strike ▾

DEFS MTN TO STRIKE

PROPOSED ORDER TO STRIKE

Judicial Officer

SLAUGHTER, GENA

Hearing Time

10:00 AM

Cancel Reason

HEARING RESCHEDULED

Comment

DF/MTN STRIKE FILED 07/19/21 30M OPHELIA CAMINA 214-213-9027 (VIA ZOOM)

09/24/2021 RULE 11 ▾

RULE 11 AGREEMENT

Comment

AGREEMENT - RE EXPERTS

09/27/2021 MOTION - PROTECT ▾

MTN TO PROTECT

10/01/2021 RESPONSE ▾

OPPOSITION TO MTN TO COMPEL THE DEPOSITIONS

Comment

OPPOSITION TO MTN TO COMPEL THE DEPOSITIONS

10/01/2021 RESPONSE ▾

PLT OPPOSITION TO MTN THE STRIKE

Comment

OPPOSITION TO MTN TO STRIKE

10/05/2021 PROPOSED ORDER/JUDGMENT ▾

068

PROPOSED ORDER DENYING MTN TO STRIKE

> Comment
>
> PROPOSED ORDER DENYING MTN TO STRIKE

---

10/05/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO COMPEL

> Comment
>
> PROPOSED ORDER TO COMPEL

---

10/06/2021 Motion - Strike ▾

DEFS MTN TO STRIKE

PROPOSED ORDER TO STRIKE

MOTION TO COMPEL

CERT OF CONF

PLT OPPOSITION TO MTN THE STRIKE

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:00 AM

Comment
ZOOM. OPHELIA CAMINA 2/213-9027 & PLT MTN COMPEL TO FOLLOW

---

10/06/2021 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING RE: PLAINITFF MTN COMPEL

> Comment
>
> AMENDED RE: PLAINITFF MTN COMPEL

---

10/06/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER (SYNERGY) MTN COMPEL DEPO OF (DESARKAR & PALAKODETI)

> Comment
>
> PROPOSED ORDER (SNERGY) MTN COMPEL

---

10/06/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER (HGSI) MTN STRIKE (SNERGY) ATTEMPT TO ADD (HGS) AS DEFENDANT

> Comment
>
> PROPOSED ORDER (HGSI) MTN ASTRIKE (SNERGY) ATTEMPT TO ADD (HGS) AS DEFENDANT

---

10/06/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING RE: DEFENDANT (HGS) MTN PROTECTIVE ORDER

Comment
RE: DEFENDANT (HGS) MOTION PROTECTIVE ORDER

10/08/2021 Motion - Compel ▼

MOTION TO COMPEL

OPPOSITION TO MTN TO COMPEL THE DEPOSITIONS

AMENDED NOTICE OF HEARING RE: PLAINITFF MTN COMPEL

PROPOSED ORDER (SYNERGY) MTN COMPEL DEPO OF (DESARKAR & PALAKODETI)

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:30 AM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

Comment
PL/MTN COMPEL FILED 09/02/21 15M TONIA 214-292-3634 (VIA ZOOM)

10/13/2021 DISCOVERY ▼

DEFS NOTICE OF SUBPOENA FOR DEPOSITION

Comment
DEFS NOTICE OF SUBPOENA FOR DEPOSITION

10/13/2021 MOTION - QUASH ▼

MTN TO QUASH AND PROTECT

Comment
AND PROTECT

10/18/2021 RETURN OF SERVICE ▼

AFFIDAVIT OF SERVICE -EXECUTED ATTORNEY ISSUED SUBPOENA - ALI GANJAEL

Comment
AFFIDAVIT OF SERVICE -EXECUTED ATTORNEY ISSUED SUBPOENA - ALI GANJAEL

10/18/2021 MOTION - QUASH ▼

MOTION TO QUASH AND PROTECT

Comment
AND PROTECT

10/18/2021 MOTION - QUASH ▼

070

MTN TO QUASH AND PROTECT

Comment
AND PROTECT

10/20/2021 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING

Comment
AMENDED ON MTN TO PROTECT

10/21/2021 NOTICE OF HEARING / FIAT ▼

SECOND AMENDED NOTICE OF HEARING

Comment
SECOND AMENDED

10/25/2021 MOTION - QUASH ▼

MOTION QUASH/NOTICE DEPOSITION SYNERGY GLOBAL OUTSOURCING LLC

Comment
NOTICE DEPOSITION SYNERGY GLOBAL OUTSOURCING LLC

10/29/2021 AMENDED ANSWER - AMENDED GENERAL DENIAL ▼

6TH AMENDED ANSWER

Comment
SIXTH / AND SIXTH AMD CTR-CL

10/29/2021 DESIGNATION OF EXPERT WITNESS(ES) ▼

DESIGNATION OF EXPERTS

11/02/2021 JURY DEMAND ▼

DEMAND FOR JURY TRIAL

11/08/2021 MOTION - COMPEL ▼

PLTS MTN TO COMPEL

11/08/2021 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER TO COMPEL

Comment
PROPOSED ORDER TO COMPEL

11/09/2021 NOTICE OF HEARING / FIAT ▼

071

NOTICE OF HEARING

Comment
ON MTN TO COMPEL

11/09/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
AMENDED ON MTN TO COMPEL

11/10/2021 RULE 11 ▾

RULE 11 AGREEMENT

Comment
AGREEMENT RE EXPERTS

11/10/2021 MOTION - SCHEDULING ORDER ▾

MTN FOR ENTRY OF AMENDED SCHEDULING ORDER

Comment
DEFS HGSI AND HGS HEALTHCARE

11/11/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
ON MTN FOR ENTRY OF AMD SCHEDULING

11/19/2021 DESIGNATION OF EXPERT WITNESS(ES) ▾

DESIGNATION OF EXPERT WITNESSES

11/23/2021 CERTIFICATE OF DEPOSITION ▾

CERT DEPO

Comment
NARASIMHA MURTHY

11/29/2021 RESPONSE ▾

RESPONSE TO MOTION FOR PROTECTIVE ORDER

Comment
TO HGS HEALTHCARE S MOTION FOR PROTECTIVE ORDER AND HGSI AND HGS HEALTHCARE S MOTION FOR ENTRY OF AMENDED SCHEDULING ORDER

12/02/2021 Motion - Protect ▾

MOTION TO COMPEL

072

PROPOSED ORDER TO COMPEL

CERT OF CONF

MTN TO PROTECT

NOTICE OF HEARING RE: DEFENDANT (HGS) MTN PROTECTIVE ORDER

SECOND AMENDED NOTICE OF HEARING

MTN FOR ENTRY OF AMENDED SCHEDULING ORDER

RESPONSE TO MOTION FOR PROTECTIVE ORDER

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:30 AM

Comment
1H - M/PROTECT & M/COMPEL & MTN FOR ENTRY AMD SCHEDULING ORDER - TYSON 832 341 7188
CELL

12/02/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING MTN TO COMPEL

Comment
PROPOSED ORDER DENYING MTN TO COMPEL

12/02/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED SCHEDULING ORDER

Comment
PROPOSED SCHEDULING ORDER

12/02/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON MTN TO COMPEL

Comment
PROPOSED ORDER MTN TO COMPEL

12/09/2021 MOTION - EXCLUDE ▾

DEF'S MTN TO EXCLUDE

Comment
EXPERT TESTIMONY

12/09/2021 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO EXCLUDE

Comment
PROPOSED ORDER TO EXCLUDE

12/09/2021 MOTION - SUMMARY JUDGMENT ▾

073

DEFS MTN FOR TRAD AND NO-EVID SJ

12/10/2021 MOTION - PARTIAL SUMMARY JUDGMENT ▾

PLAINTIFF'S AMENDED TRADITIONAL/NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

Comment
- AMENDED TRADITIONAL & NO-EVIDENCE

12/10/2021 MOTION - EXCLUDE ▾

MTN TO EXCLUDE EXPERTS

Comment
EXPERTS

12/10/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
ON MOTION FOR SUMMARY JUDGMT

12/13/2021 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
ON MSJ

12/15/2021 RESPONSE ▾

RESPONSE TO MOTION TO COMPEL

Comment
TO MOTION TO COMPEL

12/21/2021 Motion - Compel ▾

PLTS MTN TO COMPEL

PROPOSED ORDER DENYING MTN TO COMPEL

PROPOSED ORDER ON MTN TO COMPEL

RESPONSE TO MOTION TO COMPEL

Judicial Officer
SLAUGHTER, GENA

Hearing Time
12:30 PM

Comment
1HR - P/COMPEL - APRIL

01/07/2022 MOTION - CONTINUANCE ▾

074

PLTS MTN TO CONT SJ HEARING

Comment
SUMMARY JUDGMT HEARING

01/07/2022 MOTION - CONTINUANCE ▾

DEFS MTN TO CONT SJ HEARING

Comment
SUMMARY JUDGMT HEARING

01/07/2022 MISCELLANEOUS EVENT ▾

DEF'S OPPOSITION TO AMD MTN FOR PARTIAL SJ

Comment
OPPOSITION TO AMENDED MTN FOR PARTIAL SUMMARY JUDGMT

01/10/2022 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
ON MTN FOR CONT OF HEARING

01/10/2022 MOTION - QUASH ▾

MTN TO QUASH

01/10/2022 NOTICE OF APPEAL - CT. OF APPEALS ▾

NOTICE OF APPEAL-COURT OF APPEAL

Comment
DESIGNATION REQUESTED AT THE TIME OF ACCEPTANCE BY 4PM 1/19/22

01/13/2022 Motion - Continuance ▾

PLTS MTN TO CONT SJ HEARING

NOTICE OF HEARING

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:15 AM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

Comment
MSJ TONYA 214/292-3634

01/14/2022 Motion - Summary Judgment ▾

075

DEF'S MTN TO EXCLUDE

DEFS MTN FOR TRAD AND NO-EVID SJ

NOTICE OF HEARING

DEF'S OPPOSITION TO AMD MTN FOR PARTIAL SJ

Judicial Officer
SLAUGHTER, GENA

Hearing Time
02:00 PM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

Comment
1 HR - D/MSJ & D/M/EXCLUDE - TYSON 832 341 7188

---

01/18/2022 REQUEST REPORTER RECORD ▾

LETTER TO MELBA WRIGHT REGARDING REPORTER'S RECORD WITH THE FIFTH COURT OF
APPEALS

Comment
LETTER TO MELBA WRIGHT REGARDING REPORTER'S RECORD WITH THE FIFTH COURT OF
APPEALS

---

01/19/2022 MOTION - QUASH ▾

MTN TO QUASH

---

01/19/2022 REQUEST CLERK PREPARE RECORD ▾

REQUEST CLERK PREPARE REORD

Comment
DESIGNATION

---

01/20/2022 MOTION - MISCELLANEOUS ▾

MTN TO SHOW AUTHORITY

Comment
TO SHOW AUTHORITY

---

01/20/2022 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
ON MTN TO SHOW AUTHORITY

---

01/21/2022 NOTE - CLERKS ▾

Comment
PREPARING CLERK'S RECORD

**076**

01/24/2022 CLERK'S RECORD PAYMENT INVOICE ▾

   Comment
   $2,505.00

01/24/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED AMENDED SCHEDULING ORDER

   Comment
   PROPOSED AMENDED LEVEL III SCHEDULING ORDER

01/24/2022 COA - CORRESPONDENCE LETTER ▾

COA - CORRESPONDENCE LETTER

   Comment
   RE: NOTICE OF APPEAL

01/26/2022 NOTE - CLERKS ▾

   Comment
   PREPARING SUPPLEMENTAL CLERKS RECORD #1 05-22-00052-CV

01/26/2022 CLERK'S RECORD PAYMENT INVOICE ▾

   Comment
   SUPPLEMENTAL CLERKS RECORD #1 - $180.00

01/28/2022 VACATION LETTER

01/28/2022 SCHEDULING ORDER ▾

SCHEDULING ORDER

   Comment
   AMENDED

01/28/2022 REQUEST REPORTER RECORD ▾

DESIGNATION OF REPORTER S RECORD TO BE INCLUDED

   Comment
   TO BE INCLUDED IN THE RECORD ON APPEAL

01/28/2022 REQUEST CLERK PREPARE RECORD ▾

REQUEST FOR CLERK PREPARE RECORD

   Comment
   SUPPLEMENT #1 DESIGNATION OF CLERK S RECORD TO BE INCLUDED

01/31/2022 PROPOSED ORDER/JUDGMENT ▾

077

PROPOSED ORDER FOR PHV - ELIZA FINLEY

Comment

PROPOSED ORDER FOR PHV - ELIZA FINLEY

01/31/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER FOR PHV - ZACHARY SAVAGE

Comment

PROPOSED ORDER FOR PHV - ZACHARY SAVAGE

02/07/2022 NOTE - CLERKS ▾

Comment

PREPARING 2ND SUPPLEMENTAL CLERKS RECORD

02/07/2022 SUPPLEMENTAL RECORD PAYMENT INVOICE ▾

Comment

EMAILED ATTY $58.00

02/08/2022 COA - POST CARD ▾

COA - POST CARD

Comment

05-22-00052-CV

02/08/2022 COA - POST CARD ▾

COA - POST CARD

Comment

05-22-00052-CV

02/10/2022 APPELLATE RECORD ▾

2ND SUPPLEMENT APPELLATE RECORD

Comment

SUPLEMENTAL 05-22-00052-CV CLERKS RECORD 1 SUBMIT 5TH COA WITH CONFIRMATION #
47024

02/11/2022 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING

Comment

AMENDED - ON MTN TO SHOW AUTHORITY

02/11/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED PROTECTIVE ORDER

078

Comment
PROPOSED PROTECTIVE ORDER

02/11/2022 COA - POST CARD ▾

COA - POST CARD

Comment
05-22-00052-CV

02/11/2022 COA - POST CARD ▾

COA - POST CARD

02/16/2022 RULE 11 ▾

RULE 11 AGREEMENT

Comment
AGREEMENT - DISCOVERY

02/17/2022 ORDER - GRANTING PRO HAC VICE ▾

ORDER - GRANTING PRO HAC VICE

Comment
ZACHARY SAVAGE

02/17/2022 ORDER - LEAVE ▾

ORDER - LEAVE

Comment
TO FILE ADDITIONAL EVID IN SUPPORT OF ITS MSJ

02/17/2022 ORDER - GRANTING PRO HAC VICE ▾

ORDER - GRANTING PRO HAC VICE

Comment
ELIZA FINLEY

02/17/2022 ORDER - SPECIAL APPEARANCE ▾

ORDER - SPECIAL APPEARANCE AND DISMISSAL OF CLAIMS AGAINST ALI GANJAEI

Comment
AND DISMISSAL OF CLAIMS AGAINST ALI GANJAEI

02/17/2022 ORDER - MISC. ▾

ORDER - MISC. ON AUGUST 14,2020 HEARING - MSJ IS CONTINUED AND GRANTING DEFS MTN TO
COMPEL

079

Comment
ON AUGUST 14,2020 HEARING - MSJ IS CONTINUED AND GRANTING DEFS MTN TO COMPEL

02/22/2022 NOTE - CLERKS ▾

Comment
COPY TO PLT AND DEF (ORDER OF SPECIAL APPEAR)

02/22/2022 SUPPLEMENTAL CLERK'S RECORD REQUEST ▾

Ltr to Clerk Requesting Supp Clerk's Record.pdf

Comment
Supplemental Clerk's Record

02/23/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON MTN TO SHOW AUTHORITY

Comment
PROPOSED ORDER ON MTN TO SHOW AUTORITY

02/23/2022 MOTION - COMPEL ▾

MTN TO COMPEL

02/24/2022 MOTION HEARING ▾

MTN TO SHOW AUTHORITY

NOTICE OF HEARING

AMENDED NOTICE OF HEARING

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:30 AM

Comment
30 MINS - M/SHOW AUTHORITY - APRIL 214 981 3806

02/24/2022 AFFIDAVIT ▾

DECLARATION OF BARRY BARNETT

Comment
DECLARATION OF BARRY BARNETT

02/24/2022 AFFIDAVIT ▾

DECLARATION OF TIMOTHY FARRELL

Comment
DECLARATION OF TIMOTHY FARRELL

080

02/25/2022 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
ON MTN TO COMPEL

03/01/2022 COA - CORRESPONDENCE LETTER ▾

COA - CORRESPONDENCE LETTER

Comment
05-22-00052-CV

03/03/2022 APPELLATE RECORD ▾

APPELLATE RECORD

Comment
COA ORDER - 3RD SUPLEMENTAL 05-22-00052-CV CLERKS RECORD 1 SUBMIT 5TH COA WITH
CONFIRMATION # 47307

03/10/2022 MOTION - SCHEDULING ORDER ▾

MTN TO AMEND SCHEDULING ORDER

Comment
TO AMENDED

03/10/2022 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
ON MTN TO AMEND SCHEDULING

03/17/2022 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING

Comment
AMENDED - ON MTN TO AMEND SCHEDULING

03/17/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO RECONSIDER

Comment
PROPOSED ORDER ON MTN FOR RECONSIDERATION

03/17/2022 MOTION - RECONSIDER ▾

PLTS MTN FOR RECONSIDERATION

081

03/18/2022 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING

Comment

AMENDED - ON MTN TO AMEND SCHEDULING

03/21/2022 ORDER - STRIKE ▾

ORDER TO PARTIALLY STRIKE ALI GANJAEI SPECIAL APPEAR & DECLARATION

Comment

PARTIALLY STRIKE ALI GANJAEI SPECIAL APPEARANCE AND DECLARATION

03/23/2022 REQUEST CLERK PREPARE RECORD ▾

DESIGNATION OF SUPPLEMENTAL CLERK'S RECORD

Comment

Defendants' and Counter Plaintiffs' Designation of Supplemental Clerk's Record to be Included in the Record on Appeal

03/24/2022 NOTE - CLERKS ▾

Comment

05-22-00052-CV PREPARING SUPPLEMENTAL CLERK'S RECORD 4

03/24/2022 SUPPLEMENTAL RECORD PAYMENT INVOICE ▾

SUPPLEMENTAL RECORD PAYMENT INVOICE

Comment

05-22-00052-CV SUPPLEMENTAL CLERK'S RECORD 4 - EMAILED ATTORNEY $56.00

03/24/2022 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment

TO CLARIFY ORDER

03/25/2022 MOTION HEARING ▾

MTN TO AMEND SCHEDULING ORDER

NOTICE OF HEARING

Judicial Officer

SLAUGHTER, GENA

Hearing Time

11:15 AM

Cancel Reason

HEARING RESCHEDULED

082

Comment
15 MINS - M/AMEND SCHEDULING - ELIZA 408 348 2837

03/25/2022 APPELLATE RECORD ▾

APPELLATE RECORD

Comment
05-22-00052-CV SUPPLEMENTAL CLERK'S RECORD 4 SUBMITTED TO 5TH COA WITH TRACE #47582

03/28/2022 RESPONSE ▾

RESPONSE TO PLTS MTN TO AMEND SCHEDULING ORDER

Comment
TO PLTS MTN TO AMEND SCHEDULING ORDER

03/31/2022 MOTION HEARING ▾

RESPONSE TO PLTS MTN TO AMEND SCHEDULING ORDER

Judicial Officer
SLAUGHTER, GENA

Hearing Time
1:00 PM

Comment
Eliza 310-789-3137

03/31/2022 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING

Comment
AMENDED / ON MTN TO AMEND SCHEDULING

04/04/2022 NOTE - CLERKS ▾

Comment
NOTEBOOK/COURTESY COPY APPELLANTS BRIEF

04/05/2022 RESPONSE ▾

RESPONSE TO MTN TO COMPEL

Comment
TO MTN TO COMPEL

04/06/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING MTN TO COMPEL

Comment
PROPOSED ORDER DENYING MTN TO COMPEL

04/07/2022 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER COMPEL ALI GANJAEI

   Comment
   PROPOSED ORDER COMPEL ALI GANJAEI

04/07/2022 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER TO AMEND SCHEDULING ORDER

   Comment
   PROPOSED ORDER ON DEFS MTN TO AMEND SCHEDULING ORDER

04/08/2022 Motion - Compel ▼

MTN TO COMPEL

NOTICE OF HEARING

MTN TO AMEND SCHEDULING ORDER

AMENDED NOTICE OF HEARING

RESPONSE TO MTN TO COMPEL

PROPOSED ORDER DENYING MTN TO COMPEL

Judicial Officer
SLAUGHTER, GENA

Hearing Time
01:45 PM

Comment
***zoom link sent** 45 MINS - M/COMPEL & SCH ORD - OTHELIA 214 213 9027

04/08/2022 COA - POST CARD ▼

COA - POST CARD

   Comment
   05-22-00052-CV

04/13/2022 MISCELLANEOUS EVENT ▼

SUPPLEMENT TO REQ FOR PAYMENT INTO THE COURT REGISTRY

   Comment
   SUPPLEMENT TO REQ FOR PAYMENT INTO THE COURT REGISTRY

04/14/2022 MOTION HEARING ▼

NOTICE OF HEARING

Judicial Officer
SLAUGHTER, GENA

084

Hearing Time
1:00 PM

Comment
RE: CLAIRFY ORDER SIGNED 3/21/22 / MR. HURST 214 981 3838

04/14/2022 CORRESPONDENCE - LETTER TO FILE ▾

LETTER TO JUDGE SLAUGHTER

Comment
LETTER TO JUDGE SLAUGHTER

04/14/2022 RESPONSE ▾

RESPONSE/HGSI/HGS HEALTHCARE/SYNGERY SUPPLEMENTAL REQUEST/PRETRIAL ATTACHMENT
OF FUNDS

Comment
PRELIMINARY RESPONSE HGSI AND HGS HEALTHCARE/SYNERGY SUPPLEMENTAL
REQUEST/FOR PRETRIAL ATTACHMENT OF FUNDS

04/14/2022 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE DEPOSITION/HINDUJA GLOBAL SOLUTIONS INC/MARK POPALY

Comment
HINDUJA GLOBAL SOLUTIONS INC/MARK POPALY

04/14/2022 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE DEPOSITION/HGS HEALTHCARE/MARK POPALY

Comment
HGS HEALTHCARE LLC/MARK POPALY

04/15/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING MTN TO PARTIALLY STRIKE

Comment
PROPOSED ORDER DENYING MTN TO PARTIALLY STRIKE

04/15/2022 MOTION - MISCELLANEOUS ▾

PLAINTIFF S EMERGENCY MOTION REQUESTING PAYMENT OF COMMISSIONS

Comment
EMERGENCY MOTION REQUESTING PAYMENT OF COMMISSIONS INTO THE COURT REGISTRY

04/20/2022 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
ON EMERGENCY MTN REQUESTING PAYMENT

085

04/26/2022 ORDER - PROTECT ▾

ORDER - PROTECT

04/26/2022 OBJECTION ▾

OBJECTION/OPPOSITION PRETRIAL ATTACHMENT

Comment
OPPOSITION PRETRIAL ATTACHMENT

04/27/2022 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING

Comment
AMENDED ON MTN REQ PAYMENT

04/28/2022 ORDER - MISC. ▾

ORDER - MISC.

Comment
REGARDING APRIL 14, 2022 REQUEST FOR CLARIFICATION

05/02/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO COMPEL ALI GANJAEI

Comment
PROPOSED ORDER TO COMPEL ALI GANJAEI

05/02/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED AMENDED SCHEDULING ORDER

Comment
PROPOSED AMENDED SCHEDULING ORDER

05/03/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER RE MTN REQ PAYMENT

Comment
PROPOSED ORDER RE MTN REQ PAYMENT

05/04/2022 MOTION HEARING ▾

PLAINTIFF S EMERGENCY MOTION REQUESTING PAYMENT OF COMMISSIONS

AMENDED NOTICE OF HEARING

Judicial Officer
SLAUGHTER, GENA

086

Hearing Time
09:30 AM

Comment
PL/EMERG MTN REQUESTING PAYMENT OF COMMISSION INTO COURT REGISTRY FILED 04/15/22
30M GINA FLORES 214-292-3637 (VIA ZOOM)

05/06/2022 SCHEDULING ORDER ▾

SCHEDULING ORDER

Comment
AMENDED

05/06/2022 ORDER - COMPEL ▾

ORDER - COMPEL

Comment
ALI GANJAEI

05/09/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING MTN REQUESTING PAYMENT

Comment
PROPOSED ORDER DENYING MTN REQUESTING PAYMENT

05/23/2022 Special Setting ▾

1 9 1 COVER SHEET

1 9 1 COVER SHEET

191st COVER SHEET

191st COVER SHEET

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:30 AM

05/26/2022 REQUEST CLERK PREPARE RECORD ▾

SUPPLEMENTAL 1

Comment
David Coale Letter to Chief Clerk Requesting Supplemental Clerk's Record

06/08/2022 NOTE - CLERKS ▾

Comment
05-22-00052-CV PREPARING SUPPLEMENTAL CLERK'S RECORD 5

06/08/2022 SUPPLEMENTAL RECORD PAYMENT INVOICE ▾

087

SUPPLEMENTAL RECORD PAYMENT INVOICE

Comment

05-22-00052-CV SUPP CLERK'S RECORD 5 - EMAILED ATTORNEY $36.00

06/09/2022 APPELLATE RECORD ▾

APPELLATE RECORD

Comment

05-22-00052-CV SUPPLEMENTAL CLERK'S RECORD 5 SUBMITTED TO 5TH COA WITH TRACE #48674

06/10/2022 COA - POST CARD ▾

COA - POST CARD

Comment

05-22-00052-CV

07/20/2022 MOTION - COMPEL ▾

MOTION TO COMPEL

Comment

TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS

07/22/2022 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment

ON MTN TO COMPEL

08/17/2022 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment

FOR A STATUS CONF

09/06/2022 RESPONSE ▾

TO HSGI AND HGSHS MOTION TO COMPEL

Comment

TO HSGI AND HGSHS MOTION TO COMPEL SYNERGY TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS

09/07/2022 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING

Comment

AMENDED - ON MTN TO COMPEL AND STATUS CONF RE COA PROCEEDINGS

088

09/08/2022 Status Conference ▼

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:15 AM

Cancel Reason
HEARING RESCHEDULED

Comment
STAT. CONF. IN REFERENCE TO COA PROCEEDINGS

09/08/2022 Motion - Compel ▼

MOTION TO COMPEL

NOTICE OF HEARING

TO HSGI AND HGSHS MOTION TO COMPEL

Judicial Officer
SLAUGHTER, GENA

Hearing Time
09:30 AM

Cancel Reason
HEARING RESCHEDULED

Comment
30 MINS - D/M/COMPEL - TYSON 832 341 7188 - VIA ZOOM

09/21/2022 MISCELLANEOUS EVENT ▼

HGSI'S SUPPLEMENT TO MTN TO COMPEL

Comment
SUPPLEMENT TO MTN TO COMPEL

09/28/2022 VACATION LETTER

10/04/2022 Motion - Compel ▼

MOTION TO COMPEL

TO HSGI AND HGSHS MOTION TO COMPEL

HGSI'S SUPPLEMENT TO MTN TO COMPEL

Judicial Officer
SLAUGHTER, GENA

Hearing Time
1:00 PM

Comment
SET BY ELIZA 408-348-2837 30M IN PERSON

089

10/04/2022 Status Conference ▾

Judicial Officer
SLAUGHTER, GENA

Hearing Time
1:00 PM

Comment
**STATUS CONF RE COA PROCEEDINGS** ELIZA 408-348-2837 (IN PERSON)

10/14/2022 CORRESPONDENCE - LETTER TO FILE ▾

LETTER TO JUDGE RE HEARING HELD ON OCT 4

Comment
LETTER TO JUDGE RE HEARING HELD ON OCT 4

10/14/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO COMPEL

Comment
PROPOSED ORDER TO COMPEL

10/17/2022 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO COMPEL

Comment
PROPOSED ORDER TO COMPEL

10/17/2022 CORRESPONDENCE - LETTER TO FILE ▾

PLTS LETTER RESPONSE TO UNSOLICITED LETTER BRIEF

Comment
PLTS LETTER RESPONSE TO UNSOLICITED LETTER BRIEF

10/19/2022 DISCOVERY ▾

DEFENDANT'S SECOND AMENDED NOTICE OF DEPOSITION

Comment
DEFENDANT'S SECOND AMENDED NOTICE OF DEPOSITION UPON ORAL EXAMINATION OF
GOBINATH NARAYANAN

01/03/2023 MOTION - PRO HAC VICE ▾

MTN FOR PHV

Comment
FOR TANNER LAICHE

01/03/2023 PROPOSED ORDER/JUDGMENT ▾

090

PROPOSED ORDER GRANTING PHV

Comment
PROPOSED ORDER GRANTING PHV

01/13/2023 COA - CORRESPONDENCE LETTER ▾

COA - CORRESPONDENCE LETTER

Comment
RE OPINION

01/13/2023 OPINION ▾

OPINION

01/17/2023 ORDER - GRANTING PRO HAC VICE ▾

ORDER GRANTING PHV

Comment
TANNER LAICHE

01/18/2023 DISCOVERY ▾

NOTICE OF INTENT

Comment
NOTICE OF INTENT

01/18/2023 DISCOVERY ▾

NOTICE OF INTENT

Comment
NOTICE OF INTENT

01/26/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER LVIL III SCHEDULING ORDER

Comment
PROPOSED LVL III SCHEDULING ORDER

01/27/2023 MOTION - SCHEDULING ORDER ▾

PLTS MTN FOR ENTRY OF SCHEDULING ORDER

Comment
PLAINTIFF'S

02/02/2023 SPECIAL APPEARANCE ▾

SPECIAL APPEARANCE

091

Comment
AND ANSWER TO 6TH AMENDED CTR-CLAIM (ALI GANJAEI) SUBJECT TO SPECIAL APPEAR

02/06/2023 MOTION - MISCELLANEOUS ▼

PLTS MTN TO DETERMINE

Comment
TO DETERMINE

02/06/2023 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING ON MTN FOR SCHEDULING

Comment
ON MTN FOR ENTRY OF SCHEDULING

02/07/2023 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING

Comment
ON COUNTER-DEFENDANTS SPECIAL APPEARANCE AND PLAINTIFFS RULE 248 MOTION TO
DETERMINE A QUESTION OF LAW

02/07/2023 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER ON MTN FOR SCHEDULING

Comment
PROPOSED ORDER ON MTN FOR ENTRY OF SCHEDULING ORDER

02/07/2023 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER ON MTN TO DETERMINE

Comment
PROPOSED ORDER ON MTN TO DETERMINE

02/07/2023 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER ON GANJAEIS SPECIAL APPEARANCE

Comment
PROPOSED ORDER ON GANJAEIS SPECIAL APPEARANCE

02/08/2023 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING

Comment
ON PLAINTIFFS MOTION FOR ENTRY OF SCHEDULING ORDER

02/14/2023 MOTION HEARING ▼

092

PLTS MTN FOR ENTRY OF SCHEDULING ORDER

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:30 AM

Cancel Reason
HEARING RESCHEDULED

Comment
30 MINS - M/SCHEDULING - RONNIE 214 981 3832 * IN PERSON

02/24/2023 NOTICE OF APPEARANCE ▾

BITUCE APPEARANCE/DANIELA VERA HOLMES

Comment
DANIELA VERA HOLMES

03/01/2023 MOTION - COMPEL

03/01/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO COMPEL

Comment
PROPOSED ORDER TO COMPEL

03/01/2023 OBJECTION ▾

Comment
& MOTION TO STAY OR CONTINUE GANJAEI SPECIAL APPEARANCE & RULE 248 MOTION

03/01/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO STAY GANJAEI SPECIAL APPEARANCE & RULE 248 MOTION

Comment
PROPOSED ORDER TO STAY GANJAEI SPECIAL APPEARANCE & RULE 248 MOTION

03/01/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING PLTF RULE 248 PETITION

Comment
PROPOSED ORDER DENYING PLTF RULE 248 PETITION

03/03/2023 MISCELLANEOUS EVENT ▾

OPPOSITION TO MTN FOR ENTRY OF SCHEDULING ORDER

Comment
OPPOSITION TO MTN FOR ENTRY OF SCHEDULING ORDER

03/03/2023 PROPOSED ORDER/JUDGMENT ▾

093

PROPOSED ORDER ON MTN FOR ENTRY OF A SCHEDULING ORDER

Comment

PROPOSED ORDER TO DENY MTN FOR ENTRY OF A SCHEDULING ORDER

03/07/2023 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING

Comment

ON SPECIAL APPEARANCE & MTN TO DETERMINE

03/07/2023 SPECIAL APPEARANCE ▾

AMENDED SPECIAL APPEARANCE

Comment

AMENDED

03/08/2023 MOTION HEARING ▾

PLTS MTN FOR ENTRY OF SCHEDULING ORDER

PROPOSED ORDER ON MTN FOR SCHEDULING

OPPOSITION TO MTN FOR ENTRY OF SCHEDULING ORDER

Judicial Officer

SLAUGHTER, GENA

Hearing Time

9:00 AM

Comment

ENTRY SCHEDULING ORDER. IN PERSON. RONIE BRACKEN 2/981-3832

03/16/2023 Special Appearance ▾

SPECIAL APPEARANCE

PLTS MTN TO DETERMINE

PROPOSED ORDER TO STAY GANJAEI SPECIAL APPEARANCE & RULE 248 MOTION

Judicial Officer

MERRITT, TAHIRA

Hearing Time

10:00 AM

Cancel Reason

REQUESTED BY ATTORNEY/PRO SE

Comment

1 HR - SPECIAL APPEAR AND P/M/DETERMINE RONNIE 214 981 3832 - * IN PERSON

03/22/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON MTN FOR ENTRY OF SCHEDULING

094

Comment

PROPOSED ORDER ON MTN FOR ENTRY OF SCHEDULING

03/22/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment

ON MTN TO COMPEL

03/30/2023 RETURNED MAIL ▾

RETURNED MAIL

Comment

NOTICE JURY TRIAL-BARRY BARNETT

04/03/2023 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING ON SPECIAL APPEARANCE

Comment

AMENDED - ON SPECIAL APPEARANCE AND MOTION TO DETERMINE

04/17/2023 MOTION - QUASH ▾

ALI GANJAEI AND SYNERGY GLOBAL OUTSOURCING, LLCS MOTION TO QUASH AND FOR
PROTECTION

Comment

ALI GANJAEI AND SYNERGY GLOBAL OUTSOURCING, LLCS MOTION TO QUASH AND FOR
PROTECTION

04/19/2023 PROPOSED ORDER/JUDGMENT ▾

[PROPOSED] ORDER GRANTING ALI GANJAEI AND SYNERGY GLOBAL OUTSOURCING, LLCS
MOTION TO QUASH

Comment

[PROPOSED] ORDER GRANTING ALI GANJAEI AND SYNERGY GLOBAL OUTSOURCING, LLCS
MOTION TO QUASH AND FOR PROTECTION FROM NOTICE AND SUBPOENA TO T-MOBILE

04/20/2023 OBJECTION ▾

TO AND VERIFIED MOTION TO CONTINUE ZOOM HEARING ON GANJAEI'S SPECIAL APPEARANCE

Comment

TO AND VERIFIED MOTION TO CONTINUE ZOOM HEARING ON GANJAEI'S SPECIAL
APPEARANCE

04/21/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING - NOTICE OF HEARING ON PLAINTIFFS MOTION TO QUASH AND FOR
PROTECTION FROM NOTICE

095

Comment
NOTICE OF HEARING ON PLAINTIFFS MOTION TO QUASH AND FOR PROTECTION FROM
NOTICE AND SUBPOENA TO T-MOBILE

04/21/2023 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER ON OBJECTION TO AND MOTION TO CONTINUE

Comment
PROPOSED ORDER ON OBJECTION TO AND MOTION TO CONTINUE

04/24/2023 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING - HGS PARTIES OBJECTION TO MOTION TO CONTINUE

Comment
HGS PARTIES OBJECTION TO MOTION TO CONTINUE

04/25/2023 RETURN OF SERVICE ▼

AFFIDAVIT OF SERVICE - EXECUTED ATTORNEY ISSUED SUBPOENA - T-MOBILE USA, INC

Comment
AFFIDAVIT OF SERVICE - EXECUTED ATTORNEY ISSUED SUBPOENA - T-MOBILE USA, INC

04/25/2023 SCHEDULING ORDER ▼

SCHEDULING ORDER

04/27/2023 MOTION - COMPEL ▼

HGS' MOTION TO COMPEL

04/27/2023 COUNTER CLAIM ▼

HGS' AMENDED ANSWER AND COUNTERCLAIMS

Comment
AMENDED ANSWER

04/27/2023 MOTION - MISCELLANOUS ▼

GANJAEI AND SYNERGY GLOBAL'S EMERGENCY MOTION FOR ORDER TO DESTROY AND
SANCTIONS

Comment
GANJAEI AND SYNERGY GLOBAL'S EMERGENCY MOTION FOR ORDER TO DESTROY AND
SANCTIONS

04/28/2023 RESPONSE ▼

096

PLAINTIFF'S RESPONSE TO HGSI AND HGSH'S MOTION TO COMPEL

Comment
RESPONSE TO HGSI AND HGSH'S MOTION TO COMPEL

04/28/2023 RESPONSE ▾

RESPONSE TO OBJECTION TO AND MOTION TO CONTINUE HEARING

Comment
RESPONSE TO OBJECTION TO AND MOTION TO CONTINUE HEARING

04/28/2023 SPECIAL APPEARANCE ▾

HGS PARTIES' AMENDED SPECIAL APPEARANCE

Comment
HGS PARTIES' AMENDED SPECIAL APPEARANCE

05/01/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
MOTION COMPEL 5/3/23 9:30 AM VIA ZOOM

05/01/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING - PLAINTIFF'S MOTION TO DESTROY AND SANCTIONS

Comment
PLAINTIFF'S MOTION TO DESTROY AND SANCTIONS

05/02/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING HGS PARTIES' AMENDED MOTION TO COMPEL SYNERGY AND GANJAEI

Comment
PROPOSED ORDER DENYING HGS PARTIES' AMENDED MOTION TO COMPEL SYNERGY AND GANJAEI

05/04/2023 PROPOSED ORDER/JUDGMENT ▾

[PROPOSED] ORDER ON PLAINTIFFS EMERGENCY MOTION FOR ORDER TO DESTROY AND SANCTIONS

Comment
[PROPOSED] ORDER ON PLAINTIFFS EMERGENCY MOTION FOR ORDER TO DESTROY AND SANCTIONS

05/05/2023 MOTION HEARING ▾

SPECIAL APPEARANCE

PLTS MTN TO DETERMINE

097

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:00 AM

Comment
MTN/DESTROY & SANCTIONS - 2/ 981-3832 RONNIE - **VIA ZOOM

05/05/2023 MOTION - MISCELLANOUS ▼

DEFENDANT'S OPPOSITION TO EMERGENCY MOTION FOR ORDER TO DESTROY AND SANCTIONS

Comment
OPPOSITION TO EMERGENCY MOTION FOR ORDER TO DESTROY AND SANCTIONS

05/05/2023 AFFIDAVIT ▼

OF SERVICE - EXECUTED - NOTICE OF INTENT TO SUBPOENA - T-MOBILE USA, INC

Comment
OF SERVICE - EXECUTED - NOTICE OF INTENT TO SUBPOENA - T-MOBILE USA, INC

05/08/2023 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER DENYING EMERGENCY MOTION FOR ORDER TO DESTROY AND FOR SANCTIONS

Comment
PROPOSED ORDER DENYING EMERGENCY MOTION FOR ORDER TO DESTROY AND FOR SANCTIONS

05/08/2023 NOTICE OF HEARING / FIAT ▼

PLAINTIFFS MOTION TO QUASH AND FOR PROTECTION FROM NOTICE AND SUBPOENA TO T-MOBILE

Comment
AMENDED NOTICE OF HEARING ON PLAINTIFFS MOTION TO QUASH AND FOR PROTECTION FROM NOTICE AND SUBPOENA TO T-MOBILE

05/09/2023 ORDER - DENY ▼

ORDER - DENY EMERGENCY MOTION FOR ORDER TO DESTROY AND FOR SANCTIONS

Comment
EMERGENCY MOTION FOR ORDER TO DESTROY AND FOR SANCTIONS

05/11/2023 NOTICE OF HEARING / FIAT ▼

DEFENDANTS SPECIAL APPEARANCE AND PLAINTIFFS RULE 248 MOTION TO DETERMINE A QUESTION OF LAW

Comment
DEFENDANTS SPECIAL APPEARANCE AND PLAINTIFFS RULE 248 MOTION TO DETERMINE A QUESTION OF LAW

098

05/12/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING HSG'S AMENDED MOTION TO COMPEL

Comment
HSG'S AMENDED MOTION TO COMPEL

06/01/2023 SUPREME COURT - POST CARD ▾

SUPREME COURT - POST CARD - 05-22-00052-CV

Comment
05-22-00052-CV

06/02/2023 Motion - Quash ▾

ALI GANJAEI AND SYNERGY GLOBAL OUTSOURCING, LLCS MOTION TO QUASH AND FOR PROTECTION

HGS' MOTION TO COMPEL

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:15 AM

Cancel Reason
HEARING RESCHEDULED

Comment
30M * PLT * RONNIE BRACKENS 214 981 3832 * ZOOM

06/20/2023 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - EXECUTED ATTORNEY ISSUED SUBPOENA - ALI GANJAEI

Comment
AFFIDAVIT OF SERVICE - EXECUTED ATTORNEY ISSUED SUBPOENA - ALI GANJAEI

06/20/2023 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - EXECUTED ATTORNEY ISSUED SUBPOENA - WILKES MCCAIN

Comment
AFFIDAVIT OF SERVICE - EXECUTED ATTORNEY ISSUED SUBPOENA - WILKES MCCAIN

06/26/2023 OBJECTION ▾

OBEJECTION TO SUBPOENA

Comment
TO SUBPOENA

06/26/2023 MOTION - CONTINUANCE ▾

AMENDED MOTION TO CONTINUE

099

Comment
AMENDED

06/26/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED AMENDED ORDER TO CONTINUE

Comment
PROPOSED AMENDED ORDER TO CONTINUE

06/27/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING HGS's AMENDED MOTION TO CONTINUE

Comment
HGS's AMENDED MOTION TO CONTINUE

06/27/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON GANJAEI'S OBJECTION TO SUBPOENA TO ATTEND HEARING

Comment
PROPOSED ORDER ON GANJAEI'S OBJECTION TO SUBPOENA TO ATTEND HEARING

06/27/2023 MOTION - COMPEL ▾

HGS' MOTION TO COMPEL

06/29/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING ON AMENDEDM OTION TO COMPELSYNERGY AND GANJAEI

Comment
ON AMENDED MOTION TO COMPEL SYNERGY AND GANJAEI

06/29/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING ON MOTION TO COMPEL JURISDICTIONAL DISCOVERY

Comment
ON MOTION TO COMPEL JURISDICTIONAL DISCOVERY

06/29/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING ON MOTION TO CONTINUE

Comment
ON MOTION TO CONTINUE

07/24/2023 RESPONSE ▾

RESPONSE TO MOTION TO COMPEL

Comment
RESPONSE TO MOTION TO COMPEL

100

07/24/2023 MOTION - QUASH ▾

OPPOSITION TO GANJAEI'S AND SYNERGY'S MOTION TO QUASH

Comment
OPPOSITION TO GANJAEI'S AND SYNERGY'S MOTION TO QUASH

07/24/2023 PROPOSED ORDER/JUDGMENT ▾

Comment
PLAINTIFF

07/25/2023 MOTION - SCHEDULING ORDER ▾

HGSI'S MOTION TO AMENDED SCHEDULING ORDER

Comment
HGSI

07/25/2023 PROPOSED ORDER/JUDGMENT ▾

Comment
HGSI'S PROPOSED ORDER TO AMEND SCHEDULING ORDER

07/27/2023 MOTION HEARING ▾

ALI GANJAEI AND SYNERGY GLOBAL OUTSOURCING, LLCS MOTION TO QUASH AND FOR PROTECTION

HGS' MOTION TO COMPEL

HGS PARTIES' AMENDED SPECIAL APPEARANCE

DEFENDANTS SPECIAL APPEARANCE AND PLAINTIFFS RULE 248 MOTION TO DETERMINE A QUESTION OF LAW

NOTICE OF HEARING HSG'S AMENDED MOTION TO COMPEL

AMENDED MOTION TO CONTINUE

PROPOSED AMENDED ORDER TO CONTINUE

PROPOSED ORDER ON GANJAEI'S OBJECTION TO SUBPOENA TO ATTEND HEARING

HGS' MOTION TO COMPEL

NOTICE OF HEARING ON AMENDEDM OTION TO COMPELSYNERGY AND GANJAEI

NOTICE OF HEARING ON MOTION TO COMPEL JURISDICTIONAL DISCOVERY

NOTICE OF HEARING ON MOTION TO CONTINUE

PROPOSED ORDER DENYING HGSI'S AND HGSH'S/COMPEL JURISDICTION DISCOVERY

Judicial Officer
SLAUGHTER, GENA

Hearing Time
2:00 PM

101

Comment
*IN PERSON - 1 HR - D/AMENDED MTN COMPEL & 1 HR D/SPEC. APPEARANCE & RULE 248 & 30M
P/M/QUASH - AMD M/CONTINUE

07/27/2023 PROPOSED ORDER/JUDGMENT ▾

Comment
PROPOSED ORDER TO QUASH AND PROTECT

07/27/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING HGSI'S AND HGSH'S/COMPEL JURISDICTION DISCOVERY

Comment
PROPOSED ORDER DENYING HGSI'S AND HGS'S/COMPEL JURISDICTIONAL DISCOVERY

08/08/2023 SCHEDULING ORDER ▾

SCHEDULING ORDER

Comment
AMENDED

09/12/2023 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON MOTION HEARD JULY 27, 2023

Comment
PROPOSED ORDER ON MOTION HEARD JULY 27, 2023

09/19/2023 CERTIFICATE OF DEPOSITION ▾

CERT DEPO HAROLD DAVIS

Comment
HAROLD DAVIS

09/22/2023 MOTION - LEAVE ▾

DEFENDANT'S MOTION FOR LEAVE

09/25/2023 CERTIFICATE OF DEPOSITION ▾

CERTIFICATE DEPOSITION

Comment
JYL APPLEGATE

10/02/2023 SUPREME COURT - POST CARD ▾

SUPREME COURT - POST CARD - 05-22-00052-CV

Comment
05-22-00052-CV

102

10/03/2023 ORDER - GRANTING PRO HAC VICE ▼

ORDER - GRANTING PRO HAC VICE

Comment
RAVI BHALLA

10/03/2023 ORDER - MISC. ▼

ORDER - ORDER ON MOTIONS HEARD JULY 27, 2023

Comment
ORDER ON MOTIONS HEARD JULY 27, 2023

10/27/2023 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER TO VACATE SCHEDULING ORDER

Comment
PROPOSED ORDER TO VACATE SCHEDULING ORDER

10/31/2023 MOTION - VACATE ▼

DEF'S MOTION TO VACATE

10/31/2023 DESIGNATE LEAD COUNSEL ▼

DESIGNATE LEAD COUNSEL

Comment
SUBJECT AND LIMITED TO SPECIAL APPEARANCE

11/02/2023 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING DEFENDANT'S MOTION TO VACATE

Comment
DEFENDANT'S MOTION TO VACATE

11/02/2023 MOTION - RECONSIDER ▼

DEF GANJAEI'S MOTION TO RECONSIDER

11/03/2023 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER TO RECONSIDER AND MOTION TO STAY

Comment
PROPOSED ORDER TO RECONSIDER AND MOTION TO STAY

11/08/2023 MOTION - MISCELLANOUS ▼

MOTION TO ENFORCE COURT ORDER

103

Comment
ENFORCE COMPLIANCE WITH COURT ORDER

11/13/2023 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING

Comment
COUNTER-DEFENDANT'S OPPOSED MOTION FOR RECONSIDERATION

11/14/2023 COA - CORRESPONDENCE LETTER ▼

COA - CORRESPONDENCE LETTER

Comment
05-22-00052-CV

11/14/2023 MANDATE AFFIRM ▼

MANDATE AFFIRM

Comment
05-22-00052-CV

11/16/2023 NOTICE OF HEARING / FIAT ▼

NOTICE OF HEARING - HGSI and HGS'S MOTION TO ENFORCE ORDER

Comment
HGSI and HGS'S MOTION TO ENFORCE ORDER

11/28/2023 MOTION - COMPEL ▼

MOTION TO COMPEL

11/28/2023 PROPOSED ORDER/JUDGMENT ▼

Comment
PROPOSED ORDER GRANTING MOTION TO COMPEL

11/29/2023 RESPONSE ▼

PLAINTIFF'S TO DEFENDANTS MOTION TO AMEND SCHEDULING ORDER

Comment
TO DEFENDANTS MOTION TO AMEND SCHEDULING ORDER

12/05/2023 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER DENYING MOTION TO VACATE

Comment
PROPOSED ORDER DENYING MOTION TO VACATE

104

12/06/2023 Motion - Vacate ▾

PROPOSED ORDER TO VACATE SCHEDULING ORDER

DEF'S MOTION TO VACATE

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:30 AM

Comment
30M * DEF'S M/VACATE * RAVI BHALLA 203 249 3216 * IN PERSON

12/06/2023 RESPONSE ▾

HGS'S OPPOSITION TO DEF'S MOTION TO RECONSIDER AND MOTION TO STAY

Comment
HGS'S OPPOSITION TO DEF'S MOTION TO RECONSIDER AND MOTION TO STAY

12/07/2023 RESPONSE ▾

RESPONSE TO MOTION TO ENFORCE COURT ORDER

Comment
RESPONSE TO MOTION TO ENFORCE COURT ORDER

12/07/2023 CORRESPONDENCE - LETTER TO FILE ▾

CORRESPONDENCE - LETTER TO FILE-TO JUDGE/UNDER SEAL EXHBITS E, F. G HGS PARTIES COMPEL

Comment
TO JUDGE FILED UNDER SEAL COURTSEY COPIES E, F, G TO THE HGS PARTIES/MOTION COMPEL SYNERGY/PRODUCE WILON M ITCHE/DEPOSITION

12/12/2023 Motion - Reconsider ▾

PROPOSED ORDER TO RECONSIDER AND MOTION TO STAY

DEF GANJAEI'S MOTION TO RECONSIDER

NOTICE OF HEARING

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:30 AM

Comment
30M * DEF'S M/RECONSIDER * COURTNEY TROTTER 972 707 1808 * IN PERSON

12/12/2023 MOTION HEARING ▾

MOTION TO ENFORCE COURT ORDER

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:00 AM

Comment
30M * DEF'S M/ENFORCE ORDER * ALSO, DEF'S M/COMPEL * RAVI BHALLA 203 249 3216 * IN PERSON

### 12/15/2023 BRIEF FILED ▾

BRIEF/LETTER TO JUDGE

Comment
LETTER TO JUDGE

### 12/18/2023 CORRESPONDENCE - LETTER TO FILE ▾

LETTER TO JUDGE SLAUGHTER

Comment
LETTER TO JUDGE SLAUGHTER

### 12/18/2023 PROPOSED ORDER/JUDGMENT ▾

Comment
PROPOSED ORDER TO ENFORCE

### 12/19/2023 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING

Comment
Notice of Hearing on HGSI and HGS Healthcare's Motion to Compel Synergy to Produce Wilson Mitchell for Deposition (originally filed 12/19/23, refiling per Clerk instruction).

### 12/20/2023 BRIEF FILED ▾

LETTER BRIEF

Comment
JUDGE SLAUGHTER

### 01/11/2024 MISCELLANOUS EVENT ▾

DECLRATION OF RAVI BHALLA

Comment
DECLARATION OF RAVI BHALLA

### 01/12/2024 RESPONSE ▾

SYNERGY'S RESPONSE TO DEFENDANTS MOTION TO COMPEL

Comment
TO MOTION TO COMPEL

01/12/2024 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING DEFENDANTS MOTION TO COMPEL

    Comment
    PROPOSED ORDER DENYING DEFENDANTS MOTION TO COMPEL

01/24/2024 NOTICE OF HEARING / FIAT ▾

NOTICE HEARING/AMENDED-COMPEL/ZOOM

    Comment
    AMENDED NOTICE HEARING/COMPEL-ZOOM

01/31/2024 AFFIDAVIT ▾

AFFIDAVIT/DECLARATION/PROFESSOR DOUGLAS MOLL/IN SUPPORT COMPEL WILSON MITCHELL/DEPOSITION

    Comment
    DECLARATION/PROFESSOR DOUGLAS MOLL/IN SUPPORT COMPEL WILSON MITCHELL/DEPOSITION

02/05/2024 MOTION - MISCELLANOUS ▾

HGS HEALTHCARE/RENEWED ENFORCE ALI GANJAEI COMPLIANCE/COURT ORDER

    Comment
    RENEWED MOTION TO ENFORCE ALI GANJAEI'S COMPLIANCE WITH COURT ORDER

02/05/2024 PROPOSED ORDER/JUDGMENT ▾

    Comment
    PROPOSED ORDER HGS HEALTHCARE/ENFORCE ALI GANJAIE/COMPLIANCE/COURT ORDER

02/07/2024 Motion - Compel ▾

MOTION TO COMPEL

SYNERGY'S RESPONSE TO DEFENDANTS MOTION TO COMPEL

PROPOSED ORDER DENYING DEFENDANTS MOTION TO COMPEL

NOTICE HEARING/AMENDED-COMPEL/ZOOM

NOTICE HEARING/ENFORCE ALI GANJAEI COMPLIANCE/IN PERSON

Judicial Officer
SLAUGHTER, GENA

Hearing Time
10:00 AM

Comment
30M - ZOOM * DEF'S M/COMPEL * MR BHALLA

02/07/2024 ORDER - COMPEL ▾

107

ORDER - COMPEL

02/09/2024 MISCELLANOUS EVENT ▾

    Comment
    E-SERVE COVER LETTER

02/15/2024 NOTICE OF HEARING / FIAT ▾

NOTICE HEARING/ENFORCE ALI GANJAEI COMPLIANCE/IN PERSON

    Comment
    ENFORCE ALI GANJAEI COMPLIANCE/IN PERSON

02/15/2024 CORRESPONDENCE - LETTER TO FILE ▾

LETTER RE: EXHIBITS I & J TO MOTION TO COMPEL

    Comment
    RE: EXHIBITS I & J TO MOTION TO COMPEL

02/15/2024 PROPOSED ORDER/JUDGMENT ▾

    Comment
    PROPOSED AMENDED SCHEDULING ORDER

03/15/2024 RESPONSE ▾

ALI GANJAEI'S RESPONSE IN OPPOSITION TO HGS HEALTHCARE'S 2ND RENEWED MOTION TO
ENFORCE COMPLIANCE

    Comment
    ALI GANJAEI'S RESPONSE IN OPPOSITION TO HGS HEALTHCARE'S 2ND RENEWED MOTION TO
    ENFORCE COMPLIANCE

03/15/2024 PROPOSED ORDER/JUDGMENT ▾

    Comment
    PROPOSED ORDER DENYING HGS HEALTHCARE'S RENEWED MOTION TO ENFORCE
    COMPLIANCE

03/21/2024 NOTICE OF HEARING / FIAT ▾

NOTICE HEARING-AMENDED NOTICE HEARING/RENEWED ENFORCE ALI GANJAEI
COMPLIANCE/COURT ORDER-IN PERSON

    Comment
    AMENDED NOTICE HEARING/RENEWED ENFORCE ALI GANJAEI COMPLIANCE/COURT ORDER-
    IN PERSON

03/27/2024 MOTION HEARING ▾

HGS HEALTHCARE/RENEWED ENFORCE ALI GANJAEI COMPLIANCE/COURT ORDER

108

NOTICE HEARING/ENFORCE ALI GANJAEI COMPLIANCE/IN PERSON

ALI GANJAEI'S RESPONSE IN OPPOSITION TO HGS HEALTHCARE'S 2ND RENEWED MOTION TO ENFORCE COMPLIANCE

NOTICE HEARING-AMENDED NOTICE HEARING/RENEWED ENFORCE ALI GANJAEI COMPLIANCE/COURT ORDER-IN PERSON

Judicial Officer
SLAUGHTER, GENA

Hearing Time
1:30 PM

Comment
MOTION TO ENFORCE SET BY RAVI #203-249-3216, 30M, IN PERSON

04/02/2024 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER MOTIONS HEARD 3/27/24

Comment
PROPOSED ORDER HEARD MARCH 27, 2024

04/02/2024 NOTICE OF CHANGE OF ADDRESS ▼

NOTICE OF CHANGE OF ADDRESS

Comment
RAVI BHALLA

04/04/2024 ORDER - MISC. ▼

ORDER - MISC.

Comment
MOTIONS HEARD ON MARCH 27,2024

04/19/2024 VACATION LETTER

06/05/2024 MOTION - MISCELLANOUS ▼

MOTION TO ENFORCE COURT ORDER & FOR SANCTIONS

Comment
MOTION TO ENFORCE GANJAEI'S COMPLIANCE WITH COURT ORDERS & FOR SANCTOINS

06/12/2024 NOTICE OF HEARING / FIAT ▼

NOTICE HEARING/ENFORCE/SANCTIONS/IN PERSON

Comment
ENFORCE/SANCTIONS/IN PERSON

06/21/2024 CORRESPONDENCE - LETTER TO FILE ▼

CORRESPONDENCE/TO JUDGE FILED UNDER SEAL EXS. 5, 8, 9 TO HGS HEALTHCARE/MOTION ENFORCE AND SANCTIONS

109

Comment
TO JUDGE FILED UNDER SEAL EXS. 5, 8, 9 TO HGS HEALTHCARE MOTION TO ENFORCE AND
FOR SANCTIONS

07/17/2024 AFFIDAVIT ▾

AFFIDAVIT/*CORRECTED* DECLARATION BHALLA/SUPPORT ENFORCE GANJAEI
COMPLIANCE/COURT ORDERS/SANCTIONS

Comment
*CORRECTED* DECLARATION RAVI BHALLA/IN SUPPORT ENFORCE GANJAEI
COMPLIANCE/COURT ORDERS/SANCTIONS

07/17/2024 AFFIDAVIT ▾

DECLARATION OPHELLA CAMINA/IN SUPPORT ENFORCE GANJAEI COMPLIANCE/COURT
ORDERS/SANCTIONS

Comment
DECLARATION OPHELLA CAMINA/IN SUPPORT ENFORCE GANJAEI COMPLIANCE/COURT
ORDERS/SANCTIONS

07/18/2024 MOTION - EMERGENCY ▾

CO-DEFT EMER M.TO STAY PENDING RULING ON PETITIN FOR WRIT OF MANDAMUS

Comment
CO-DEFT ALI GANJAEI EMERGENY MOTION TO STAY PENDING RULING ON PETITION FOR WRIT
OF MANDAMUS

07/18/2024 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER COUNTER DEF/STAY PENDING RULING/MANDAMUS

Comment
PROPOSED ORDER COUNTER DEF/STAY PENDING RULING/MANDAMUS

07/19/2024 NOTICE OF HEARING / FIAT ▾

NOTICE HEARING/EMERGENCY STAY-ON PERSON

Comment
EMERENCY STAY-IN PERSON

07/22/2024 VACATION LETTER

07/23/2024 MOTION HEARING ▾

CO-DEFT EMER M.TO STAY PENDING RULING ON PETITIN FOR WRIT OF MANDAMUS

NOTICE HEARING/EMERGENCY STAY-ON PERSON

Judicial Officer
SLAUGHTER, GENA

Hearing Time
09:45 AM

110

Comment

**IN PERSON** EMERGENCY MOTION TO STAYPENDING RULING ON WRIT OF MANDAMUS 15 MINS KIMBERLLLLLY 214 396 MOTON TO TATYeP

07/23/2024 MISCELLANOUS EVENT ▾

HGSI AND HGS HEALTHCARE S REQUEST FOR STATUS CONFERENCE

Comment

REQUEST FOR STATUS CONFERENCE

07/24/2024 MOTION HEARING ▾

MOTION TO ENFORCE COURT ORDER & FOR SANCTIONS

NOTICE HEARING/ENFORCE/SANCTIONS/IN PERSON

Judicial Officer

SLAUGHTER, GENA

Hearing Time

10:00 AM

Cancel Reason

REQUESTED BY ATTORNEY/PRO SE

Comment

**IN PERSON** MOTION ENFORCE & FOR SANCTS 30 MINS RAZI BHALLA 203 249-3216

07/24/2024 NOTICE OF HEARING / FIAT ▾

AMENDED NOTICE OF HEARING ON HGS HEALTHCARE'S MOTION TO ENFORCE AND FOR SANCTIONS

Comment

AMENDED NOTICE OF HEARING ON HGS HEALTHCARE'S MOTION TO ENFORCE AND FOR SANCTIONS

07/30/2024 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEARING ON HGSI AND HGS HEALTHCARE'S REQUEST FOR STATUS CONFERENCE

Comment

NOTICE OF HEARING ON HGSI AND HGS HEALTHCARE'S REQUEST FOR STATUS CONFERENCE

08/02/2024 MOTION - SEVER ▾

PLTF'S MOTION SEVER

08/02/2024 PROPOSED ORDER/JUDGMENT ▾

Comment

PROPOSED ORDER ON PLTF'S MOTION TO SEVER

08/07/2024 CERTIFICATE OF CONFERENCE ▾

111

CERTIFICATE CONFERENCE/SEVER-PLTF

Comment
SEVER-PLTF

08/09/2024 NOTICE OF HEARING / FIAT ▾

NOTICE HEARING/SEVER/ZOOM

Comment
SEVER/ZOOM

08/20/2024 MOTION - SEVER ▾

PLTF AMD MOTION SEVER

Comment
AMENDED MOTIN SEVER

08/22/2024 NOTICE OF HEARING / FIAT ▾

AMD NOTICE OF HEAING ON REQ FOR STATUS CONFERENCE

Comment
AMENDED NOTICE OF HEARING ON HGSI AND HGS HEALTHCARE'S REQUEST FOR STATUS
CONFERENCE (Re-file of Envelope Number: 91226995)

08/26/2024 NOTICE OF HEARING / FIAT ▾

NOTICE OF HEAIRNG - PLTF'S AMD MOTION TO SEVER

Comment
PLAINTIFF'S AMENDED MOTION TO SEVER

08/26/2024 MOTION - SEVER ▾

PLAINTIFF SECOND AMENDED MOTION TO SEVER

Comment
PLAINTIFF SECOND AMENDED MOTION TO SEVER

08/26/2024 PROPOSED ORDER/JUDGMENT ▾

Comment
PROPOSED ORDER GRANTING (SYNERGY) 2ND AMD MTN TO SEVER

08/27/2024 MISCELLANOUS EVENT ▾

HGS' OPPOS TO PLTF 2ND AMD MOTION TO SEVER

Comment
HGS PARITES OPPOSITION TO PLTF 2ND AMENDED MOTION TO SEVER

08/27/2024 NOTICE OF HEARING / FIAT ▾

112

NOTICE HEARING/2ND AMD NOTICE HEARING/ SEVER-ZOOM

Comment

NOTICE HEARING/2ND AMD NOTICE HEARING/ SEVER-ZOOM

08/29/2024 Status Conference ▼

HGSI AND HGS HEALTHCARE S REQUEST FOR STATUS CONFERENCE

NOTICE OF HEARING ON HGSI AND HGS HEALTHCARE'S REQUEST FOR STATUS CONFERENCE

Judicial Officer

SLAUGHTER, GENA

Hearing Time

1:00 PM

Cancel Reason

BY COURT ADMINISTRATOR

Comment

**VIA ZOOM** 30 MIN STATUS CONF SCHED ORDER & DISCOVERY- RACI BHALLA 203 249-3216

08/30/2024 MOTION HEARING ▼

HGSI AND HGS HEALTHCARE S REQUEST FOR STATUS CONFERENCE

NOTICE OF HEAIRNG - PLTF'S AMD MOTION TO SEVER

PLAINTIFF SECOND AMENDED MOTION TO SEVER

AMD NOTICE OF HEAING ON REQ FOR STATUS CONFERENCE

HGS' OPPOS TO PLTF 2ND AMD MOTION TO SEVER

NOTICE HEARING/2ND AMD NOTICE HEARING/ SEVER-ZOOM

PROPOSED ORDER REGARDING SCHEDULING ORDER

Judicial Officer

SLAUGHTER, GENA

Hearing Time

01:45 PM

Comment

**VIA ZOOM** 30 MIN - P/2ND AMND M/SEVER & STATUS CONF ASO & DISCOVERY- TONYA 214 292-3634

08/30/2024 PROPOSED ORDER/JUDGMENT ▼

PROPOSED ORDER REGARDING SCHEDULING ORDER

Comment

PROPOSED ORDER REGARDING SCHEDULING ORDER AND 2ND AMENDED MOTION TO SEVER

09/03/2024 PROPOSED ORDER/JUDGMENT ▼

Comment

PROPOSED ORDER GRANTING PLTF'S 2ND AMENDED MOTION TO SEVER

113

09/06/2024 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER DENYING 3RD MOTION TO ENFORCE COMPLIANCE

Comment

PROPOSED ORDER DENYING 3RD MOTION TO ENFORCE COMPLIANCE

09/06/2024 RESPONSE ▾

CO-DEFT RESP TPO 3RD MOTION TO ENFORCE COMPLIANCE

Comment

COUNTER-DEFENDANT RESPONSE IN OPPOSITION TO 3RD MOTION TO ENFORCE COMPLIANCE

09/18/2024 MOTION HEARING ▾

MOTION TO ENFORCE COURT ORDER & FOR SANCTIONS

AMENDED NOTICE OF HEARING ON HGS HEALTHCARE'S MOTION TO ENFORCE AND FOR SANCTIONS

PROPOSED ORDER DENYING 3RD MOTION TO ENFORCE COMPLIANCE

CO-DEFT RESP TPO 3RD MOTION TO ENFORCE COMPLIANCE

Judicial Officer

SLAUGHTER, GENA

Hearing Time

1:30 PM

Cancel Reason

CARRIED TO ANOTHER WEEK

Comment

**IN PERSON** 30 MIN MOTION TO ENFORCEI

09/25/2024 NOTICE OF HEARING / FIAT ▾

NOTICE HEARING/AMD NOTICE HEARING/ENFORCE SANCTION-ZOOM

Comment

AMENDED NOTICE HEARING/ENFORCE/SANCTION-ZOOM

10/31/2024 MOTION HEARING ▾

NOTICE HEARING/AMD NOTICE HEARING/ENFORCE SANCTION-ZOOM

Judicial Officer

SLAUGHTER, GENA

Hearing Time

9:30 AM

Comment

**VIA ZOOM** 1 HOUR DEFT M/ENFORCE AND FOR SANCTS - RAVI BHALLA 203 249-3216

11/11/2024 Jury Trial - Civil ▾

114

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:30 AM

## Financial

SYNERGY GLOBAL OUTSOURCING, LLC

| | | |
|---|---|---|
| Total Financial Assessment | | $411.00 |
| Total Payments and Credits | | $411.00 |
| 12/30/2019 | Transaction Assessment | $292.00 |

115

| | | | | |
|---|---|---|---|---|
| 12/30/2019 | CREDIT CARD - TEXFILE (DC) | Receipt # 87620-2019-DCLK | SYNERGY GLOBAL OUTSOURCING, LLC | ($292.00) |
| 12/30/2019 | Transaction Assessment | | | $4.00 |
| 12/30/2019 | PAYMENT (CASE FEES) | Receipt # 87821-2019-DCLK | SYNERGY GLOBAL OUTSOURCING, LLC | ($4.00) |
| 12/31/2019 | Transaction Assessment | | | $8.00 |
| 12/31/2019 | CREDIT CARD - TEXFILE (DC) | Receipt # 88154-2019-DCLK | SYNERGY GLOBAL OUTSOURCING, LLC | ($8.00) |
| 4/1/2021 | Transaction Assessment | | | $8.00 |
| 4/1/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 19766-2021-DCLK | SYNERGY GLOBAL OUTSOURCING, LLC | ($8.00) |
| 6/25/2021 | Transaction Assessment | | | $8.00 |
| 6/25/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 40552-2021-DCLK | SYNERGY GLOBAL OUTSOURCING, LLC | ($8.00) |
| 11/3/2021 | Transaction Assessment | | | $40.00 |
| 11/3/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 73480-2021-DCLK | SYNERGY GLOBAL OUTSOURCING, LLC | ($40.00) |
| 3/18/2022 | Transaction Assessment | | | $15.00 |
| 3/18/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 16074-2022-DCLK | SYNERGY GLOBAL OUTSOURCING, LLC | ($15.00) |
| 6/8/2022 | Transaction Assessment | | | $36.00 |
| 6/14/2022 | PAYMENT (CASE FEES) | Receipt # 35384-2022-DCLK | LYNN PINKER HURST & SCHWEGMANN LLP | ($36.00) |

HINDUJA GLOBAL SOLUTIONS, INC.

| | |
|---|---|
| Total Financial Assessment | $2,836.00 |
| Total Payments and Credits | $2,836.00 |

| | | | | |
|---|---|---|---|---|
| 3/6/2020 | Transaction Assessment | | | $80.00 |
| 3/6/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 15996-2020-DCLK | HINDUJA GLOBAL SOLUTIONS, INC. | ($80.00) |
| 1/24/2022 | Transaction Assessment | | | $2,505.00 |

116

| 1/26/2022 | Transaction Assessment | | | $180.00 |
|---|---|---|---|---|
| 1/28/2022 | PAYMENT (CASE FEES) | Receipt # 5771-2022-DCLK | SUSMAN GODFREY, LLP | ($2,505.00) |
| 1/31/2022 | PAYMENT (CASE FEES) | Receipt # 6176-2022-DCLK | SUSMAN GOSFREY L.L.P. | ($180.00) |
| 3/24/2022 | Transaction Assessment | | | $56.00 |
| 3/25/2022 | PAYMENT (CASE FEES) | Receipt # 17728-2022-DCLK | GWENDOLYN KELLY | ($56.00) |
| 11/1/2023 | Transaction Assessment | | | $15.00 |
| 11/1/2023 | CREDIT CARD - TEXFILE (DC) | Receipt # 74122-2023-DCLK | HINDUJA GLOBAL SOLUTIONS, INC. | ($15.00) |

# Documents

ORIGINAL PETITION

ORDER - TEMPORARY RESTRAINING ORDER

REQUEST FOR SERVICE

EXECUTED CITATION - HINDUJA GLOBAL SOLUTIONS, INC.

PLAINTIFF'S EMERGENCY MOTION TO COMPEL AND MOTION FOR SHOW CAUSE ORDER

ISSUE CITATION

TRUST RECEIPT

NOTICE OF HEARING - EMER M/COMPEL AND SHOW CAUSE

EXECUTED CITATION - HINDUJA GLOBAL SOLUTIONS, INC.

MOTION DISSOLVE TRO

OPPOSITION TO EMERG M/COMPEL

EXECUTED CITATION - HINDUJA GLOBAL SOLUTIONS, INC

NOH -

ORDER - COMPEL

NOTICE SENT VIA EMAIL/FAX

REQUEST/DE NOVOH HRNG--DEF

AGREED MOTION DISSOLVE TRO

117

AGREED ORDER DISSOLVE TRO

RULE 11 AGREEMENT

Notice of Synergy Deposition 1-14-20.pdf

LETTER TO DEFT FILING REQ FOR PRODUCTION

RESPONSE TO NOTICE OF DEPOSITION

LETTER DEFT FILING RESP TO PLTF 1ST SET REQ PRODUCTION

ORDER - DISSOLVE

DEF(HGSI) /NOTICE OF DEPOSITIONS

HGSI AMENDED NOTICE OF DEPOSITION

MOTION - QUASH

DEF/ORIGINAL ANSWER

DISCOVERY

COUNTER CLAIM AND AMENDED ANSWER

COD

MOTION TO DISMISS

PROTECT--ADMIN

NOTICE OF HEARING ON MOTION FOR PROTECTION/DISMISS

AMENDED NOTICE OF HEARING RE: MOTION PROTECT AND DISMISS (VIA ZOOM)

HGSI'S OPPOSITION TO MOTION TO DISMISS

OBJECTION

DEFENDANT'S MOTION FOR LEAVE / ZACHARY SAVAGE TO APPEAR PRO HAC VICE

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

1 9 1 Cover Sheet

1 9 1 Cover Sheet

ORDER - DISMISSAL

ORDER - PRETRIAL

DE NOVO HEARING

NOTICE HEARING REQUEST DE NOVO

DEF(HGSI) AMENDED ANSWER AND AMENDED COUNTER CLAIM

AMENDED CROSS-CLAIM - AMENDED COUNTER-PETITION

DEFENDANT'S MOTION FOR LEAVE

PROPOSED ORDER - GRANTING DEFENDANT'S MOTION FOR LEAVE

PROPOSED ORDER ON HGSI MOTION TO DISMISS

PROPOSED ORDER ON DE NOVO REVIEW

ORDER ON DE NOVO REVIEW

ORDER - LEAVE

PROPOSED SCHEDULING ORDER

MOTION HEARING NOTICE

SECOND AMENDED ANSWER

AMENDED NOTICE OF HEARING 07/08/2020 10:00 RE: SCHEDULING ORDER

118

DEF/ENTRY OF AMENDED SCHEDULING ORDER

NOTICE O HEARING - SCHEDULING ORDER

ORDER - MISC.

MOTION PRO HAC VICE - ELIZA FINLEY

MOTION FOR EXTENSION OF TIME

NOTICE OF HEARING - MOTION TO EXTEND

DEFENDANT'S MOTION FOR EXTENSION OF TIME

AMENDED CERTIFICATE CONFERENCE/EXTENSION OF TIME-DEFENDANT

AMENDED NOTICE OF HEARING

NOTICE OF WAIVER OF CITATION

PLAINTIFF'S RESPONSE TO HGSI'S MOTION FOR ENTRY OF AMENDED SCHEDULING ORDER

RESPONSE TO MOTION EXTENSION OF TIME

SPECIAL APPEARANCE AND ORIGINAL ANSWER SUBJECT TO SPECIAL APPEARANCE

NOTICE OF HEARING ON SPECIAL APPEARANCE

LETTER TO JUDGE SLAUGHTER

MOTION - ENTRY FOR SCHEDULING ORDER

PLAINTIFF-MOTION FOR PARTIAL SUMMARY JUDGMENT

AFFIDAVIT/SUPPORT/AWARD ATTORNEY FEES-OPHELIA CAMINA

NOTICE OF HEARING ON PLAINTIFFS' TRADITIONAL AND NO-EVIDENCE MOTION FOR PARTIAL SUMMARY JUDGMENT

AMENDED NOTICE OF HEARING ON TRADITIONAL AND NO-EVIDENCE MOTION FOR PARTIAL SUMMARY JUDGMETN

DEF/MOTION TO COMPEL

MOTION - CONTINUANCE

NOTICE OF HEARING - MOTION TO COMPEL

NOTICE OF HEARING - MOTION FOR SUMMARY JUDGMENT

MOTION TO QUASH - JOHN H. FLOOD III

MOTION TO QUASH - MCCAIN

MOTION TO QUASH - SYNERGY GLOBAL

SECOND AMENDED ANSWER AND THIRD AMENDED COUNTERCLAIM

DEFENDANT OPPOSITION TO PLAINTIFF'S TRADITIONAL & NO-EVIDENCE MOTION SUMMARY JUDGMENT

RESPONSE TO MOTION TO COMPEL

PLAINTIFFS RESPONSE TO MOTION TO CONTINUE

PROPOSED ORDER ON OCTOBER 14, 2020 HEARING

ORDER - MISC.

PROPOSED ORDER REGARDING HEARING HELD ON 8/14/20

MOTION TO COMPEL

ORIGINAL ANSWER TO COUNTER-CLAIM - SYNERGY

ORIGINAL ANSWER TO COUNTER-CLAIM - GANJAEI

NOTICE OF HEARING ON DOCKET CONTROL ORDER AND DEFENDANTS MOTION TO COMPEL

AMENDED NOTICE OF HEARING ON DEFENDANT'S MOTION TO COMPEL AND DOCKET CONTROL ORDER

119

AMENDED NOTICE OF HEARING ON DEFENDANTS SPECIAL APPEARANCE

ORDER - MISC.

VACATION LETTER - GREGORY BRASSFIELD

3RD AMENDED ANSWER/4TH AMENDED COUNTERCLAIMS-DEFENDANT

RESPONSE TO MOTION TO COMPEL DOCUMENTS

CLERICAL ERROR - FILE MARK ON PROPOSED ORDER ON DEPOSITION OF JOHN FLOOD

NON-SIGNED PROPOSED ORDER/JUDGMENT

PROPOSED ORDER LEVEL III SCHEDULING ORDER

1 9 1 COVER SHEET

1 9 1 COVER SHEET

SCHEDULING ORDER

PLAINTIFF MOTION TO EXCEED APPENDIX PAGE LIMIT

PROPOSED ORDER TO EXCEED APPENDIX PAGE LIMIT

PLAINTIFF STATUTE OF LIMITATIONS MSJ

PLAINTIFF APPENDIX RE: MOTION SUMMARY JUDGMENT

NOTICE OF HEARING RE: PLAINITFF MSJ ON STATUTE OF LIMITATIONS

4TH AMENDED ANSWER AND 5TH AMENDED COUNTER CLAIMS

BUSINESS RECORDS OPPOSITION TO SPEC APPEAR

DECLARATION OF GENJAEI

PLAINITFF AMENDED NOTICE OF HEARING RE: PLAINTIFF MSJ ON STATUTE OF LIMITATIONS

MOTION TO PARTIALLY STRIKE COUNTER AFFIDAVIT ALI GANJAEI'S SPECIAL APPEARANCE AND DECLARATION

DECALRATION TO (MURTHY) INOPPOSITION TO (GANJAEI) SPECIAL APPREAANCE

FINDING OF FACTS AND CONCLUSIONS OF LAW

FINDING OF FACT AND CONCLUSIONS OF LAW

EXECUTED ATTORNEY ISSUED SUBPOENA - PRICEWATERHOUSECOOPERS, LLP

RESPONSE TO SYNERGY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

MOTION TO QUASH

PROPOSED ORDER DENYING MOTION SUMMARY JUDGMENT

PROPOSED ORDER - GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (STATUTE-OF LIMITATIONS)

ADDRESSED TO JUDGE REGARDING PLAINTIFF'S PRESENTATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

FIRST AMENDED PETITION

PROPOSED ORDER TO DENY PARTIALLY COUNTER-DEFENDANT ALI GANJAIE/SPECIAL APPEARANCE/DECLARATION-DEF

ISSUE CITATION - HGS HEALTHCARE, LLC

MOTION FOR LEAVE

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL EVIDENCE

SECOND AMENDED PETITION

NOTICE OF HEARING RE: MOTION FOR LEAVE

NOTICE OF APPEARANCE

EXECUTED CITATION - HGS HEALTHCARE, LLC

120

REQUEST FOR CITATION VIA EMAIL

ISSUE CITATION - HGS HEALTHCARE, LLC

PROPOSED ORDER ON SPECIAL APPEARANCE

PROPOSED ORDER ON SPECIAL APPEARANCE

DEFS MTN TO STRIKE

PROPOSED ORDER TO STRIKE

CERT DEPO

EXECUTED CITATION - HGS HEALTHCARE, LLC

CERT DEPO

FIFTH AMENDED ANSWER AND AMD CTR-CL

MOTION TO COMPEL

PROPOSED ORDER TO COMPEL

CERT OF CONF

REPORTERS CERTIFICATE OF DEPOSITION - NARASIMBA MURTHY - JULY 12, 2021

NOTICE OF HEARING

FIFTH AMENDED ANSWER AND SIXTH AMENDED COUNTERCLAIMS

NOTICE OF HEARING

RULE 11 AGREEMENT

MTN TO PROTECT

OPPOSITION TO MTN TO COMPEL THE DEPOSITIONS

PLT OPPOSITION TO MTN THE STRIKE

PROPOSED ORDER DENYING MTN TO STRIKE

PROPOSED ORDER TO COMPEL

AMENDED NOTICE OF HEARING RE: PLAINITFF MTN COMPEL

PROPOSED ORDER (SYNERGY) MTN COMPEL DEPO OF (DESARKAR & PALAKODETI)

PROPOSED ORDER (HGSI) MTN STRIKE (SNERGY) ATTEMPT TO ADD (HGS) AS DEFENDANT

NOTICE OF HEARING RE: DEFENDANT (HGS) MTN PROTECTIVE ORDER

DEFS NOTICE OF SUBPOENA FOR DEPOSITION

MTN TO QUASH AND PROTECT

AFFIDAVIT OF SERVICE -EXECUTED ATTORNEY ISSUED SUBPOENA - ALI GANJAEL

MOTION TO QUASH AND PROTECT

MTN TO QUASH AND PROTECT

NOTICE OF HEARING

SECOND AMENDED NOTICE OF HEARING

MOTION QUASH/NOTICE DEPOSITION SYNERGY GLOBAL OUTSOURCING LLC

6TH AMENDED ANSWER

DESIGNATION OF EXPERTS

DEMAND FOR JURY TRIAL

PLTS MTN TO COMPEL

PROPOSED ORDER TO COMPEL

NOTICE OF HEARING

121

NOTICE OF HEARING

RULE 11 AGREEMENT

MTN FOR ENTRY OF AMENDED SCHEDULING ORDER

NOTICE OF HEARING

DESIGNATION OF EXPERT WITNESSES

CERT DEPO

RESPONSE TO MOTION FOR PROTECTIVE ORDER

PROPOSED ORDER DENYING MTN TO COMPEL

PROPOSED SCHEDULING ORDER

PROPOSED ORDER ON MTN TO COMPEL

DEF'S MTN TO EXCLUDE

PROPOSED ORDER TO EXCLUDE

DEFS MTN FOR TRAD AND NO-EVID SJ

PLAINTIFF'S AMENDED TRADITIONAL/NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

MTN TO EXCLUDE EXPERTS

NOTICE OF HEARING

NOTICE OF HEARING

RESPONSE TO MOTION TO COMPEL

DEFS MTN TO CONT SJ HEARING

PLTS MTN TO CONT SJ HEARING

DEF'S OPPOSITION TO AMD MTN FOR PARTIAL SJ

NOTICE OF HEARING

MTN TO QUASH

LETTER TO MELBA WRIGHT REGARDING REPORTER'S RECORD WITH THE FIFTH COURT OF APPEALS

NOTICE OF APPEAL-COURT OF APPEAL

MTN TO QUASH

MTN TO SHOW AUTHORITY

NOTICE OF HEARING

PROPOSED AMENDED SCHEDULING ORDER

REQUEST CLERK PREPARE REORD

COA - CORRESPONDENCE LETTER

191st COVER SHEET

191st COVER SHEET

SCHEDULING ORDER

DESIGNATION OF REPORTER S RECORD TO BE INCLUDED

PROPOSED ORDER FOR PHV - ELIZA FINLEY

PROPOSED ORDER FOR PHV - ZACHARY SAVAGE

REQUEST FOR CLERK PREPARE RECORD

2ND SUPPLEMENT APPELLATE RECORD

AMENDED NOTICE OF HEARING

PROPOSED PROTECTIVE ORDER

122

COA - POST CARD

COA - POST CARD

RULE 11 AGREEMENT

ORDER - GRANTING PRO HAC VICE

ORDER - LEAVE

ORDER - GRANTING PRO HAC VICE

ORDER - SPECIAL APPEARANCE AND DISMISSAL OF CLAIMS AGAINST ALI GANJAEI

ORDER - MISC. ON AUGUST 14,2020 HEARING - MSJ IS CONTINUED AND GRANTING DEFS MTN TO COMPEL

Cover Sheet (General)

Cover Sheet (General)

PROPOSED ORDER ON MTN TO SHOW AUTHORITY

MTN TO COMPEL

DECLARATION OF BARRY BARNETT

DECLARATION OF TIMOTHY FARRELL

NOTICE OF HEARING

Ltr to Clerk Requesting Supp Clerk's Record.pdf

COA - POST CARD

APPELLATE RECORD

COA - CORRESPONDENCE LETTER

MTN TO AMEND SCHEDULING ORDER

NOTICE OF HEARING

COA - POST CARD

AMENDED NOTICE OF HEARING

PROPOSED ORDER TO RECONSIDER

PLTS MTN FOR RECONSIDERATION

AMENDED NOTICE OF HEARING

ORDER TO PARTIALLY STRIKE ALI GANJAEI SPECIAL APPEAR & DECLARATION

DESIGNATION OF SUPPLEMENTAL CLERK'S RECORD

SUPPLEMENTAL RECORD PAYMENT INVOICE

NOTICE OF HEARING

APPELLATE RECORD

RESPONSE TO PLTS MTN TO AMEND SCHEDULING ORDER

AMENDED NOTICE OF HEARING

RESPONSE TO MTN TO COMPEL

PROPOSED ORDER DENYING MTN TO COMPEL

PROPOSED ORDER COMPEL ALI GANJAEI

PROPOSED ORDER TO AMEND SCHEDULING ORDER

SUPPLEMENT TO REQ FOR PAYMENT INTO THE COURT REGISTRY

LETTER TO JUDGE SLAUGHTER

RESPONSE/HGSI/HGS HEALTHCARE/SYNGERY SUPPLEMENTAL REQUEST/PRETRIAL ATTACHMENT OF FUNDS

123

CERTIFICATE DEPOSITION/HINDUJA GLOBAL SOLUTIONS INC/MARK POPALY

CERTIFICATE DEPOSITION/HGS HEALTHCARE/MARK POPALY

PROPOSED ORDER DENYING MTN TO PARTIALLY STRIKE

PLAINTIFF S EMERGENCY MOTION REQUESTING PAYMENT OF COMMISSIONS

NOTICE OF HEARING

COA - POST CARD

ORDER - PROTECT

OBJECTION/OPPOSITION PRETRIAL ATTACHMENT

AMENDED NOTICE OF HEARING

ORDER - MISC.

PROPOSED ORDER TO COMPEL ALI GANJAEI

PROPOSED AMENDED SCHEDULING ORDER

PROPOSED ORDER RE MTN REQ PAYMENT

SCHEDULING ORDER

ORDER - COMPEL

PROPOSED ORDER DENYING MTN REQUESTING PAYMENT

SUPPLEMENTAL 1

SUPPLEMENTAL RECORD PAYMENT INVOICE

APPELLATE RECORD

COA - POST CARD

MOTION TO COMPEL

NOTICE OF HEARING

NOTICE OF HEARING

TO HSGI AND HGSHS MOTION TO COMPEL

AMENDED NOTICE OF HEARING

HGSI'S SUPPLEMENT TO MTN TO COMPEL

LETTER TO JUDGE RE HEARING HELD ON OCT 4

PROPOSED ORDER TO COMPEL

PROPOSED ORDER TO COMPEL

PLTS LETTER RESPONSE TO UNSOLICITED LETTER BRIEF

DEFENDANT'S SECOND AMENDED NOTICE OF DEPOSITION

MTN FOR PHV

ORDER GRANTING PHV

OPINION

COA - CORRESPONDENCE LETTER

PROPOSED ORDER GRANTING PHV

NOTICE OF INTENT

NOTICE OF INTENT

PROPOSED ORDER LVIL III SCHEDULING ORDER

PLTS MTN FOR ENTRY OF SCHEDULING ORDER

SPECIAL APPEARANCE

124

PLTS MTN TO DETERMINE

NOTICE OF HEARING ON MTN FOR SCHEDULING

NOTICE OF HEARING

PROPOSED ORDER ON MTN FOR SCHEDULING

PROPOSED ORDER ON MTN TO DETERMINE

PROPOSED ORDER ON GANJAEIS SPECIAL APPEARANCE

NOTICE OF HEARING

BITUCE APPEARANCE/DANIELA VERA HOLMES

PROPOSED ORDER TO COMPEL

PROPOSED ORDER TO STAY GANJAEI SPECIAL APPEARANCE & RULE 248 MOTION

PROPOSED ORDER DENYING PLTF RULE 248 PETITION

OPPOSITION TO MTN FOR ENTRY OF SCHEDULING ORDER

PROPOSED ORDER ON MTN FOR ENTRY OF A SCHEDULING ORDER

AMENDED NOTICE OF HEARING

AMENDED SPECIAL APPEARANCE

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

PROPOSED ORDER ON MTN FOR ENTRY OF SCHEDULING

NOTICE OF HEARING

AMENDED NOTICE OF HEARING ON SPECIAL APPEARANCE

RETURNED MAIL

ALI GANJAEI AND SYNERGY GLOBAL OUTSOURCING, LLCS MOTION TO QUASH AND FOR PROTECTION

[PROPOSED] ORDER GRANTING ALI GANJAEI AND SYNERGY GLOBAL OUTSOURCING, LLCS MOTION TO QUASH

TO AND VERIFIED MOTION TO CONTINUE ZOOM HEARING ON GANJAEI'S SPECIAL APPEARANCE

NOTICE OF HEARING - NOTICE OF HEARING ON PLAINTIFFS MOTION TO QUASH AND FOR PROTECTION FROM NOTICE

PROPOSED ORDER ON OBJECTION TO AND MOTION TO CONTINUE

NOTICE OF HEARING - HGS PARTIES OBJECTION TO MOTION TO CONTINUE

AFFIDAVIT OF SERVICE - EXECUTED ATTORNEY ISSUED SUBPOENA - T-MOBILE USA, INC

SCHEDULING ORDER

HGS' MOTION TO COMPEL

HGS' AMENDED ANSWER AND COUNTERCLAIMS

GANJAEI AND SYNERGY GLOBAL'S EMERGENCY MOTION FOR ORDER TO DESTROY AND SANCTIONS

PLAINTIFF'S RESPONSE TO HGSI AND HGSH'S MOTION TO COMPEL

RESPONSE TO OBJECTION TO AND MOTION TO CONTINUE HEARING

HGS PARTIES' AMENDED SPECIAL APPEARANCE

125

NOTICE OF HEARING

NOTICE OF HEARING - PLAINTIFF'S MOTION TO DESTROY AND SANCTIONS

PROPOSED ORDER DENYING HGS PARTIES' AMENDED MOTION TO COMPEL SYNERGY AND GANJAEI

[PROPOSED] ORDER ON PLAINTIFFS EMERGENCY MOTION FOR ORDER TO DESTROY AND SANCTIONS

DEFENDANT'S OPPOSITION TO EMERGENCY MOTION FOR ORDER TO DESTROY AND SANCTIONS

PROPOSED ORDER DENYING EMERGENCY MOTION FOR ORDER TO DESTROY AND FOR SANCTIONS

PLAINTIFFS MOTION TO QUASH AND FOR PROTECTION FROM NOTICE AND SUBPOENA TO T-MOBILE

OF SERVICE - EXECUTED - NOTICE OF INTENT TO SUBPOENA - T-MOBILE USA, INC

ORDER - DENY EMERGENCY MOTION FOR ORDER TO DESTROY AND FOR SANCTIONS

DEFENDANTS SPECIAL APPEARANCE AND PLAINTIFFS RULE 248 MOTION TO DETERMINE A QUESTION OF LAW

NOTICE OF HEARING HSG'S AMENDED MOTION TO COMPEL

SUPREME COURT - POST CARD - 05-22-00052-CV

AFFIDAVIT OF SERVICE - EXECUTED ATTORNEY ISSUED SUBPOENA - ALI GANJAEI

AFFIDAVIT OF SERVICE - EXECUTED ATTORNEY ISSUED SUBPOENA - WILKES MCCAIN

OBEJECTION TO SUBPOENA

AMENDED MOTION TO CONTINUE

PROPOSED AMENDED ORDER TO CONTINUE

NOTICE OF HEARING HGS's AMENDED MOTION TO CONTINUE

PROPOSED ORDER ON GANJAEI'S OBJECTION TO SUBPOENA TO ATTEND HEARING

HGS' MOTION TO COMPEL

NOTICE OF HEARING ON AMENDEDM OTION TO COMPELSYNERGY AND GANJAEI

NOTICE OF HEARING ON MOTION TO COMPEL JURISDICTIONAL DISCOVERY

NOTICE OF HEARING ON MOTION TO CONTINUE

RESPONSE TO MOTION TO COMPEL

OPPOSITION TO GANJAEI'S AND SYNERGY'S MOTION TO QUASH

HGSI'S MOTION TO AMENDED SCHEDULING ORDER

PROPOSED ORDER DENYING HGSI'S AND HGSH'S/COMPEL JURISDICTION DISCOVERY

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

SCHEDULING ORDER

PROPOSED ORDER ON MOTION HEARD JULY 27, 2023

CERT DEPO HAROLD DAVIS

DEFENDANT'S MOTION FOR LEAVE

CERTIFICATE DEPOSITION

126

SUPREME COURT - POST CARD - 05-22-00052-CV

ORDER - GRANTING PRO HAC VICE

ORDER - ORDER ON MOTIONS HEARD JULY 27, 2023

PROPOSED ORDER TO VACATE SCHEDULING ORDER

DEF'S MOTION TO VACATE

NOTICE OF HEARING DEFENDANT'S MOTION TO VACATE

DESIGNATE LEAD COUNSEL

PROPOSED ORDER TO RECONSIDER AND MOTION TO STAY

DEF GANJAEI'S MOTION TO RECONSIDER

MOTION TO ENFORCE COURT ORDER

NOTICE OF HEARING

NOTICE OF HEARING - HGSI and HGS'S MOTION TO ENFORCE ORDER

MOTION TO COMPEL

PLAINTIFF'S TO DEFENDANTS MOTION TO AMEND SCHEDULING ORDER

PROPOSED ORDER DENYING MOTION TO VACATE

HGS'S OPPOSITION TO DEF'S MOTION TO RECONSIDER AND MOTION TO STAY

RESPONSE TO MOTION TO ENFORCE COURT ORDER

CORRESPONDENCE - LETTER TO FILE-TO JUDGE/UNDER SEAL EXHBITS E, F. G HGS PARTIES COMPEL

BRIEF/LETTER TO JUDGE

LETTER TO JUDGE SLAUGHTER

NOTICE OF HEARING

LETTER BRIEF

DECLRATION OF RAVI BHALLA

SYNERGY'S RESPONSE TO DEFENDANTS MOTION TO COMPEL

PROPOSED ORDER DENYING DEFENDANTS MOTION TO COMPEL

NOTICE HEARING/AMENDED-COMPEL/ZOOM

AFFIDAVIT/DECLARATION/PROFESSOR DOUGLAS MOLL/IN SUPPORT COMPEL WILSON MITCHELL/DEPOSITION

HGS HEALTHCARE/RENEWED ENFORCE ALI GANJAEI COMPLIANCE/COURT ORDER

ORDER - COMPEL

COA - CORRESPONDENCE LETTER

MANDATE AFFIRM

NOTICE HEARING/ENFORCE ALI GANJAEI COMPLIANCE/IN PERSON

LETTER RE: EXHIBITS I & J TO MOTION TO COMPEL

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

127

191st JURY TRIAL LETTER

ALI GANJAEI'S RESPONSE IN OPPOSITION TO HGS HEALTHCARE'S 2ND RENEWED MOTION TO ENFORCE COMPLIANCE

NOTICE HEARING-AMENDED NOTICE HEARING/RENEWED ENFORCE ALI GANJAEI COMPLIANCE/COURT ORDER-IN PERSON

PROPOSED ORDER MOTIONS HEARD 3/27/24

NOTICE OF CHANGE OF ADDRESS

ORDER - MISC.

MOTION TO ENFORCE COURT ORDER & FOR SANCTIONS

NOTICE HEARING/ENFORCE/SANCTIONS/IN PERSON

CORRESPONDENCE/TO JUDGE FILED UNDER SEAL EXS. 5, 8, 9 TO HGS HEALTHCARE/MOTION ENFORCE AND SANCTIONS

AFFIDAVIT/*CORRECTED* DECLARATION BHALLA/SUPPORT ENFORCE GANJAEI COMPLIANCE/COURT ORDERS/SANCTIONS

DECLARATION OPHELLA CAMINA/IN SUPPORT ENFORCE GANJAEI COMPLIANCE/COURT ORDERS/SANCTIONS

CO-DEFT EMER M.TO STAY PENDING RULING ON PETITIN FOR WRIT OF MANDAMUS

PROPOSED ORDER COUNTER DEF/STAY PENDING RULING/MANDAMUS

NOTICE HEARING/EMERGENCY STAY-ON PERSON

HGSI AND HGS HEALTHCARE S REQUEST FOR STATUS CONFERENCE

AMENDED NOTICE OF HEARING ON HGS HEALTHCARE'S MOTION TO ENFORCE AND FOR SANCTIONS

NOTICE OF HEARING ON HGSI AND HGS HEALTHCARE'S REQUEST FOR STATUS CONFERENCE

PLTF'S MOTION SEVER

CERTIFICATE CONFERENCE/SEVER-PLTF

NOTICE HEARING/SEVER/ZOOM

PLTF AMD MOTION SEVER

NOTICE OF HEAIRNG - PLTF'S AMD MOTION TO SEVER

PLAINTIFF SECOND AMENDED MOTION TO SEVER

AMD NOTICE OF HEAING ON REQ FOR STATUS CONFERENCE

HGS' OPPOS TO PLTF 2ND AMD MOTION TO SEVER

NOTICE HEARING/2ND AMD NOTICE HEARING/ SEVER-ZOOM

PROPOSED ORDER REGARDING SCHEDULING ORDER

PROPOSED ORDER DENYING 3RD MOTION TO ENFORCE COMPLIANCE

CO-DEFT RESP TPO 3RD MOTION TO ENFORCE COMPLIANCE

NOTICE HEARING/AMD NOTICE HEARING/ENFORCE SANCTION-ZOOM

128

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Ronni Bracken on behalf of Michael K. Hurst
Bar No. 10316310
rbracken@lynnllp.com
Envelope ID: 92678040
Filing Code Description: Notice of Removal to Business Court
Filing Description: NOTICE OF REMOVAL TO BUSINESS COURT
Status as of 10/2/2024 8:07 AM CST

Associated Case Party: SYNERGY GLOBAL OUTSOURCING, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kay Ridenour | | kridenour@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |
| Leo Park | | lpark@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |
| Daniela VeraHolmes | | dholmes@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |
| Gina Flores | | gflores@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |
| David S.Coale | | dcoale@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 10/1/2024 9:56:58 PM | SENT |

Associated Case Party: HINDUJA GLOBAL SOLUTIONS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ophelia Camina | | ocamina@susmangodfrey.com | 10/1/2024 9:56:58 PM | SENT |
| Joyce Ingram | | jingram@susmangodfrey.com | 10/1/2024 9:56:58 PM | SENT |
| Ravi Bhalia | | rbhalla@susmangodfrey.com | 10/1/2024 9:56:58 PM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 10/1/2024 9:56:58 PM | SENT |
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 10/1/2024 9:56:58 PM | SENT |

E-filed in the Office of the Clerk
for the Business Court of Texas
10/15/2024 7:52 PM
Accepted by: Beverly Crumley
Case Number: 24-BC01B-0007

CAUSE NO. 24-BC01B-0007



| SYNERGY GLOBAL OUTSOURCING, LLC, | § | IN THE BUSINESS COURT |
|---|---|---|
| *Plaintiff*, | § | |
| v. | § | |
| HINDUJA GLOBAL SOLUTIONS, INC. AND HGS HEALTHCARE, LLC | § | FIRST BUSINESS COURT DIVISION |
| *Defendants*. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S BRIEFING REGARDING H.B. 19, SECTION 8

Pursuant to the Court's October 2, 2024 Order, Plaintiff Synergy Global Outsources, LLC ("Synergy") files the following briefing regarding the effect (or lack thereof) of Acts 2023, 88th Leg., ch. 380 (H.B. 19), § 8, eff. Sept. 1, 2023 (hereafter, "H.B. 19, § 8") and shows as follows:

### I.     INTRODUCTION

H.B. 19, § 8 provides that, "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." H.B. 19, § 8.  Nothing in this section of the Act enabling the creation of this and other divisions of the Business Court, nor any other section of the Act, prohibits the removal of actions commenced prior to September 1, 2024; instead, the plain language of H.B. 19 is **silent** as to the removal of these cases. Against this backdrop, Plaintiff properly removed the above-captioned action to this Court on October 1, 2024. *See* Not. of Removal.

The plain language of H.B. 19, § 8, the use of different language in other statutes, and

statutory construction principles each indicate that § 8 does not act as a bar to the removal of an action commenced prior to September 1, 2024. The Court should construe a statute to give effect to the Legislature's intent as expressed in its plain language. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water,* 336 S.W.3d 619, 628 (Tex. 2011). Accordingly, H.B. 19, § 8 has no impact on the otherwise permissible removal of the above captioned action.

## II.     BRIEF FACTUAL BACKGROUND

The action removed to this Court consists of Defendants' breach of fiduciary duty and related counterclaims asserted against Synergy and Counter Defendant Ali Ganjaei for his role as Defendants' board member and conspiracy and knowing participation claims regarding those same breaches. *See* App'x Vol. 22 at 116-53, April 27, 2023 HGS Parties' 7th Am. Answer and Counterclaims, Counts IV, V, VI, VII, VIII. Plaintiff's breach of contract action was filed in District Court on December 30, 2019.

## III.     ARGUMENT

The Texas Business Court was created to "improve the efficiency, consistency and predictability of business litigation by allowing judges having the required experience and career interest, working in a statewide jurisdiction, to focus on complex business litigation exclusively. These cases will no longer compete with, and when they are heard, delay, the variety of civil and criminal matters that currently crowd the dockets of state district courts, many of which are given statutory priority over business cases by Texas Government Code 23.101–.103. A(b)(3)." *See* TEXAS BUSINESS LAW FOUNDATION, *Enactment of HB 19 by the 2023 Texas Legislature: Specialized Texas Business Court* at 3 (available at https://www.businesscourtsblog.com/wp-content/uploads/2023/06/TEXAS-BUSINESS-COURT.TBLF-White-Paper-6.21.2023-01890730xB05D9.pdf). Acknowledging that "many business conflicts [ ] remain unheard in the

Texas court system for years", the 88th Legislature created the Business Court with the expectation that it would help address the "[district] court backlogs". HOUSE RESEARCH ORGANIZATION, *Bill Analysis HB 19 (2nd reading)*, May 1, 2023 at 9 (available at https://hro.house.texas.gov/pdf/ba88R/HB0019.PDF) (last visited Oct. 11, 2024). Indeed, "[d]elay can, and does, cause litigation costs to explode for business litigants, damaging or destroying companies and costing jobs and future growth." TEXAS BUSINESS LAW FOUNDATION, *Enactment of HB 19 by the 2023 Texas Legislature: Specialized Texas Business Court* at 22 (available at https://www.businesscourtsblog.com/wp-content/uploads/2023/06/TEXAS-BUSINESS-COURT.TBLF-White-Paper-6.21.2023-01890730xB05D9.pdf ) (last visited Oct. 11, 2024).

This action presents precisely the sort of concerns that the 88th Legislature intended the business courts to resolve: it is a complex business dispute that has languished in district court for *nearly 5 years*, with no hope of reaching trial anytime soon.[1] This protracted litigation threatens real consequences for Plaintiff Synergy who has been deprived of the majority of its revenue for the last nearly five years with no recourse. The 88th Legislature expected that "[a] business court could help to remove complex or lengthy business cases from existing court dockets, which could facilitate quicker resolutions for all cases." HOUSE RESEARCH ORGANIZATION, *Bill Analysis HB 19 (2nd reading)*, May 1, 2023, at 9 (available at https://hro.house.texas.gov/pdf/ba88R/HB0019.PDF) (last visited Oct. 11, 2024).

Furthermore, Defendants' assert convoluted breach of fiduciary duty claims between them and their former board member along with Synergy for associated conduct, with alleged damages

---

[1] The 191st District Court has failed to rule on the following Motions, which remain pending as of this filing date: Plaintiff's Motion for Summary Judgment on its Statute of Limitations Affirmative Defense (03/30/21 Hearing); Defendants' Motion for Entry of a Protective Order (10/22/21); Defendants' Motion to Exclude Sowards (01/14/22 Hearing); Plaintiff's Motion to Show Authority (02/24/22 Hearing); Plaintiff's Emergency Motion Requesting Payment of Commissions into the Court Registry (05/04/22 Hearing); Plaintiff's Second Amended Motion to Sever (08/30/24 Hearing).

over $5 million.[2] This matter presents two grounds for the invocation of this Court's jurisdiction. *See* Not. of Removal at 1–2 (invoking both Tex. Gov't Code §§ 25A.004(b) and (e)). Facilitating the resolution of this action after endless delay in district court is consistent with the purpose of the Business Court and the reasons for its creation.[3] And nothing within H.B. 19, § 8 presents an obstacle to this Court's authority to accept the removal of this case for at least three reasons:

*First,* a plain language reading of the text of H.B. 19, § 8 reveals no prohibition to the removal of cases, only an affirmation of this Court's ability to begin adjudicating cases filed on or after September 1, 2024.

*Second,* in instances where the Legislature seeks to prevent the application of a Statute to actions commenced before the effective date, it has utilized specific language that does not appear in H.B. 19, § 8.

*Third,* H.B. 19 (including § 8) is a procedural not substantive statute; accordingly, the removal process outlined therein applies to ongoing, pre-September 1, 2024 cases.

**A. The Plain Language of H.B. 19, § 8 Does Not Prohibit the Removal of Cases Filed Before September 1, 2024.**

"The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." H.B. 19, § 8. Section 8 prohibits **nothing**; it contains no limiting language such as "only," it does not include a prohibitive follow up phrase outlawing the removal of earlier filed cases, and it is silent as to cases filed prior to September 1, 2024. *See id.* Instead, § 8 serves a different, important role: it acts as a signal that the Business Court, including this First Division of the Business Court, is open and ready to adjudicate cases. The face of H.B. 19 explains why the

---

[2] Plaintiff denies the merits of Defendants' allegations entirely and believes Defendants are entitled to no damages.
[3] Pursuant to Tex. Gov't Code § 311.023, courts "may" consider the statutes objective and legislative history regardless of whether the statute is ambiguous.

---

§ 8 text is different than other statutes.[4] The purpose of § 8 is to affirm this Court's ability to begin adjudicating cases filed on or after September 1, 2024, i.e. a date certain on which the Business Court is "open for business". H.B. 19 "takes effect" in 2023 (H.B. § 9), which allows many administratively activities—such as appointing judges to the court, (H.B. § 6)—to occur between September 2023-September 2024 to prepare the Business Court to be ready.

"In construing statutes, our primary objective is to give effect to the Legislature's intent." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018). Consistent with this goal, courts "may" consider the statute's objective and legislative history regardless of whether the statute is ambiguous. *See* Tex. Gov't Code § 311.023. Courts must enforce statutes as written

```
        SECTION 8.   The changes in law made by this Act apply to
civil actions commenced on or after September 1, 2024.
        SECTION 9.   This Act takes effect September 1, 2023.
```

and refrain from rewriting the text that lawmakers chose. *See Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014). A court should limit its analysis to the words of the statute and apply the plain meaning of those words unless a different meaning is apparent from the context, or the plain meaning leads to absurd or nonsensical results. *See id.* Here, neither of these factors counsel in favor of deviating from the plain language of H.B. 19, § 8. Nothing within the remainder of H.B. 19 indicates that the language of § 8 is a bar to cases filed before September 1, 2024. The plain language is clear on the face of H.B. 19.

Apart from the legislative materials bearing on intent, other secondary materials should not be consulted for statutory interpretation, particularly when, as here, there is no ambiguity to resolve. *See* Tex. Gov't Code § 311.023; *but see Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) ("When a statute is not ambiguous on its face, it is inappropriate to

---

[4] *See infra* II.(B).

---

use extrinsic aids to construe the unambiguous statutory language."); *see also Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 473 (Tex. 2009) (J. Willett, concurring) ("Even in rare cases where we mine secondary sources to help clarify ambiguity, judges, while not limited *to* the text, should always be limited *by* the text." (emphasis in original)).

Ultimately, the plain language controls *even when the results of such an interpretation are unexpected. See, e.g., Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 866–67 (Tex. 1999) (reading Tex. Civ. Prac. & Rem. Code 82.002 to provide manufacturer indemnity to any "seller," not just sellers in manufacturer's chain of distribution); *see also Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 437–38 (Tex. 2009) (concluding that premises owners could meet definition of "general contractors" entitled to the benefit of the exclusive remedy defense under the Texas Workers' Compensation Act); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900–01 (Tex. 2017) (concluding that pre-2019 version of Texas Citizens Participation Act extended its protections to private communications). Accordingly, the plain language of H.B. 19, § 8 does not prohibit the removal of pre-September 1, 2024 actions and therefore does not limit this Court's authority over this properly removed action.

## B. H.B. 19, § 8 Lacks the Limiting Language that the Legislature Utilizes to Prevent the Application of a Statute to Actions Commenced Before the Effective Date.

The Legislature is aware of how to expressly limit the application of a statute to only cases filed after a certain date; they did not do so here. H.B. 19 § 8's language is uniquely brief.[5] Tellingly, in 2023 during the 88th Legislative Session—the same session during which H.B. 19 was passed—H.B. 4381 was also passed, adding Tex. Civ. Prac. & Rem. Code § 52.007. In H.B. 4381, the Legislature was not silent as to whether it applies to currently pending cases, but instead,

---

[5] Plaintiff has looked for and identified no other Texas statute with identical language to H.B. 19 § 8, and no Texas appellate court determining the meaning of such text.

included limiting language to expressly prevent its application to pending cases. The relevant clause in H.B. 4381 reads as follows:

> The change in law made by this Act applies *only* to a civil action commenced on or after the effective date of this Act. *A civil action commenced before the effective date of the Act is governed by the law in effect immediately before the effective date of this Act,* and that law is continued in effect for that purpose.

Tex. Civ. Prac. & Rem. Code § 52.007 (ALTERNATIVE SECURITY IN CERTAIN CASES, 2023 Tex. Reg. Sess. Ch. 763, (H.B. 4381, § 2)) (emphasis added). Similar language is conspicuously absent from H.B. 19, § 8.

Like H.B. 4381, the examples below both include the word "only" in their statements of applicability and further include an additional explanatory phrase limiting the application of the amendments, while H.B. § 8 does not.

| | Source | Applicable Language |
|---|---|---|
| 1. | Tex. Gov't. Code § 25A (CREATION OF A SPECIALTY TRIAL COURT TO HEAR CERTAIN CASES; AUTHORIZING FEES, 2023 Tex. Sess. Law Serv. Ch. 380 (**H.B. 19, § 8**) | The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024. |
| 2. | Tex. Civ. Prac. & Rem. Code § 52.007 (ALTERNATIVE SECURITY IN CERTAIN CASES, 2023 Tex. Reg. Sess. Ch. 763, (H.B. 4381, § 2)) (emphasis added) | The change in law made by this Act applies *only* to a civil action commenced on or after the effective date of this Act. *A civil action commenced before the effective date of the Act is governed by the law in effect immediately before the effective date of this Act,* and that law is continued in effect for that purpose. |

| 3. | Tex. Civ. Prac. & Rem. Code § 38.001 (RECOVERY OF ATTORNEY'S FEES IN CERTAIN CIVIL CASES, 2021 Tex. Sess. Law Serv. Ch. 665, (H.B. 1578, § 2)) (emphasis added) | The change in law made by this Act applies *only* to an award of attorney's fees in an action commenced on or after the effective date of this Act. ***An award of attorney's fees in an action commenced before the effective date of this Act is governed by the law applicable to the award immediately before the effective date of this Act, and that law is continued in effect for that purpose.*** |
|---|---|---|
| 4. | TCPA (CIVIL ACTIONS INVOLVING THE EXERCISE OF CERTAIN CONSTITUTIONAL RIGHTS, 2019 Tex. Sess. Law Serv. Ch. 378 (H.B. 2730, § 11)) (emphasis added) | Chapter 27, Civil Practice and Remedies Code, as amended by this Act, applies *only* to an action filed on or after the effective date of this Act. ***An action filed before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose.*** |
| 5. | Tex. Civ. Prac. & Rem. Code § 150.002 (2009 Amendments) (AFFIDAVIT REQUIRED TO BE FILED IN A CAUSE OF ACTION AGAINST CERTAIN LICENSED OR REGISTERED PROFESSIONALS, 2009 Tex. Sess. Law Serv. Ch. 789 (S.B. 1201 § 3)) (emphasis added). | The change in law made by this Act applies *only* to an action or arbitration filed or commenced on or after the effective date of this Act*. **An action or arbitration filed or commenced before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act***, and that law is continued in effect for that purpose. |
| 6. | Tex. Probate Code § 5(b) (REFORM OF CERTAIN PROCEDURES AND REMEDIES IN CIVIL ACTIONS, 2003 Tex. Sess. Law Serv. Ch. 204 (H.B. 4)) (emphasis added) | Except as otherwise provided in this section or by a specific provision in an article, this Act applies *only* to an action filed on or after the effective date of this Act. ***An action filed before the effective date of this Act***, including an action filed before that date in which a party is joined or designated after that date, ***is governed by the law in effect immediately before the change in law made by this Act,*** and that law is continued in effect for that purpose."). |

| 7. | Tex. Fam. Code § 102.003 (AN ACT RELATING TO THE PARENT-CHILD RELATIONSHIP AND TO SUITS AFFECTING THE PARENT-CHILD RELATIONSHIP, 1999 Tex. Sess. Law Serv. Ch. 1390 (H.B. 1622, § 51(c))) (emphasis added) | The changes in law made to Sections 102.003… by this Act apply **only** to a suit affecting the parent-child relationship filed on or after the effective date of this Act. ***A suit filed before the effective date of this Act is governed by the law in effect on the date the suit was filed, and the former law is continued in effect for that purpose.*** |
|---|---|---|
| 8. | Tex. Civ. Prac. & Rem. Code § 51.014(a)(7) (COURTS— INTERLOCUTORY ORDERS— APPEAL, 1997 Tex. Sess. Law Serv. Ch. 1296 (S.B. 453 § 2(a)) (emphasis added) | (a) 'This Act applies **only** to a civil action: (1) commenced on or after the effective date of this Act; **or (2) commenced before the effective date of this Act but pending on the effective date of this Act and in which the trial, or any new trial or retrial following motion, or appeal, or otherwise, begins on or after that date.** (b) An action commenced before the effective date of this Act and in which the trial, or any new trial or retrial is in progress on that date is governed by the law applicable to the action immediately before the effective date of this Act, and that law is continued in effect for that purpose." |
| 9. | Tex. Civ. Prac. & Rem. Code § 33.012 (TORT REFORM—REVISION OF CIVIL PROCEDURES AND REMEDIES FOR PERSONAL INJURY, PROPERTY DAMAGE OR DEATH AND DETERMINATION AND LIMITATIONS OF LIABILITY AND DAMAGES, 1987 Tex. Sess. Law Serv. 1st C.S. 2 (S.B. No. 5, § 4.05)) (emphasis added) | (a) Sections 2.01 through 2.12 and Article 3 of this Act apply **only** to suits filed on or after the effective date of this Act. (b) If all or any part of a suit is ***filed before the effective date of this Act,*** the entire suit shall be governed with respect to the subject matter of Sections 2.01 through 2.12 and Article 3 of this Act ***by the applicable law in effect before that date, and that law is continued in effect only for this purpose***, including any new trial or retrial of any such suit following appeal of the trial court's judgment. |

While every word of a statute is presumed to have a purpose, the Texas Supreme Court has

noted that the inverse of this principle is true as well: "…[W] e believe every word excluded from

a statute must also be presumed to have been excluded for a purpose. Only when it is necessary to

give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision." *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex. 1981). Here the Legislature expressly opted not to include a limiting word like "only" in H.B. 19, § 8. *See* H.B. 19, § 8. It similarly did not include any clarifying phrases explaining that H.B. 19, § 8 was meant to serve as a bar to the removal of pre-September 1, 2024 cases. *See id.* This Court should not add additional text to H.B. 19, § 8 and should instead simply read it as plainly written. Section 8 simply signals that the Business Courts are open and ready to take on cases as of September 1, 2024. Removal of the underlying Action is therefore entirely proper.

### C. H.B. 19 is a Procedural Statute and therefore Applies Retroactively to Ongoing, Pre-September 1, 2024 Actions.

Arguments claiming that removal of pre-September 1, 2024 actions to this court would be unconstitutionally retroactive are a red herring. In short, the constitutional prohibitions on retroactive statutes do not apply to laws amending procedure rather than substantive rights. "Changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." <u>*Landgraf v. USI Film Prods,* 511 U.S. 244, 275 (1994).</u> There are "diminished reliance interests in matters of procedure" because they "regulate secondary rather than primary conduct." *Id.* Accordingly, H.B. 19—including § 8—is precisely the type of statute that can *permissibly* apply retroactively. "[I]n determining whether a statute violates the prohibition against retroactive laws in article I, section 16 of the Texas Constitution, courts must consider three factors in light of the prohibition's dual objectives: the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings; the nature of the prior right impaired by the statute; and the extent of the impairment." *Robinson v. Crown Cork & Seal Co., Inc.*, 335 S.W.3d 126, 145 (Tex. 2010).

"Under this test, changes in the law that merely affect remedies or procedure, or that

otherwise have little impact on prior rights, are usually not unconstitutionally retroactive." *Id.* at 146. Courts have previously held that where a statute determines "what tribunal, the Board or the trial court, has the authority to initially decide a Code issue or claim," it is procedural in nature. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex. 2002). This is plainly the purpose of H.B. 19: to determine that Business Courts are empowered to hear certain cases.

Examination of the three *Robinson* factors makes clear that H.B. 19 is not unconstitutionally impermissible. First, there is a strong public interest in the creation of the Business Courts to expedite complex business cases and create consistent precedent, while freeing district courts to devote additional time to other matters. *See, e.g.,* Texas Business Law Foundation, *Enactment of HB 19 by the 2023 Texas Legislature: Specialized Texas Business Court* at 3 (available at https://www.businesscourtsblog.com/wp-content/uploads/2023/06/TEXAS-BUSINESS-COURT.TBLF-White-Paper-6.21.2023-01890730xB05D9.pdf ). Second, H.B. 19's retroactive application does not impair **any** right; in fact, the case will continue to proceed to trial, and perhaps even in an expedited fashion, which would be beneficial to all parties by bringing about finality sooner. *See Robinson*, 335 S.W.3d at 145. And third, given that removal to this court does not impair an existing right, the extent of said impairment is non-existent. *See id.*

"...[T]he procedural pathway" by which the parties' claims are resolved "is not a matter with which the constitutional retroactivity bar is concerned." *Hogan v. S. Methodist Univ.,* 688 S.W.3d 852, 863 (Tex. 2024). Properly understood, H.B. 19 as a procedural law does not pose any constitutional concern and instead supports the application of "present law" consistent with SCOTUS and Texas precedent. Accordingly, removal of this matter is proper.

## IV.    CONCLUSION

For the foregoing reasons, H.B. 19, § 8 does not prohibit the removal of cases filed prior to September 1, 2024, the removal of this matter was therefore proper, and the Court has authority to preside over this action.

DATED: October 15, 2024        Respectfully submitted,

*/s/ Michael Hurst*
Michael K. Hurst
State Bar No. 10316310
mhurst@lynnllp.com
Gregory A. Brassfield
State Bar No. 240799900
gbrassfield@lynnllp.com
Daniela Vera Holmes
State Bar No. 24124113
dholmes@lynnllp.com
Leo Park
State Bar No. 24122983
lpark@lynnllp.com
**LYNN PINKER HURST &
SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**ATTORNEYS FOR PLAINTIFF SYNERGY
GLOBAL OUTSOURCING**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on October 15, 2024 via E-File.

*/s/ Michael Hurst*
Michael Hurst

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronni Bracken on behalf of Michael K. Hurst
Bar No. 10316310
rbracken@lynnllp.com
Envelope ID: 93161876
Filing Code Description: No Fee Documents
Filing Description: PLAINTIFFS BRIEFING REGARDING H.B. 19, SECTION 8
Status as of 10/16/2024 9:00 AM CST

Associated Case Party: SYNERGY GLOBAL OUTSOURCING, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David S.Coale | | dcoale@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |
| Leo Park | | lpark@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |
| Gina Flores | | gflores@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |
| Daniela VeraHolmes | | dholmes@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 10/15/2024 7:52:16 PM | SENT |

Associated Case Party: HINDUJA GLOBAL SOLUTIONS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 10/15/2024 7:52:16 PM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 10/15/2024 7:52:16 PM | SENT |
| Ravi Bhalia | | rbhalla@susmangodfrey.com | 10/15/2024 7:52:16 PM | SENT |
| Joyce Ingram | | jingram@susmangodfrey.com | 10/15/2024 7:52:16 PM | SENT |
| Ophelia Camina | | ocamina@susmangodfrey.com | 10/15/2024 7:52:16 PM | SENT |

E-filed in the Office of the Clerk
for the Business Court of Texas
10/16/2024 10:56 AM
Accepted by: Beverly Crumley
Case Number: 24-BC01B-0007



The Business Court of Texas,
1st Division

| | | |
|---|---|---|
| SYNERGY GLOBAL OUTSOURCING, LLC, *Plaintiff* | § § § | |
| v. | § § | Cause No. 24-BC01B-0007 |
| HINDUJA GLOBAL SOLUTIONS, INC. and HGS HEALTHCARE, LLC, *Defendants* | § § § | |

═══════════════════════════════════════

## ADDITIONAL BRIEFING NOTICE

═══════════════════════════════════════

Each party may file a response by October 23, 2024.

BILL WHITEHILL
Judge of the Texas Business Court,
First Division

Signed: October 16, 2024

143

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 93216080
Filing Code Description: No Fee Documents
Filing Description: Additional Briefing Notice
Status as of 10/16/2024 11:33 AM CST

Associated Case Party: SYNERGY GLOBAL OUTSOURCING, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David S.Coale | | dcoale@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |
| Leo Park | | lpark@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |
| Gina Flores | | gflores@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |
| Daniela VeraHolmes | | dholmes@lynnllp.com | 10/16/2024 10:56:40 AM | SENT |

Associated Case Party: HINDUJA GLOBAL SOLUTIONS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 10/16/2024 10:56:40 AM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 10/16/2024 10:56:40 AM | SENT |
| Ravi Bhalia | | rbhalla@susmangodfrey.com | 10/16/2024 10:56:40 AM | SENT |
| Joyce Ingram | | jingram@susmangodfrey.com | 10/16/2024 10:56:40 AM | SENT |
| Ophelia Camina | | ocamina@susmangodfrey.com | 10/16/2024 10:56:40 AM | SENT |

E-filed in the Office of the Clerk
for the Business Court of Texas
10/23/2024 7:06 PM
Accepted by: Beverly Crumley
Case Number: 24-BC01B-0007

CAUSE NO. 24-BC01B-0007



| SYNERGY GLOBAL OUTSOURCING, LLC, | § | IN THE BUSINESS COURT |
|---|---|---|
| *Plaintiff*, | § § § § | |
| v. | § § | |
| HINDUJA GLOBAL SOLUTIONS, INC. AND HGS HEALTHCARE, LLC | § § § § | FIRST BUSINESS COURT DIVISION |
| *Defendants.* | § § § § § § | |
| | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S RESPONSE TO COURT'S OCTOBER 16, 2024 ORDER
REGARDING H.B. 19, SECTION 8**

Pursuant to the Court's October 16, 2024 Order, Plaintiff Synergy Global Outsources, LLC ("Synergy") files the following Response to HGS Parties' Response to Court's October 2, 2024 Order ("HGS Parties' Response") and shows as follows:

## I.       INTRODUCTION

The crux of this matter lies in whether H.B. 19, § 8 prohibits the removal of cases filed prior to September 1, 2024. Synergy contends that the statute does not preclude such removals and that the Court retains the authority to preside over this action.

The statutory language of H.B. 19, § 8 is clear, it contains no limiting language that would restrict H.B. 19's application to *only* cases filed after September 1, 2024. This absence of restrictive language is a deliberate legislative choice, as evidenced by the Legislature's consistent practice of including explicit limiting language in other statutes when such limitations are intended. The HGS

---

Plaintiff's Briefing Regarding H.B. 19, § 8

Parties' interpretation, which seeks to insert additional words into the statute, is fundamentally flawed and contrary to established principles of statutory construction.

The primary goal of statutory interpretation is to discern and give effect to the Legislature's intent, which is best achieved by adhering to the plain language of the statute. The administrative materials cited by the HGS Parties do not provide any authoritative guidance on the Legislature's intent regarding the application of H.B. 19, § 8. These materials need not be considered because they are administrative in nature and fail to illuminate the legislature's intent.

Accordingly, the removal of this case was proper, and the Court has the authority to preside over this action. Synergy respectfully requests that the Court uphold the removal and proceed with the case.

## II.     ARGUMENT

### A. The Plain Language of H.B. 19, Section 8 Controls

The Parties agree that the Court's analysis of H.B. 19 § 8 must rely on the plain reading of the statute and ascertain the legislature's intent. Indeed, this is the law. "The statutory language itself is what constitutes the law. 'Our basic presumption: legislators enact; judges interpret.' " *Sommers v. Sandcastle Homes, Inc.*, No. 15-0847, at *8 (Tex. June 16, 2017) (citing ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS, xxx (2012)).

HGS Parties'[1] interpretation of H.B. 19 § 8 is flawed because contrary to the law—it inserts words into the statute that do not exist. "A court *may not* judicially amend a statute by adding words that are not contained in the language of the statute. Instead, it must apply the statute as written." *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 543 (Tex.

---

[1] Defendants, HGS Healthcare, LLC and Hinduja Global Solutions, Inc. (collectively "HGS Parties").

2021). Nothing in HGS Parties' Response can change the text of H.B. 19, § 8, which continues to be **silent** as to the removal of existing cases. "[C]hanging the meaning of the statute by adding words to it, we believe, is a legislative function, not a judicial function." City of Rockwall v. Hughes, 246 S.W.3d 621, 631 (Tex. 2008).

### 1.  The Administrative Material Does Not Illuminate the Legislature's Intent

HGS Parties citation to some *administrative* material that allegedly supports their interpretation is a red herring.[2] The primary goal of judicial interpretation of the law is to discern the ***Legislature's intent.*** "In interpreting a statute, a court shall diligently attempt to ascertain *legislative intent* and shall consider at all times the old law, the evil, and the remedy." Tex. Gov't Code § 312.005. "Our objective in construing a statute is to give effect to the ***Legislature's intent***, which requires us to first look to the statute's plain language" *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). This *administrative* material, is just that, administrative. HGS Parties' exhibits do not tell us anything about the ***legislature's intent***. Instead, they provide information about the workings of the Business Court, including filing fees, a form transfer certificate, a form statement of receipt, etc. HGS Parties' Exhibit 3 is a document entitled "Filing in the Texas Business Court". HGS Parties' Exhibit 2 is a memorandum from the Office of Court Administration to the "Texas District and County Clerks". Indeed, it is the function of the Office of Court Administration to "provide administrative support to the business court". Tex. Gov't Code § 25A.0171 ("[t]he Office of Court Administration of the Texas Judicial System shall provide administrative support to the business court as necessary to enable the business court to carry out its duties under this chapter.") These are not judicial opinions or interpretations from any Texas judge or justice. "Constitutionally, it is the courts' responsibility to construe statutes" a

---

[2] Although they appear to be different documents, a comparison of the HGS Parties' Exhibits 2 and 3 shows that they are *identical* apart from a few lines above the first heading "General Information". *See* HGS Parties' Ex. 2 *cf* Ex. 3.

responsibility that has not been (cannot be) delegated to any administrative office. *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018). These administrative memoranda do not usurp the power and duty of the Court to interpret the law as written. "We must take the Legislature at its word, respect its policy choices, and resist revising a statute under the guise of interpreting it." Christus Health Gulf Coast v. Aetna, Inc., 397 S.W.3d 651, 654 (Tex. 2013).

### 2. The Court Cannot Substitute HGS Parties' Opinion for the Statutory Text

The HGS Parties' offer their unsupported opinion that a limit on the cases that can be brought before the Business Court "makes good sense" and the "Texas Legislature chose to limit the flow of potential cases and provide the business court an opportunity to ramp up more gradually." HGS Parties' Resp. at 5 (offering no citation). However, "[t]he wisdom or expediency of the law [or lack thereof] is the Legislature's prerogative, not ours."  *Univ. of Tex. v. Garner*, 595 S.W.3d 645, 651 (Tex. 2019) (citing to *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995)) "[W]e may not judicially revise statutes because we believe they are bad [or to make better] policy." *Id.* "[R]ather, our task is to interpret those statutes in a manner that effectuates the Legislature's intent." In re Allen, 366 S.W.3d 696, 708 (Tex. 2012).

Accordingly, H.B. 19, § 8 has no impact on the otherwise permissible removal of the above captioned action.

### B. The Absence of Restrictive Language in H.B. 19, § 8 Is a Deliberate Legislative Choice.

When the Legislature wants to prohibit the law from applying to certain types of cases, it knows how to do so. It frequently repeats similar language across different acts when doing so, leaving no doubt through the text. The 88th Legislative Session deliberately included such

language in H.B. 4381[3] and deliberately excluded such language from H.B. 19.[4] "[W]e analyze a statute as a cohesive, contextual whole, accepting that lawmaker-authors chose their words carefully, both in what they included and in what they excluded." *Sommers v. Sandcastle Homes, Inc.*, No. 15-0847, at \*8 (Tex. June 16, 2017). The HGS Parties offer no case law or legislative act with language identical to H.B. 19 § 8, presumably because there is none. Instead, HGS Parties cite to 4 cases whose application of the law is consistent with Synergy's position—none of them show that H.B. 19 does not apply to existing cases, such as this one. Indeed, all 4 of HGS Parties' cases refer to legislative acts that contain the limiting word "only" and a clarifying sentence that expressly states what law applies to cases filed before the effective date of the statute. *See* summary table below.

---

[3] "The change in law made by this Act applies ***only*** to a civil action commenced on or after the effective date of this Act. ***A civil action commenced before the effective date of the Act is governed by the law in effect immediately before the effective date of this Act,*** and that law is continued in effect for that purpose." Tex. Civ. Prac. & Rem. Code § 52.007 (ALTERNATIVE SECURITY IN CERTAIN CASES, 2023 Tex. Reg. Sess. Ch. 763, (H.B. 4381, § 2)) (emphasis added).

[4] "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." Tex. Gov't. Code § 25A (CREATION OF A SPECIALTY TRIAL COURT TO HEAR CERTAIN CASES; AUTHORIZING FEES, 2023 Tex. Sess. Law Serv. Ch. 380 (**H.B. 19, § 8**).

---

| | HGS Parties' Cites | Act | Statutory Text |
|---|---|---|---|
| 1. | *Vickers v. Epic Health Servs., Inc.,* No. 05-20-00054-CV, 2022 WL 1284165, at *2 (Tex. App.—Dallas Apr. 29, 2022) | Act of April 19, 2021, 87th Leg., R.S., ch. 167, §§ 4–5, 2021 Tex. Sess. Law Serv. Ch. 167 (eff. Sept. 1, 2021). | The change in law made by this Act applies ***only*** to an action commenced on or after the effective date of this Act. ***An action commenced before the effective date of this Act is governed by the law as it existed immediately before the effective date of this Act,*** and that law is continued in effect for that purpose. |
| 2. | *Gensetix, Inc. v. Baylor Coll. of Med.,* 616 S.W.3d 630, 651 (Tex. App.—Houston 2020) | TCPA - Act of June 2, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684. | Chapter 27, Civil Practice and Remedies Code, as amended by this Act, applies ***only*** to an action filed on or after the effective date of this Act. ***An action filed before the effective date of this Act is governed by the law in effect immediately before that date,*** and that law is continued in effect for that purpose. |
| 3. | *Casey on Behalf of Est. of Glover v. Stevens,* 601 S.W.3d 919, 923-24 ns. 2-5 (Tex. App.—Amarillo 2020) | TCPA (same as *Gensetix, Inc.* above). | Same as above. |
| 4. | *Custom Wine Works, LLC v. Talcott,* 598 S.W.3d 380, 384-85 ns. 4-7 (Tex. App.—Amarillo 2020) | TCPA (same as *Gensetix, Inc.* above). | Same as above. |

As demonstrated by both HGS Parties' and Plaintiff's research, the Legislature is capable of limiting the application of a statute to only cases filed after a certain date—and does so with regularity. When they choose to do so, the statutory text is express; they chose not to do so here. This Court should not add additional text to H.B. 19, § 8 but should instead simply read it as plainly

written. Removal of the underlying action is therefore entirely proper.

## III.    CONCLUSION

For the foregoing reasons, H.B. 19, § 8 does not prohibit the removal of cases filed prior to September 1, 2024, the removal of this matter was therefore proper, and the Court has authority to preside over this action.

DATED: October 23, 2024                    Respectfully submitted,

*/s/ Michael Hurst*
Michael K. Hurst
State Bar No. 10316310
mhurst@lynnllp.com
Gregory A. Brassfield
State Bar No. 240799900
gbrassfield@lynnllp.com
Daniela Vera Holmes
State Bar No. 24124113
dholmes@lynnllp.com
Leo Park
State Bar No. 24122983
lpark@lynnllp.com
**LYNN PINKER HURST &
SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**ATTORNEYS FOR PLAINTIFF SYNERGY
GLOBAL OUTSOURCING**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on October 23, 2024 via E-File.

*/s/ Michael Hurst*
Michael Hurst

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronni Bracken on behalf of Michael K. Hurst
Bar No. 10316310
rbracken@lynnllp.com
Envelope ID: 93507368
Filing Code Description: Answer/Response
Filing Description: PLAINTIFFS RESPONSE TO COURTS OCTOBER 16, 2024 ORDER REGARDING H.B. 19, SECTION 8
Status as of 10/24/2024 9:03 AM CST

Associated Case Party: SYNERGY GLOBAL OUTSOURCING, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David S.Coale | | dcoale@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |
| Leo Park | | lpark@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |
| Gina Flores | | gflores@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |
| Daniela VeraHolmes | | dholmes@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 10/23/2024 7:06:05 PM | SENT |

Associated Case Party: HINDUJA GLOBAL SOLUTIONS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 10/23/2024 7:06:05 PM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 10/23/2024 7:06:05 PM | SENT |
| Ravi Bhalia | | rbhalla@susmangodfrey.com | 10/23/2024 7:06:05 PM | SENT |
| Joyce Ingram | | jingram@susmangodfrey.com | 10/23/2024 7:06:05 PM | SENT |
| Ophelia Camina | | ocamina@susmangodfrey.com | 10/23/2024 7:06:05 PM | SENT |

E-filed in the Office of the Clerk
for the Business Court of Texas
10/23/2024 6:26 PM
Accepted by: Beverly Crumley
Case Number: 24-BC01B-0007

**THE BUSINESS COURT OF TEXAS,**
**1ST DIVISION**

| | | |
|---|---|---|
| SYNERGY GLOBAL OUTSOURCING, LLC, | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § § | |
| HINDUJA GLOBAL SOLUTIONS, INC., and HGS HEALTHCARE, LLC, | § § § § | Cause No. 24-BC01B-0007 |
| Defendants/Counter-Plaintiffs, | § § § | |
| v. | § § § | |
| ALI GANJAEI, | § § § | |
| Counter-Defendant. | § | |

**HGS PARTIES' RESPONSE TO SYNERGY'S**
**BRIEFING REGARDING H.B. 19, SECTION 8**

Hinduja Global Solutions, Inc. and HGS Healthcare, LLC (the "HGS Parties"), in accordance with the Court's October 16, 2024 order, submit the following response to Synergy Global Outsourcing LLC's ("Synergy") Briefing Regarding H.B. 19, Section 8 ("Synergy Br.").[1]

**INTRODUCTION**

By claiming that Section 8 "simply signals that the Business Courts are open and ready to take on cases as of September 1, 2024," Synergy Br. at 10, Synergy's reading of H.B. 19 "violat[es] the cardinal rule of statutory interpretation that every word of text be given meaning," *Waak v.*

---

[1] Counter-Defendant Ali Ganjaei did not file any response to this Court's October 2, 2024 order requesting briefing. That may be because one of the lawyers who represents Mr. Ganjaei in this case, Andrew Debter, has published an article stating that "the business courts will *only* have jurisdiction for cases commenced on or after September 1, 2024." Andrew Debter & Timothy Wells, Texas Means Business: What to Expect Upon the Arrival of Texas's New Business Courts, Brown Fox PLLC (August 14, 2023), *available at* https://brownfoxlaw.com/texas-courtsmean-business/ (emphasis added).

*Rodriguez*, 603 S.W.3d 103, 108 (Tex. 2020). H.B. 19 already states, in Section 5, that, "[e]xcept as otherwise provided by this Act, the business court is created September 1, 2024." As Synergy itself concedes, "every word of a statute is presumed to have a purpose . . . ." Synergy Br. at 9; *see Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous."). Synergy's removal of this nearly five-year-old case to the Business Court thus violates Section 8.

The additional arguments that Synergy offers in favor of its interpretation—which it tellingly bases on non-legislative, extrinsic sources and the materially different wording of other statutes—could not override the plain meaning of Section 8. Nor do they support Synergy's counter-textual reading. Indeed, the *only* extrinsic sources that go directly to the question before the Court are the two memoranda published by the Texas Judicial Branch—and both state, "**Removals to Business Court – _Applies only to actions filed after 9/1/2024_**." *See* HGS Parties' Response to the Court's October 2, 2024 Order ("HGS Parties Br."), Exs. 2, 3 (emphasis in original). The Court should remand this action to the 191st District Court of Dallas County.

## ARGUMENT

1. **The plain language of Section 8 is clear and Synergy's interpretation of that language renders Section 5 superfluous.**

In their opening briefs, the parties offer two different interpretations of Section 8's plain language. As explained in the HGS Parties' Brief, Section 8 limits the "changes in law" made by H.B. 19, which include the new removal procedure established by H.B. 19, to "civil actions commenced on or after September 1, 2024." HGS Parties Br. at 4. According to Synergy, however, Section 8 does not provide this limitation, but instead serves to "signal that the Business Court . . . is open and ready to adjudicate cases" and "to affirm this Court's ability to begin adjudicating

cases filed on or after September 1, 2024, i.e. a date certain on which the Business Court is 'open for business.'" Synergy Br. at 4-5.

But Synergy completely ignores Section 5 of H.B. 19, which states that "the business court is created September 1, 2024." HGS Parties Br., Ex. 1 at 25. It is Section 5, not Section 8, that establishes September 1, 2024 as the "date certain on which the Business Court is 'open for business.'" Synergy Br. at 5. That is the plain meaning of Section 5.

Because Section 5 already establishes the date on which the Business Court can begin adjudicating cases, Section 8 must establish something different. That is because of "the cardinal rule of statutory interpretation that every word of text be given meaning." *Waak*, 603 S.W.3d at 108. The Texas Supreme Court has repeatedly framed this interpretive canon as mandatory. *See, e.g.*, *In re CenterPoint Energy Hous. Elec., LLC*, 629 S.W.3d 149, 159 (Tex. 2021) ("We must give effect to all words of a statute and not treat any language as surplusage."); *Randol Mill Pharmacy v. Miller*, 465 S.W.3d 612, 617 (Tex. 2015) ("[W]e may not interpret a statute in a way that renders any part of it meaningless."); *Columbia Med. Ctr. of Las Colinas, Inc.*, 271 S.W.3d at 256 ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous.").[2]

As applied here, this canon requires that Section 8 be interpreted in a way that does not render Section 5 "meaningless or superfluous" *Id.* Synergy's reading of Section 8 renders Section 5 superfluous. Synergy offers no alternative reading of Section 5 or otherwise explains what work

---

[2] Other times, the Texas Supreme Court has indicated that the canon against surplusage must be followed "[i]f possible." *See, e.g.*, *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 134 (Tex. 2019) ("If possible, the words 'in the marketplace' [in Tex. Civ. Prac. & Rem. Code § 27.001(7)(E)] must not be treated as surplusage."). The canon against surplusage should be followed here because it is entirely possible to read H.B. 19 in a way that gives effect to both Sections 5 and 8.

it does if Section 8 is read as Synergy suggests. By contrast, the HGS Parties' reading of Section 8 gives effect to both sections: Section 5 establishes the opening date of the Business Court and Section 8 limits the removal of cases to the Business Court to "civil actions commenced on or after September 1, 2024."

Synergy's remaining plain-text argument—that Section 8 "prohibits nothing" because it "does not include a prohibitive follow up phrase outlawing the removal of earlier filed cases," Synergy Br. at 4—also falls flat. By Synergy's logic, for Section 8 to bar removal of cases commenced prior to September 1, 2024, it must say something like: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024 *and do not apply to civil actions commenced prior to September 1, 2024*." This argument proves too much. While Synergy is correct that Section 8 does not contain language like the italicized language above, it is also the case that Section 8 does not contain a phrase that *allows* removal of civil actions commenced prior to September 1, 2024. If Synergy's rule is that Section 8 must directly address pre-September 1 actions in order to govern the removability of pre-September 1 actions, then that rule equally undercuts Synergy's reading of Section 8. Besides, there is no such rule of statutory interpretation (and Synergy cites no authority holding otherwise). Clear statements are not made un-clear by the existence of other, clear alternatives.

That Section 8 is clear on its face—and should be interpreted to exclude civil actions commenced prior to September 1, 2024—is supported by an additional canon, *expresio unius*. "In general, [*expresio unius*] means that a statute's inclusion of a specific limitation excludes all other limitations of that type." *Rodriguez v. State*, 953 S.W.2d 342, 354 (Tex. App.—Austin 1997, pet. denied); *see E. El Paso Physicians Med. Ctr., L.L.C. v. Vargas*, 511 S.W.3d 172, 177 (Tex. App.—El Paso 2014, pet. denied) (citing *expresio unius* and noting that a court "must presume that the

Legislature chose its words carefully, particularly when it sets out a specific list of conditions in a statute" (cleaned up)); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 107 (2012) ("The expression of one thing implies the exclusion of others.").

Here, the "specific list of conditions," *E. El Paso Physicians*, 511 S.W.3d at 177, or "specific limitation," *Rodriguez*, 953 S.W.2d at 354, at issue is the "civil actions commenced on or after September 1, 2024" language of Section 8. The *inclusion* of that limitation implies the *exclusion* of "all other limitations of that type," *id.*, i.e., all other limitations based on the date on which a civil action was commenced. Since all civil actions are either commenced on or after September 1, 2024 or before September 1, 2024, and the Texas Legislature included only the "on or after" limitation in Section 8, the Texas Legislature intended to *exclude* the "before" limitation. That is, "[t]he changes in law made by" H.B. 19 "apply to civil actions commenced on or after September 1, 2024," but do not apply to actions commenced before September 1.

Consider an everyday example: "When a car dealer promises a low financing rate to 'purchasers with good credit,' it is entirely clear that the rate is *not* available to purchasers with spotty credit." Scalia & Garner, Reading Law 107 (emphasis in original). So, too, here. The Texas Legislature made changes to the law for "civil actions commenced on or after September 1, 2024." It is entirely clear that those changes are not available in civil actions commenced before September 1, 2024.

**2. Synergy's non-textual arguments need not be considered and do not support Synergy's reading of Section 8.**

The Court's inquiry need not extend beyond the plain text of Section 8 and the widely regarded canons of interpretation used to interpret such text. *See* HGS Parties Br. at 3-4; *Fort Worth Transportation Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) ("When a statute is not ambiguous on its face, it is inappropriate to use extrinsic aids to construe the unambiguous

statutory language."). Synergy nevertheless argues that several extrinsic sources support its reading of Section 8, but those sources are equally consistent with the HGS Parties' reading. Moreover, the Texas Judicial Branch memoranda are the only extrinsic sources identified by either party that directly address the issue before the Court, and those memoranda are *only* consistent with the HGS Parties' reading of Section 8.

As a threshold matter, Synergy incorrectly cites Tex. Gov't Code § 311.023[3] to argue that extrinsic sources may be considered "regardless of whether the statute is ambiguous." Synergy Br. at 5. As the Texas Supreme Court explained, despite § 311.023's "grant" of "legal permission" to go beyond the text of an unambiguous statute, courts do not do so. *See Texas Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 136 (Tex. 2018) ("Although this section may grant us legal permission, . . . we do not consider legislative history or other extrinsic aides to interpret an unambiguous statute because the statute's plain language most reliably reveals the legislature's intent.").

Moreover, § 311.023 is part of Chapter 311 of the Texas Government Code (known as the "Code Construction Act"), and that chapter applies only to "each *code* enacted by the 60th or a subsequent legislature as part of the state's continuing statutory revision program" and other legislative actions that relate to the *code*. Tex. Gov't Code § 311.002 (emphasis added). By contrast, Subchapter A of Chapter 312 of the Texas Government Code (titled "Construction Rules for Civil Statutes") "applies to the construction of all civil *statutes*," Tex. Gov't Code § 312.001 (emphasis added), and it does not contain an analogous provision to § 311.023. The interpretive touchstone it provides instead is: "In interpreting a statute, a court shall diligently attempt to

---

[3] This section, titled "Statute Construction Aids," states that "[i]n construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider" a list of "matters," such as the "object sought to be attained" and "administrative construction of the statute."

ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy." Tex. Gov't Code § 312.005. And the key to "ascertain[ing] legislative intent," *id.*, is to look to the statute's words. *See* HGS Parties Br. at 3-4 (collecting cases).

That Section 8 appears only in the text of H.B. 19, a *statute*, but nowhere in the *code*, is another reason why Synergy's reliance on Tex. Gov't Code § 311.023 is misplaced. *See* HGS Parties Br. at 4 (explaining which sections of H.B. 19 amend portions of the code, and which don't); *Williams v. U.S. Nat. Res., Inc.*, 865 S.W.2d 203, 209–10 (Tex. App.—Waco 1993, no pet.) (Vance, J., concurring) (drawing the same distinction between the applicability of Chapter 312 to "a civil statute" and the applicability of Chapter 311 to "a code").

Should the Court nevertheless consider extrinsic sources or any of the other factors listed in Chapter 311, the only sources that are directly on point are the memoranda available on the Texas Judicial Branch website. Both memoranda clearly state that the removal procedures cannot be used for cases commenced prior to September 1, 2024. *See* HGS Parties Br., Exs. 2, 3. Under the Code Construction Act that Synergy cites, the "administrative construction of the statute" is explicitly among the "matters" a court may consider. Tex. Gov't Code § 311.023. The memorandum titled "Creation of the Business Court of Texas, Effective September 1, 2024" is issued directly from the Office of Court Administration, *see* HGS Parties Br., Ex. 2, which is an agency within the Texas Judicial Branch, and it adopts a reading of Section 8 that is entirely inconsistent with Synergy's.[4]

---

[4] A litany of practitioner-commentators are in accord. *See* Michael W. Tankersley & Eugene Zilberman, Texas Law: New Business Courts Should Reject Prior Pending Cases, The Texas Lawbook (July 24, 2024), *available at* https://texaslawbook.net/texas-law-new-business-courts-should-reject-prior-pending-cases/ ("The answer is clear. Attempts to remove these cases [pending prior to September 1] should be rejected by the business court."); LeElle B. Slifer & John Sullivan, Business Courts in Texas – Final Rules Approved, Winston & Strawn LLP (Aug. 29, 2024), *available at* https://www.winston.com/en/insights-news/business-courts-in-texas-final-rules-

Synergy points to two outside sources, a document from the House Research Organization and a document from the Texas Business Law Foundation, neither of which addresses the question before the Court. Synergy instead relies on them to establish the purported legislative intent behind H.B. 19. Namely, the desire to address "backlogs" in the district courts and facilitate quicker resolution of cases. *See* Synergy Br. at 2-3. Setting aside the question of whether such sources are properly considered evidence of legislative intent (Synergy cites no authority for this proposition), Synergy ignores that this purported legislative purpose is served equally well regardless of whether actions that predate September 1, 2024 can be removed to the Business Court or not. H.B. 19 serves these legislative purposes regardless of how Section 8 is interpreted, because H.B. 19 adds significant judicial resources throughout Texas. It is those additional resources, not Section 8, that serve the purposes Synergy identifies.

In fact, there are good policy reasons why the Texas Legislature chose to limit removals to cases filed on or after September 1, 2024. *See* HGS Parties Br. at 5 (discussing same). Opening the floodgates to all pending litigation (that otherwise meets the requirements for removal) would risk overwhelming the brand new Business Court and trading one backlog—in the district courts—for another. Providing for such removal would also eliminate all efficiencies that arise from a

---

approved ("Note that only actions filed on or after September 1, 2024 may be removed under Rule 355 to a business court."); Mitch Garrett & D. Hunter Polvi, Texas Business Court: Essentials, Strategies, & Advocacy – Part II, Dallas Association of Young Lawyers (Aug. 27, 2024), *available at* https://www.dayl.com/2024/08/texas-business-court-essentials-strategies-and-advocacy-part-ii/ ("Can you remove a case filed in district court before September 1, 2024? No. The changes in law apply to civil actions commenced on or after September 1, 2024."); David G. Cabrales, Texas Legislature Passes Bill Creating Specialized Business Trial Courts: 12 Things You Need to Know Now, Foley & Lardner LLP (May 26, 2023), *available at* https://www.foley.com/insights/publications/2023/05/texas-legislature-bill-specialized-business-courts/ ("HB 19 will take effect on September 1, 2023, but will apply only to actions commenced on or after September 1, 2024.").

district court's familiarity with a pending case. That is especially true in long-pending and complex cases like this one.

Finally, Synergy relies on statutes other than H.B. 19 in an attempt to challenge Section 8's plain language. *See* Synergy Br. at 7-9. Specifically, it identifies statutes that contain a "prohibitive follow up phrase" or the word "only," *id*. at 4, in their statements of which civil actions are affected by their changes in the law. This collapses into the same argument addressed above. There is no requirement that Section 8 must directly address pre-September 1 actions to govern the removability pre-September 1 actions. Just because the Texas Legislature, in *other* statutes, chose to describe the effects on pending actions differently than it did here, that does not undermine the fact that the language chosen by the Legislature here is clear.

And again, just as above, this argument equally cuts against Synergy because Section 8 does *not* say that H.B. 19 applies to pre-September 1 civil actions. The Texas Legislature, on at least two occasions, has included specific language to indicate that "changes in law" made by a statute *do apply* to already-pending actions. *See* Section 2, Chapter 490 (H.B. 410), Acts of the 79th Legislature, Regular Session, 2005, *available at* https://lrl.texas.gov/scanned/sessionLaws/79-0/HB_410_CH_490.pdf ("The changes in law made by this Act apply . . . to a suit for dissolution of a marriage *pending before a trial court on* or filed on or after the effective date of this Act." (emphasis added)); Section 10, Chapter 1090 (H.B. 2249), Acts of the 77th Legislature, Regular Session, 2001, available at https://www.westlaw.com/Document/IF92744B323D644E990CB92D9275F0E0F/View/FullText .html?transitionType=Default&contextData=(sc.Default)&VR=3.0&RS=cblt1.0 ("Except as provided by Subsection (b) of this section, the changes in law made by this Act apply to *a pending*

*suit affecting the parent-child relationship regardless of whether the suit was filed before, on, or after* the effective date of this Act." (emphasis added)). No such language is present here.

The bottom line: if the text is clear, as it is here, the inquiry is over. That other statutes have different formulations of text that are also clear does not change Section 8's clear statement.

## CONCLUSION

The plain text of Section 8 is clear. Actions commenced prior to September 1, 2024 cannot be removed to the Business Court. The alternative reading suggested by Synergy improperly renders Section 5 superfluous and violates additional canons of construction. Nor do any extrinsic sources support Synergy's reading. All of the sources Synergy cites are, at minimum, equally consistent with the HGS Parties' reading. And the Texas Judicial Branch memoranda, the most on-point extrinsic sources, are consistent with *only* the HGS Parties' reading of Section 8. The Court should find that this action is not removable and remand this action to the 191st District Court of Dallas County.

Date: October 23, 2024

Respectfully submitted,

SUSMAN GODFREY L.L.P.

 /s/ Ravi Bhalla
Barry Barnett
State Bar No. 01778700
5956 Sherry Lane, Suite 2000
Dallas, Texas 75225
Phone: 214-415-9675
Fax: 713-654-6666
bbarnett@susmangodfrey.com

Ophelia Camiña
State Bar No. 03681500
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Phone: 713-653-7803
Fax: 713-654-6666

ocamina@susmangodfrey.com

Ravi Bhalla (*pro hac vice*)
New York State Bar No. 5748223
One Manhattan West, 50th Floor
New York, NY 10001
Phone: 212-336-8330
Fax: 212-336-8340
rbhalla@susmangodfrey.com

*Counsel for Hinduja Global Solution, Inc.
and HGS Healthcare, LLC*

**CERTIFICATE OF SERVICE**

I certify that, on October 23, 2024, a true and correct copy of this document was properly served on all counsel of record in accordance with TRCP 21.

/s/ Ravi Bhalla
Ravi Bhalla

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joyce Ingram on behalf of Barry Barnett
Bar No. 1778700
jingram@susmangodfrey.com
Envelope ID: 93506835
Filing Code Description: Answer/Response
Filing Description: HGS Parties' Response to Synergy's Briefing Regarding H.B. 19, Section 8
Status as of 10/24/2024 9:03 AM CST

Associated Case Party: SYNERGY GLOBAL OUTSOURCING, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David S.Coale | | dcoale@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |
| Greg Brassfield | | gbrassfield@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |
| Leo Park | | lpark@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |
| Gina Flores | | gflores@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |
| Ronni Bracken | | rbracken@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |
| Daniela VeraHolmes | | dholmes@lynnllp.com | 10/23/2024 6:26:07 PM | SENT |

Associated Case Party: HINDUJA GLOBAL SOLUTIONS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry Barnett | 1778700 | bbarnett@susmangodfrey.com | 10/23/2024 6:26:07 PM | SENT |
| Ophelia Camina | 3681500 | ocamina@susmangodfrey.com | 10/23/2024 6:26:07 PM | SENT |
| Ravi Bhalia | | rbhalla@susmangodfrey.com | 10/23/2024 6:26:07 PM | SENT |
| Joyce Ingram | | jingram@susmangodfrey.com | 10/23/2024 6:26:07 PM | SENT |
| Ophelia Camina | | ocamina@susmangodfrey.com | 10/23/2024 6:26:07 PM | SENT |



The Business Court of Texas,
1st Division

SYNERGY GLOBAL
OUTSOURCING, LLC, *Plaintiff*

v.

HINDUJA GLOBAL SOLUTIONS,
INC. and HGS HEALTHCARE, LLC,
*Defendants*

§
§
§
§  Cause No. 24-BC01B-0007
§
§
§
§
§

═══════════════════════════════════════════

**OPINION AND ORDER**

═══════════════════════════════════════════

Before the court is defendants' motion to remand this case.[1]  The court

grants that motion because plaintiff filed this suit on December 30, 2019, but

this court does not have authority over cases filed before September 1, 2024.

Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 8, 2023 Tex. Sess. Law Serv.

919, 929 (H.B. 19).

---

[1] Although defendants' October 15, 2024, filing is captioned, "HSG Parties'
Response to the Court's October 2, 2024[ Order," their conclusion and prayer asks the
court to find that the case is not removable and remand it to the district court.  Because that
response is in substance a motion to remand, the court treats it as such.  *Verburgt v. Dorner*,
959 S.W.2d 615, 617 (Tex. 1997) (treat pleading's substance over form).

## Background

On December 30, 2019, Synergy Global Outsourcing, LLC sued Hinduja Global Solutions, Inc. (HGSI) in the 191st District Court of Dallas County, Texas. Synergy later sued Ali Ganjaei and HGS Healthcare, LLC. All parties were joined before September 1, 2024. This dispute centers on a business development contract dispute. The district court's docket sheet shows seventy-six pages of district and appellate court activity from December 30, 2019, until August 31, 2024.[2]

Plaintiff removed the case to this court on October 1, 2024. Its removal appendix filed two days later contains twenty-five volumes.

On October 3rd, this court requested briefs regarding what effect H.B. 19, § 8 has on this court's authority to hear this case. H.B. 19, § 1's operative sections are codified as Government Code §§ 25A.001-25A.020. Gov't Code §§ 25A.001-25A.020.

Twelve days later, defendants moved for remand arguing based on statutory plain text that the removal procedures applicable to business court cases do not apply here because chapter 25A is restricted to actions

---

[2]The district court granted Ganjaei's special appearance, and the court of appeals affirmed.

commenced on or after September 1, 2024, thus precluding application to this 2019 case. They also cited two non-party memoranda on the judicial branch's website stating that only actions filed after September 1, 2024, are removable. Finally, they referred to prior instances where the legislature limited statutory amendments to only cases filed after the statute's effective date.

Plaintiff responded with these basic arguments:

> *First,* a plain language reading of H.B. 19, § 8 reveals no prohibition to the removal of cases, only an affirmation of this Court's ability to start adjudicating cases filed on or after September 1, 2024.

> *Second,* in instances where the Legislature seeks to prevent the application of a Statute to actions commenced before the effective date, it has utilized specific language that does not appear in H.B. 19, § 8.

> *Third,* H.B. 19 (including § 8) is a procedural not substantive statute; accordingly, the removal process outlined therein applies to ongoing, pre-September 1, 2024 [sic] cases.

Plaintiff expanded those arguments and urged textual points and referenced nine examples of the legislature including specific language limiting a statute's application to cases filed after the statute's effective date as evidence that § 8, which omits such explicit language, does not prevent removal in this case. According to plaintiff, § 8's purpose is to signal when the court is open and ready to adjudicate cases as opposed to § 9's September

1, 2023, date for when the court can begin the administrative process of preparing to open for business in 2024.

The court gave the parties an opportunity to respond, which they did.

Defendants reiterated their plain text arguments and addressed plaintiff's argument that § 8 exists to signal when the court may begin accepting cases by arguing it is H.B. 19, §5's statement that the court was created September 1, 2023, that says when the court may begin accepting cases and so, § 8 must mean something different.

Defendants also invoked the Negative Implication Canon (*inclusio unius est exclusio alterius*) to argue that H.B. 19's application to cases filed on or after September 1, 2024, means that the statute including its removal provisions do not apply to earlier filed cases.

Finally, defendants addressed plaintiff's examples of statutes expressly limiting their application to post-effective date cases by referring to two examples where the legislature included language stating that the legislative changes apply to existing cases as negating plaintiff's argument about needing express language to limit a change in law to new cases.

Plaintiff's response reiterated that § 8's plain text omitted words needed to give it the meaning defendants argued for and identified four cases

defendants cited that, according to plaintiff, support its premise that § 8 needed to include limiting language to limit the court's authority to cases filed on or after September 1, 2024.

Finally, plaintiff urged the court to reject extrinsic materials regarding legislative intent and defendants' policy argument that limiting the court's authority to newly-filed cases makes good sense.

Neither side contends that there are disputed fact issues, and the court does not find any. Nor do the parties contend that H.B. 19 is ambiguous on this issue, and the court does not discern any such ambiguity. Finally, no party requested oral argument.

## Analysis

### A. Overview

The issue is whether H.B. 19, § 8 restricts the court's authority to act to cases commenced on or after September 1, 2024, as defendants contend, or whether § 8 marks the date when the court can begin accepting cases, as plaintiff contends. For the following reasons, the court concludes that § 8 serves both purposes. Thus, the court lacks authority to hear this 2019 case.

## B. Applicable Law

This is a statutory construction issue, which is a legal question. *In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020) (orig. proceeding). The applicable principles are:

> When a statute's language is unambiguous, "we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results." "We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted." We construe statutes and related provisions as a whole, not in isolation, . . ., and as a general proposition, we are hesitant to conclude that a trial court's jurisdiction is curtailed absent manifestation of legislative intent to that effect, . . ..

*Id.* (citations omitted).

On June 9, 2023, Governor Abbott signed H.B. 19. H.B. 19, § 1 states:

> SECTION 1. Subtitle A, Title 2, Government Code, is amended by adding Chapter 25A to read as follows: . . ..

H.B. 19, § 1. Thereafter, H.B. 19, § 1 adds twenty sections regarding the business court's operation, including §§ 25A.004 and 25A.006 concerning the court's jurisdiction, removal, and remand rules.

Under § 25A.006(f)(1), a party may file an unagreed to removal notice within thirty days after it discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the case. GOV'T CODE, § 25A.006(f)(1). Based on this section, plaintiff contends that its

-6-

removal is timely because it filed its notice within thirty days after September 1, 2024, when the court's jurisdiction became effective.

But H.B. 19 has seven other enabling provisions, including §§ 8 and 9:

> SECTION 8.  The changes in the law made by this Act Apply to civil actions commenced on or after September 1, 2024.

> SECTION 9.  This Act takes effect September 1, 2023.

Because plaintiff's first and second arguments are related, the court addresses them together.

## C.    H.B.19's plain text is dispositive.

### 1.  The Statute's Plain Text

Section 25A.006 permits removal of cases to the business court if the case meets business court jurisdictional requirements.  *Id.* § 25A.006((d)-(h).  But § 25A.006 does not address whether cases, like this one, filed before September 1, 2024, are removable.  Nor does any other part of chapter 25A.  Rather, one must consider H.B. 19 as a whole to resolve that issue.  Sections 8 and 9 provide that resolution.

Section 9 establishes that the statute became effective on September 1, 2023.  That is, § 9 was the start date for ramping up this brand-new court to begin hearing cases.  Based on § 9 alone, Government Code § 25A.006 would appear to allow parties to remove pending cases to this court beginning on

-7-

September 1, 2023. But removals were not practical then because on that date this court had no court space, judges, staff, equipment, supplies, systems, rules, and other things needed to function. So, the legislature provided one-year for the court to become ready to begin accepting cases. H.B. 19, § 8 is that authorizing statute.

However, § 8 does more than set the court's first operational date. If that were all that § 8 does, it would read, "The court may begin accepting cases beginning on September 1, 2024." But that is not what § 8 says.

Rather, § 8 also limits H.B. 19's changes to the law to cases commenced on or after September 1, 2024—a full year after the statute's effective date and the court was created. Section 8's "this Act" in this context means entire H.B. 19, which begins with "An ACT relating to the creation of a specialty trial court to hear certain cases; authorizing fees." *See* H.B. 19, preface. Section 1 thereafter amends the Government Code by "adding" chapter 25A and its twenty sections. *Id.* Since chapter 25A in its entirety is a change in Texas law, it follows that § 25A.006's removal provisions also change Texas law.

This court presumes the legislature wrote § 8 the way it did for a reason and cannot ignore its plain language. *In re Panchakarla*, 602 S.W.3d at 540.

-8-

Nor may it judicially amend the statute. *Id.* Indeed, H.B. 19's plain "text is the alpha and omega of the interpretative process." *Id.* at 540-41 (*quoting BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017)).

Accordingly, this court must construe § 8 as limiting § 25A.006's removal provisions to cases filed on or after September 1, 2024.

### 2. Plaintiff's Arguments

Nonetheless, plaintiff argues that § 8 does not contain the word "only" and shows no affirmative prohibition to removing pre-effective date cases and merely affirms the court's ability to start accepting cases on September 1, 2024. This argument has several deficits.

To begin, that § 8 restricts the court's entire chapter 25A authority to act to cases filed on or after September 1st necessarily restricts all chapter 25A provisions to cases filed on or after that date. So, no specific reference to removals is necessary to preclude removing cases filed before September 1, 2024.

Next, plaintiff cites nine examples of legislative enactments saying that the subject Act applies "only to" cases filed on or after the Act's effective date and stating that a case filed before the Act's effective date is governed by the

law existing before that date.  From there, it argues that (i) those words in those other statutes have meaning and (ii) their absence here means H.B. 19 does not so restrict its procedural application to post-September 1, 2024, filed cases.  However, on at least one occasion the legislature included specific language expressly applying a change in law to pending actions:

> SECTION 10.  (a) Except as provided in Subsection (b) of this section, the changes in law made by this Act apply to a pending suit affecting the parent-child relationship regardless of whether the suit was filed before, on, or after the effective date of this Act.

Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 10, 2001 Tex. Gen. Laws 2395, 2398 (H.B. 2249).  Thus, by plaintiff's reasoning, language of this sort would be necessary for chapter 25A to have retroactive application here.  But no such language exists here either.

Finally, stating that the statute's changes in the law apply to cases filed on or after September 1, 2024, implies that the changes in the law—including the removal provisions—do not apply to cases filed before that date.  *See City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011) (*inclusio unius est exclusio alterius* applies absent a valid alternative construction); Justice Antonin Scalia and James A. Garner, Reading Law 107-11 (2012) (Negative Implication Canon).  Here there is no other valid construction.  The legislature

could have written the court "may begin accepting cases on or after September 1, 2024" had that been its intent. But they did not say that, and we cannot rewrite the statute to expand the scope of cases removable to this court. *In re Panchakarla*, 602 S.W.3d at 540.

### 3. Remaining Arguments

Because H.B. 19's plain text is dispositive, the court does not address the parties' remaining arguments.

### Conclusion

Accordingly, the court concludes that H.B. 19's plain text precludes plaintiff's removal and remands this case to the 191st District Court of Dallas County, Texas.

It is so Ordered.

BILL WHITEHILL
Judge of the Texas Business Court,
First Division

SIGNED: October 31, 2024

-11-